

08-CV-01768-CMP

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS, <br><br> Plaintiff, <br><br> vs. <br><br> ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof, <br><br> Defendant(s). | NO. C 08-1768 RSM <br><br> COMPLAINT FOR VIOLATION OF ELECTRONIC COMMUNICATION PRIVACY ACT; WASHINGTON COMMUNICATIONS INTERCEPTION VIOLATION AND RIGHT OF PRIVACY |

COMES NOW Plaintiff, by and through her attorney of record, Law Office of Greg Cavagnaro, and for her Complaint against the named defendants herein allege, asserts and claim as follow:

I. PARTIES

1.1   Plaintiff is a resident of Pierce County Washington.

1.2   Defendants Robin Kletke and Robin Cohen are husband and wife, and all actions or omissions alleged herein were committed on behalf of each defendant individually and on behalf of the marital community. Defendants are residents of King County, Washington.

LAW OFFICES OF GREGORY CAVAGNARO
1400 – 112th Ave SE #100
Bellevue, Washington 98004
(425) 454-5303

1

## II. JURISDICTION AND VENUE

2.1. Plaintiff incorporates herein by reference all previous paragraphs.

2.2 This Court has jurisdiction and venue is proper because the defendants reside in King County, Washington and such claims asserted arise out of actions and conduct that occurred in King County, Washington.

2.3 The action arises in part under the Electronic Consumer Privacy Act - 18 U.S.C. Chapter 119 as hereinafter more fully appears.

## III. FACTS

3.1 Plaintiff incorporates herein by reference all previous paragraphs.

3.2 Plaintiff formerly showed purebred dogs and participated and assisted in the organization and related functions regarding purebred dog agility trials in Washington State, among other places. On or about 2001 Plaintiff became acquainted with defendant Robin Kletke and Robin Cohen in connection with various dog agility competitions. Their relationship lead to Mr. Kletke and Ms. Cohen working for Ms. Bowers at agility trials.

3.3 Defendant Robin Kletke is a graduate of the University of Washington and has a B.S. in Applied Mathematics. For the last 20 years, he has developed extensive experience in software development and hardware/software design, prototype, debuging and integration. Most recently, he has been heavily involved in major software system architecture and hardware development. In 1997, defendant Kletke founded Superior Software, Inc. (hereinafter "SSI") to coordinate consulting and custom software operations for multiple clients. Among the clients defendant Kletke and/or SSI have performed services for are the following: Lawrence Livermore National Lab; Boeing Aerospace; Physics Dept., Kansas State University; SonoSite Inc.; and Microsoft Corporation.

3.4 At all times material hereto, plaintiff maintained a private web-based email account with United Online, doing business as Juno.com (hereinafter "Juno").

3.5  On occasion, plaintiff and the defendants would send emails to each other concerning matters relating to various dog agility trials.

3.6  On or about September of 2007, plaintiff was advised that defendants had been secretly obtaining access to plaintiff's personal emails and email account without her knowledge.

3.7  Sometime afterwards, plaintiff contacted the Custodians of Records at Juno to determine if the defendants had in fact intercepted plaintiff's personal emails and obtained access to her email account with Juno. The Custodian of Records at Juno produced plaintiff's email account records from March 26 to November 26, 2007. During the aforementioned 6 month period, Juno records confirmed that the defendants surreptitiously obtained access to plaintiff's personal emails and email account, and had intercepted and viewed 139 emails without plaintiffs' knowledge.

3.8  On January 24, 2008 attorney Jeffrey Foster, counsel for plaintiff, wrote a letter to Mr. Scott Sanbeg at Sonosite Incorporated and advised Mr. Sanbeg that Juno had produced records indicating that "one or more individuals" had illegally accessed plaintiff's personal email account from an Internet Protocal ("IP") address associated with Sonosite servers on no less than forty three (43) separate occasions. Mr. Foster urged Sonosite to conduct an investigation to determine the identity of the individual "responsible for this illegal hacking activity".

