Honorable Ricardo S. Martinez

1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9  CHRISTIE BOWERS,
                        Plaintiff,              NO. C08-1768RSM
10
              vs.
                                                MOTION TO STRIKE PLEADINGS,
11  ROBIN KLETKE and ROBIN COHEN,               ENTER DEFAULT, AND FOR
    husband and wife and the marital community  SANCTIONS
12  composed thereof,
                                                **NOTE ON MOTION DOCKET:**
13                      Defendants.             **NOVEMBER 20, 2009**

14

15                    **RELIEF REQUESTED**

16      Defendants request the entry of an order striking Plaintiff's Complaint, finding Plaintiff in

17  default for violation of court orders, the failure to prosecute her case and cooperate in discovery; and

18
    enter judgment for Defendants' attorney fees and costs related to the defense of this case.
19
                      **FACTUAL BACKGROUND**
20

21      Plaintiff Christie Bowers filed this lawsuit on December 5, 2008.  Trial is currently scheduled

22  to start in this case on April 7, 2010.  Plaintiff has violated two discovery orders.  As of this date the

23  Plaintiff has failed to comply with the Court's August 11, 2009 Order by not providing answers to

24  interrogatories without objection, the documents in response to requests for production, or payment of

25  the fees and costs as ordered and to provide Defendants with available dates to conduct the depositions

26

---

MOTION TO STRIKE PLEADINGS, ENTER DEFAULT AND FOR
SANCTIONS - Page 1 of 8

**LAW OFFICES OF GREGORY J. MURPHY, P.S.**
PO Box 1298
621 PACIFIC AVENUE, SUITE 15
TACOMA, WASHINGTON 98402-1298
PHONE 253-572-3688
FAX 253-572-9588

1  of Plaintiff and witnesses she disclosed as having discoverable knowledge of the allegations in this

2  lawsuit.

3  Throughout the course of this litigation, Plaintiff Christie Bowers has repeatedly ignored not

4  only the Federal Rules of Civil Procedure and the local rules, but also this Court's own orders.

5  Plaintiff's flouting of the rules and the Court's Orders has prejudiced Defendants by causing them to

6  incur the repeated, unnecessary expense of litigating the claims brought in this case.

7

8  On March 2, 2009, Defendants' First Set of Interrogatories and Requests for Production were

9  served on the Plaintiff. *Murphy Dec., Exhibit A.* The answers and responses were due on April 1, 2009

10  but were not received by Defendants on the due date.

11  Also on March 2, 2009, Debbie Cooper was served with a deposition subpoena individually and

12  as her capacity as registered agent of Columbia River Agility Club. *Murphy Dec., Exhibit B.*

13  On March 6, 2009, Plaintiff filed her Initial Disclosures pursuant to Fed. R.Civ. P.26(a) and

14  listed Debbie Cooper as a person with discoverable knowledge of the allegations in this lawsuit.

15

16  *Murphy Dec., Exhibit C.* Seven days later, on March 13, 2009, Plaintiff filed an objection to the

17  subpoena duces tecum that was served on Ms. Cooper. In the Plaintiff's objection to the subpoena,

18  Plaintiff took the position that Defendants were attempting to obtain documents from their witness

19  (Ms. Cooper) in an attempt to "gain an unfair advantage in this case over the Plaintiff and simply didn't

20  disclose the surreptitiously issued subpoena so that the Plaintiff couldn't object and wouldn't know

21  what information the Defendants were receiving." This position is contrary to the facts of the matter

22  and certainly ironic given the present state of discovery in this case. *See Murphy Dec., Exhibit D.*

23

24  On March 14, 2009, Defendants' counsel sent an email to Mr. Cavagnaro regarding Plaintiff's

25  objections to the deposition of Debbie Cooper. *Murphy Dec., Exhibit E.* On March 16, 2003, counsel

26  had a telephone conference to discuss Defendants' concerns regarding Plaintiff's overdue discovery

MOTION TO STRIKE PLEADINGS, ENTER DEFAULT AND FOR
SANCTIONS - Page 2 of 8

LAW OFFICES OF GREGORY J. MURPHY, P.S.
PO Box 1298
621 PACIFIC AVENUE, SUITE 15
TACOMA, WASHINGTON 98402-1298
PHONE 253-572-3688
FAX 253-572-9588

1   answers and responses, and again request available dates for his client's deposition as well as the

2   depositions of witnesses listed on Plaintiff's Initial Disclosures. Defendants followed up that

3   conversation with a letter dated the same date memorializing the conversation. *Murphy Dec., Exhibit*

4   *F.* After that conversation, all calls, emails and letters have gone unreturned by Plaintiff's counsel.

5   *Murphy Dec., Exhibits H-O.*

6
        On March 18, 2009, Defendants' Second Set of Interrogatories and Requests for Production
7
    were served on the Plaintiff. *Murphy Dec., Exhibit G.* The due date for Plaintiff's answers to these
8
9   interrogatories and requests for production was April 17, 2009.

