08-CV-01768-RCPT

Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBIN KLETKE and ROBIN COHEN,<br>husband and wife and the marital community<br>composed thereof,<br>　　　　　Defendants | Case No.: C08-1768RSM<br><br>MOTION FOR MONETARY SANCTIONS<br>re MR. GREGORY CAVAGNARO<br><br>NOTE ON MOTION DOCKET:<br>APRIL 2, 2010 |

INTRODUCTION:

Pursuant to the court order of March 1st, 2010 (DKT #59), the defendants move that the court grant monetary sanctions against Mr. Gregory Cavagnaro, attorney for plaintiff Christie Bowers, for unnecessary costs associated with Mr. Cavagnaro's inattention, failure to pursue the plaintiff's case, and failure to properly communicate with defendants. These failures have caused defendants significantly increased fees and expenses due to communication failures and multiple motions, replies, and other activities.

This motion will identify activities by defendants that would not have been necessary if plaintiff and plaintiff's counsel, Mr. Cavagnaro, had prosecuted the case in a timely manner and acted with normal professionalism. The defendant's itemized accounting (Exhibit A) total $58,654.00 in unnecessary fees and expenses incurred by defendants for actions specifically

MOTION FOR MONETARY SANCTIONS - 1
MotionForMonetarySanctions.doc

related to Mr. Cavagnaro's failure in this case.

BACKGROUND:

It is evident from the case history that from the very beginning, plaintiff's counsel, Mr. Cavagnaro has largely failed to participate in this case. Mr. Cavagnaro has failed to respond to communication requests, delayed responding to important case matters, and failed to facilitate delivery of adequate answers to crucial discovery requests.

Plaintiff claims in section 3.7 of her complaint (DKT #1) that defendants "intercepted and viewed 139 emails" from her Juno email account. Plaintiff also claims (section 6.2 of the complaint) that defendants violated her right of privacy by disclosing "the contents of plaintiff's private email communications".

The majority of unnecessary expenses relate directly to the defendants attempt to obtain the evidence that the plaintiff alleges in her complaint and to identify plaintiff's damages. Plaintiff has never delivered a single email message allegedly viewed, identified individuals with direct knowledge of defendants alleged viewing, or shown any damages related to this case.

As a result of plaintiff and plaintiff counsel's dilatory actions, defendants have incurred fees and expenses that normally would not have been necessary in this case.

EXPENSE CATEGORIES:

The defendants have treated this case seriously, as any case in Federal Court should be treated. We have continually worked to keep the case on schedule despite the almost complete lack of attention by the plaintiff. For over a year, it's been like trying to play ball when the other team didn't bother to show up at the stadium. Not only have these delays prevented the defendants from preparing for their defense, it has also driven up their costs enormously.

The defendants submit that the following charges are directly attributable to the failure of the plaintiff and/or plaintiff's counsel. The unnecessary expenses are the increased attorney fees for

MOTION FOR MONETARY SANCTIONS - 2
MotionForMonetarySanctions.doc

unneeded motions and replies, letters/emails/phone calls, and conferences with the Court. These activities would not have been necessary if plaintiff and plaintiff's counsel had participated in the case as ordered by the Court in the Discovery Order.

1. (DKT #3) – Motion for Extension to Answer because Mr. Cavagnaro would not communicate with defendants after filing the complaint.

2. Mr. Cavagnaro failed to share discovery as order by the Court regarding the Sonosite subpoena in March, 2009, resulting in defendants needing to secure such documentation directly from Sonosite.

3. Two Motions to Compel plus the associated emails/letters/phone calls before, during, and after attempting to get discovery responses to the first and second set of interrogatories

4. Plaintiff's delays forced defendants to file an Extension of dates

5. Plaintiff's continued delays and defiance of the Court's order to provide objection free discovery caused defendants to file the first Motion for Miscellaneous Relief (DKT #30)

6. Defendants were forced to file a Motion to Stay Discovery (DKT #36) in an attempt to keep the schedule and still be able to complete discovery

7. Plaintiff's failure to identify their Expert Witness or to deliver a timely Expert Witness Report necessitated a teleconference with the Court (DKT #40) and the required preparation for said conference and required defendants to file papers with the court regarding the late report and other discovery failures (DKT #41).

8. Plaintiff's failure to deliver discovery by the December 25th, 2009 deadline (DKT 38) plus the continued lack of communications necessitated filing of the motion (DKT #43) which resulted in the Order (DKT #59) ordering this expense disclosure

CONCLUSION:

Defendants ask that the court award a monetary judgment in the amount of $58654.00 as a sanction for unnecessary fees incurred due to plaintiff counsel, Mr. Greg Cavagnaro,

MOTION FOR MONETARY SANCTIONS - 3
MotionForMonetarySanctions.doc

1  systematic and dilatory tactics. Defendants argue that Mr. Cavagnaro's actions in this case have
2  prejudiced the defendants to a very large degree and severely hindered their ability to prepare
3  their defense. As a result of that prejudice, an award of the full amount of $58,654.00 is
4  appropriate to remedy the harm and restore the defendant's ability to continue with the case.

Dated this 15th Day of March, 2010 at Woodinville, WA

_____
Robin Cohen     Robin Kletke

16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com

MOTION FOR MONETARY SANCTIONS - 4
MotionForMonetarySanctions.doc

CERTIFICATE OF SERVICE

I, Robin Kletke, herby certify that on March 15th, 2010, I filed with the Clerk of the Court and electronically mailed and mailed via US Mail the foregoing MOTION FOR MONETARY SANCTIONS re MR. GREGORY CAVAGNARO, MARCH 1 2010 to the person(s) listed below:

Gregory J. Murphy, WSBA 16184
Law Offices of Gregory J. Murphy, PS
One Pacific Building
621 Pacific Avenue, Suite 15
Tacoma, WA 98401-1293
Counsel for defendants

Gregory Cavagnaro
Law Offices of Gregory Cavagnaro
1400 112th Avenue SE #100
Bellevue, WA 98004
Lead Attorney for Plaintiff

Mark Walters
1411 Fourth Avenue, Suite 75
Seattle, WA 98101
Attorney for Plaintiff

I certify under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

Dated this 15th Day of March, 2010 at Woodinville, WA

_____
Robin Cohen     Robin Kletke

MOTION FOR MONETARY SANCTIONS - 5
MotionForMonetarySanctions.doc