3.9  After conducting an independent investigation, Kathryn Surace-Smith, Vice President and General Counsel of SonoSite confirmed in a February 25, 2008 correspondence to Mr. Foster that defendant Robin Kletke accessed plaintiffs email account from the company's servers on several occasions. In her letter, Ms. Surace-Smith stated that defendant Kletke's actions were outside the scope of engagement with Sono Site and that the company had taken steps to ensure that Mr. Kletke no longer has internet access while performing services for SonoSite.

3.10  On or about February of 2008, plaintiff filed an action against defendant Kletke

and Cohen in Pierce County District Court under Cause Number 84613439A seeking to stop defendants from intercepting and viewing her personal emails and email account by obtaining an Order For Protection From Unlawful Civil Harassment. After a February 19, 2008 hearing at which defendant Kletke and his at legal counsel attended, an Order for Protection was entered prohibiting defendant Kletke and defendant Cohen from intercepting, obtaining access, or viewing plaintiff's emails or email account.

3.11   Defendants unauthorized actions of accessing plaintiff's email account and viewing private emails have allowed the defendants to gain access to plaintiff's most sensitive financial, business and personal information. Such information includes but not limited to the following:

- Credit card numbers utilized for online purchases (Ebay, Amazon, Airlines)
- Merchant credit card statements (Best Buy, JoAnns, BillMeLater)
- Bank Statements
- Credit Report(s)
- Business Contracts
- Judging evaluation reports by AKC Field Reps
- Client Invoices
- Business opportunities
- Attorney-client communications
- Medical records and billing
- Personal communications with family and friends

### IV. FIRST CAUSE OF ACTION – VIOLATION OF ELECTRONIC COMMUNICATIONS PRIVACY ACT – 18 U.S.C. Chapter 119

4.1   Plaintiff hereby incorporates herein all of the allegations set out above.

4.2   Defendants intentional and repeated unauthorized access to plaintiffs personal email(s) and email account over an extended period of time constitutes the unlawful interception and use of plaintiffs private electronic communication in violation of 18

U.S.C. Chapter 119.

4.3. Based on information and belief, defendants have disclosed the contents of plaintiff's private email communications to third persons in violation of 18 U.S.C. § 2520. Plaintiff has been damaged in an amount to be determined at trial.

## V. SECOND CAUSE OF ACTION - WASHINGTON COMMUNICATIONS INTERCEPTION VIOLATION – RCW 9.73.030

5.1   Plaintiffs hereby incorporates herein all of the allegations set out above.

5.2   Defendants intentional and repeated unauthorized access to plaintiffs email(s) and email account over an extended period of time constitutes the unlawful interception and use of plaintiff's private electronic communication in violation of RCW 9.73.030. Plaintiff has been damaged in an amount to be determined at trial.

## VI. THIRD CAUSE OF ACTION – VIOLATION OF RIGHT OF PRIVACY

6.1   Plaintiffs hereby incorporates herein all of the allegations set out above.

6.2   Based on information and belief, defendants have disclosed the contents of plaintiff's private email communications to third persons for the purpose of injuring the business and personal interests of plaintiff as well as her reputation. The aforementioned actions and omissions of the defendants constitute a violation of plaintiff's right of privacy. Plaintiff is entitled to damages in an amount to be determined at trial.

## VII. REQUESTS FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment as follows:

A. That a permanent Injunction be entered to enjoin the Defendants from (a) engaging in any activities which result in the defendants obtaining access to plaintiff's email account; (b) engaging in any activities which result in the defendants obtaining access to plaintiff's

personal emails; and (c) preventing the defendants from divulging the contents or substance of plaintiffs personal emails including but not limited to information listed in paragraph 3.11 above.

B. That an Order awarding money damages, including punitive damages as may be authorized by statute.

C. That an award of reasonable attorney's and costs be entered against the defendants pursuant to the provisions of 18 U.S.C. § 2520 and RCW 9.73.060.

D. For such other and further relief as the court may permitted by law or which the Court deems equitable, appropriate or just.

DATED at Bellevue, Washington, this 5th day of December 2008.

Law Offices of Gregory Cavagnaro

_____
Gregory Cavagnaro, WSBA # 17644
Attorney for Plaintiff