10       Defendants asked to receive answers and responses to the discovery requests repeatedly. For

11  instance, despite our inquiries, we never received answers or responses. After service of the discovery,

12  Bowers never sought an enlargement of time to respond to any of the written discovery. For the most

13
    part, Bowers' attorney did not respond at all to telephone calls, letters, and email messages sent prior to
14
    the due date of the discovery, or thereafter. *Murphy Decl., Exhibits H-N.*
15

16       On May 6, 2009, Defendants filed a motion to compel plaintiff's answers and responses to their

17  first and second discovery requests. On June 4, 2009, the Court issued its Order granting the motion to

18  compel. *See Murphy Decl., Exhibit O.* The order stated, in part, as follows:

19
        Plaintiff is directed to provide answers and responses to Defendants' First Set of
20      Interrogatories and Requests for Production and Defendants' Second Set of
        Interrogatories and Requests for Production to Defendants within twenty-one (21) days
21      from the date of this Order.

22  Original emphasis.

23
        June 25, 2009 was the last day of the three week period by which the Plaintiff was to provide
24
    answers and responses to Defendants' discovery requests. That date has come and gone. Again, the
25
26  Plaintiff ignored her responsibilities to follow a court order, and to comply with the civil rules. This

    continuing conduct has been costly and prejudicial to the Defendants.

**LAW OFFICES OF GREGORY J. MURPHY, P.S.**
PO Box 1298
621 PACIFIC AVENUE, SUITE 15
TACOMA, WASHINGTON 98402-1298
PHONE 253-572-3688
FAX 253-572-9588

1   On July 2, 2009, Defendants filed their Second Motion to Compel and for Sanctions against

2   Plaintiff based on her violation of the federal rules of civil procedure, the Court's March 17, 2009

3   Order Setting Case Schedule and Related Dates, and the Court's June 4, 2009 Order compelling the

4   Plaintiff to provide answers and responses to Defendants' discovery requests. The Plaintiff did not

5   respond to this motion.

6       On August 11, 2009, the Court imposed sanctions against the Plaintiff for the reasonable fees

7   and expenses incurred by the Defendants in connection with the Second Motion to Compel and ordered

8   that payment be made within 21 days of Plaintiff's receipt of a detailed accounting. *Murphy Dec.,*

9   *Exhibit P.* Defendants sent the detailed accounting by email and first class mail on August 25, 2009.

10  *Murphy Dec., Exhibit Q.* This amount was due on September 15, 2009. As of the date of this filing,

11  Defendants have still not received payment for their reasonable fees and expenses in connection with

12  the Second Motion to Compel.

13      Also on August 11, 2009, the Court ordered the Plaintiff to comply with the Defendants'

14  discovery requests. Answers and responses were due, without objection, on Monday, August 31, 2009.

15  Defendants finally received Plaintiff's answers and responses on September 14, 2009 **with objections**.

16  *Murphy Dec., Exhibits A and G.* They also did not provide documents responsive to requests for

17  production as ordered by the Court. *See Gregory P. Cavagnaro's September 11, 2009 letter attached*

18  *as Exhibit R to the Declaration of Gregory J. Murphy.* In contrast to the Plaintiff, Defendants have

19  strived to comply with both the letter and the spirit of the Federal Rules of Civil Procedure and the

20  Western District's local rules, as well as the orders and standing orders of this Court. Plaintiff's

21  persistent refusal to abide by the applicable rules and orders has caused the Defendants to incur

22  unnecessary expense. Punishment for the sins of the lawyer is appropriate since the Plaintiff,

23  "voluntarily chose this attorney as [her] representative in this action, and [she] cannot now avoid the

**LAW OFFICES OF GREGORY J. MURPHY, P.S.**
PO Box 1298
621 PACIFIC AVENUE, SUITE 15
TACOMA, WASHINGTON 98402-1298
PHONE 253-572-3688
FAX 253-572-9588

1  consequences of the acts or omissions of this freely selected agent. *Harmon v. CSX Transp., Inc.*, 110

2  F.3d 364 (6th Cir. 1997); quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34 (1962).

3      In a last chance effort, on October 21, 2009, Defendants' counsel sent Mr. Cavagnaro a letter

4  requesting to receive full and complete answers to interrogatories, without objection, all responsive

5  documents within the custody and control of Plaintiff, and payment of fees and costs as ordered by the

6  Court by close of business on October 22, 2009 or Defendants would file this motion on October 23,

7  2009. *Murphy Dec., Exhibit S.* Defendants' counsel received an email from Mr. Cavagnaro at 5:57

8  p.m. on October 23, 2009, fifty seven minutes after close of business stating that he was unable to

9  reach his client. *Murphy Dec., Exhibit T.* Defendants have grown impatient with Plaintiff's refusal to

10  prosecute her case.

11

12                          **ARGUMENT**

13  THE SANCTIONS AVAILABLE UNDER FRCP 37 SHOULD APPLY TO THIS CASE

14

15      The Defendants respectfully request that the Court strike all pleadings filed by Plaintiff in this

16  litigation as a sanction for her repeated disregard of the civil rules, procedural requirements of this

17  Court and its orders. Further, the Defendants request entry of an Order of Default and Dismissal and

18  an award of the Defendants' reasonable fees and expenses in bringing this motion.

19      Dismissal is a "drastic" sanction to be reserved for the most severe violations of rules and court

20  orders. *Pamplin v. Victoria*, 909 P.2d 1245 (OR 1996). Rule 37 permits the District Court, in its

21  discretion, to enter a default judgment against a party who fails to comply with an order compelling

22  discovery. FRCP 37(B)(2)(c); see also *Hammond Packing Co. v. Arkansas*, 212 U.S. 322,

23  353-54, 29 Sup.Ct. 370, 53 L.Ed. 530 (1909) (upholding a default judgment against a defendant who

24  refused to produce documents). Where the drastic sanctions of dismissal or default are imposed, . . .

25

26

LAW OFFICES OF GREGORY J. MURPHY, P.S.
PO Box 1298
621 PACIFIC AVENUE, SUITE 15
TACOMA, WASHINGTON 98402-1298
PHONE 253-572-3688
FAX 253-572-9588

the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith." *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir. 1993).

### FIVE FACTOR TEST FAVORS DISMISSAL OF PLAINTIFF'S CASE

In deciding whether a sanction of dismissal or default for non-compliance with discovery is appropriate, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the opposing party; (4) the public policy favoring disposition of cases on their merits; (5) the availability of less drastic sanctions. *Malone v. US Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them. *Id.* Therefore, whether terminating sanctions are appropriate in this case, turn on the third and fifth factors.

Here, it is clear that the Plaintiff has engaged in a consistent, intentional, and prejudicial practice of obstructing discovery by not complying with repeated court orders. The Plaintiff's failure to act in compliance with the Court orders are not a mistake, nor would any excuse be valid or credible. The only conclusion that can be reached is that the Plaintiff's failure to comply with the Court's Orders has been done willfully and intentionally to stall and prevent Defendants from conducting meaningful discovery. The Ninth Circuit has held that failure to produce documents as ordered. . . is considered sufficient prejudice. *Payne*, 121 F.3d at 508 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (1990).

### DISMISSAL AND MONETARY SANCTIONS IS THE PROPER REMEDY FOR PLAINTIFFS' MISCONDUCT

Anticipating an overdue and frantic attempt to comply with the Court's August 11, 2009 Order and her obligations under the civil rules to avoid dismissal, based on her conduct over the past six

**LAW OFFICES OF GREGORY J. MURPHY, P.S.**
PO Box 1298
621 PACIFIC AVENUE, SUITE 15
TACOMA, WASHINGTON 98402-1298
PHONE 253-572-3688
FAX 253-572-9588

1  months, the only effective sanction is dismissal and an award of Defendants' fees and costs incurred in

2  their defense. *See Fair Housing v. Combs*, 285 F.3d 899 (9th Cir. 2002)[1]

3      DATED this 23[th] day of October, 2009

4                                              LAW OFFICES OF GREGORY J. MURPHY, P.S.

5

6                      By: _____

7                          Gregory J. Murphy, WSBA No. 46184
                            Attorney for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

_____

25  [1] The district court properly considered and rejected this argument, citing this Court's holding *in North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986), where we held that "[b]elated compliance with discovery orders does not preclude the imposition of sanctions. *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643

26  (1976) (per curiam); *G-K Props. v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647-48 (9th Cir. 1978). Last minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts. *G-K Properties*, 577 F.2d at 647-48."

MOTION TO STRIKE PLEADINGS, ENTER DEFAULT AND FOR
SANCTIONS - Page 7 of 8

LAW OFFICES OF GREGORY J. MURPHY, P.S.
PO Box 1298
621 PACIFIC AVENUE, SUITE 15
TACOMA, WASHINGTON 98402-1298
PHONE 253-572-3688
FAX 253-572-9588

## CERTIFICATE OF SERVICE

1

2      I, Lelani Mertens, hereby certify under penalty of perjury under the laws of the State of
Washington that on October 23, 2009, I electronically filed the foregoing **Motion to Strike**
3   **Pleadings, Enter Default and for Sanctions** with a Clerk of the Court using the CM/ECF system
which will send notification of such filing to the person(s) listed below:

4

5                      Gregory Cavagnaro
                       Law Offices of Gregory Cavagnaro
6                      1400 112th Avenue SE #100
                       Bellevue WA 98004
7                      greg@gcavlaw.com

8      I certify under penalty of perjury, under the laws of the State of Washington, that the foregoing

9   is true and correct.

10

11      DATED this 23 day of October, 2009 at Tacoma, Washington.

12

13                                         _Lelani Mertens_
                                           Lelani Mertens
14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO STRIKE PLEADINGS, ENTER DEFAULT AND FOR
SANCTIONS - Page 8 of 8

**LAW OFFICES OF GREGORY J. MURPHY, P.S.**
PO Box 1298
621 PACIFIC AVENUE, SUITE 15
TACOMA, WASHINGTON 98402-1298
PHONE 253-572-3688
FAX 253-572-9588