Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBIN KLETKE and ROBIN COHEN<br>Husband and wife and the marital community<br>Composed thereof,<br><br>    Defendants. | Case No. C08-1768RSM<br><br>MEMORANDUM OF GREGORY P. CAVAGNARO IN OPPOSITION TO DEFENDANT'S MOTION FOR MONETARY SANCTIONS |

## I. FACTS

On March 1, 2010 this court filed and entered an Order entitled Order Granting In Part and Denying In Part Defendant's Motion for Sanctions; Striking Motion To Stay As Moot; Directing Parties To File Status Report. This Court ruled that "Monetary Sanctions are available to compensate Defendants for increased costs" See Order page 6, line 8-9. In response to the Defendants arguments that delays in the case have driven up their legal costs, the Court stated "Here the Defendants costs were increased slightly because defense counsel had to make fruitless efforts to communicate with Mr. Cavagnaro. But since Mr. Cavagnaro generally did not respond to communication and did not propound any discovery on behalf of plaintiff, his inaction could not have caused Defendants to undergo overwhelming extra costs. In fact, the failure to conduct discovery, the forfeiture of objections (through the Court's order), and the exclusion of Plaintiff's

expert witness have likely caused Defendant's costs to be lower". See Order page 5, line(s) 16-22. In the February 8, 2010 Opposition to the Defendants Motion for Sanctions, Mr. Walters notes that the defense never scheduled depositions. Instead, the defense "appears to have made the tactical decision to do nothing other than complain and file discovery motions about Plaintiff's written discovery responses …Therefore some delay and some lack of defense trial preparation must be assigned to the defense for undertaking this approach." The Declaration of Gregory P. Cavagnaro in Opposition to Defendant's Motion for Monetary Sanctions identifies several actions taken to cooperate with Defendant's counsel in the prosecution of this case.

## II. MEMORANDUM OF LAW

1. <u>The Attachments to the Declaration of Defendants in Support of Defendants Motion for Monetary Sanctions should not be Deemed Admissible.</u>

Although in my Declaration in Opposition to Defendant's Motion for Monetary Sanctions I have referenced information originating from Exhibit A and Exhibit B of the Defendant's Declaration in Support of Sanctions, neither Exhibit should not be admitted as evidence by this Court of the Defendant's increased costs. The Defendant's Declaration states that Exhibit A is a "true and correct" copy of a spread sheet detailing expenses and fees. Who prepared the spread sheet and why does it have different information than what is contained in the time entries contained in Exhibit B? Defendants state that Exhibit B consists of "true and correct copies of time charges incurred by Defendants regarding above referenced expenses." Neither assertion indicates that the information was generated and provided by Mr. Murphy. In fact, Exhibit B seems to be information arising out of a "cut and paste job" and there are obvious alterations of this information, whatever the source. There are several time entries on Exhibit B which are

incomplete. It does not identify an author. We do not know who prepared the information contained in the documents. No records have been submitted which have been authenticated by Mr. Murphy. We do not even know if the Defendants have paid the alleged charges, or if they have any obligation to pay the alleged charges contained in their Exhibits. Federal Rule of Evidence ("F.R.E.") 602 excluded evidence offered without personal knowledge of the matter asserted. Here the Defendants do not state or supply evidence that they have knowledge of the billing practices or method of their former counsel Mr. Murphy. Based on the above, the Exhibits attached to the Defendant's Declaration should not be admissible evidence in this case. Under F.R.E. 801 (a) the Defendant's Exhibits are a written assertion and therefore constitutes a "statement" under the rule. Under F.R.E.801 (c) hearsay is a statement, other than made by the declarant offered into evidence to prove the truth of the matter asserted. Therefore, if the Exhibits were made by someone other than the Defendants, the Exhibits should be excluded as inadmissible hearsay.

2. <u>The Alleged Time Entries Contained in the Defendant's Exhibits Amount to Unreasonable Charges for Legal Fees of the Defendant's Former Counsel And Do Not Establish Significant Increased Costs</u>

The standard utilized to calculate the proper award of attorney's fees is the Loadstar method. The Loadstar fee is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the suit. <u>Hensley v. Eckerhart</u>, 461 U.S. 424,433 103 S. Ct. 1933 (1983). In determining amount of sanctions, the court must examine requested award to determine reasonableness of hour's expended and hourly rate requested. <u>Henry v. Farmer City State Bank</u>, 127 F.R.D. 154 (CD Ill) 1989. Party seeking sanctions has duty to mitigate damages by using

MEMO IN OPPOSITION TO MOTION FOR SANCTIONS    3

reasonable efforts to resolve disputed by inexpensive means. *In re Film Ventures Intern, Inc.* 89 BR 80 (9th Cir BAP) 1988. Mr. Murphy engaged in an enormous and unreasonable amount of hours to perform tasks which should not have taken the amount of time he allegedly billed his clients. For example, Mr. Murphy allegedly billed over $1700.00 in connection with a simple motion to allow more time to file his Answer. In connection with other Motions, Mr. Murphy managed to bill the Defendants anywhere from $6,000 to $13,000 which included no opposition or court appearances by Mr. Murphy. Mr. Murphy was overly aggressive, adversarial and seemed to charge excessively for all actions taken in this case most of the time, regardless of whether or not my actions were involved. I take issue with Mr. Murphy's hourly billing rate of $330.00 per hour and believe that it is unreasonably high. We do not have a declaration from Mr. Murphy authenticating this unusually high hourly rate. We do not have evidence from him indicating that $330.00 is his usual and customary hourly rate or what special qualifications he has to charge such an hourly. My own hourly rate is customarily $200.00 per hour. Likewise, Mr. Murphy's legal assistant charges $140.00 per hour. This is also an unusually high hourly rate for an individual who is not an attorney. Mr. Murphy's charges and that of his assistant do not pass the Loadstar test due to their unreasonably high hourly rate combined with a number of billed hours which could not possibly be construed as reasonably expended on the suit. The alleged hours expended By Mr. Murphy are unreasonable. In this case, the Defendants costs were only increased slightly based on my actions in the case. Although I failed to perform certain obligations in the case at various times, the charges by Mr. Murphy were the result of a calculated strategy to eliminate the case on a basis other than the merits and that all litigation efforts would focus on the actions of the Plaintiff rather than legal issues in the case.

MEMO IN OPPOSITION TO MOTION FOR SANCTIONS    4

### III. CONCLUSION

The Attachments to the Declaration of Defendants in support of their Motion for Sanctions are unreliable and should not be admitted to establish any increased costs by the Defendants. The alleged time entries contained in the Defendant's Exhibits amount to unreasonable charges and hourly rate and do not establish evidence of significant increased costs. The Declaration of Gregory Cavagnaro in Opposition to the Defendants Motion for Sanctions shows that efforts were made to stipulate and otherwise cooperate with the Defendants former counsel. Increased costs in this case are minimal based on the actions of Mr. Cavagnaro and an award of sanctions should be nominal

LAW OFFICES OF GREGORY CAVAGNARO

_____
Gregory P. Cavagnaro, WSBA No. 17644
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

1. I hereby certify that on the 28th day of March, 2010 I electronically filed the document listed below with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

MEMO IN OPPOSITION TO MOTION FOR SANCTIONS   5

| | |
|---|---|
| Mark Walters, WSBA  25537<br>1411 Fourth Avenue, Suite 75<br>Seattle, WA 98101<br>mark@walterslawfirm.com | Robin Cohen and Robin Kletke<br>16820 226th Ave N.E.<br>Woodinville, WA 98077<br>robinkletke@hotmail.com |

### DOCUMENTS FILED

1. Declaration of Gregory P. Cavagnaro In Opposition To Monetary Sanctions;

2. Exhibit A and B to the Declaration of Gregory P. Cavagnaro In Opposition To Monetary Sanctions

2. Memorandum of Gregory P. Cavagnaro In Opposition To Defendants Motion for Monetary Sanctions;

LAW OFFICES OF GREGORY CAVAGNARO

_____
Gregory P. Cavagnaro, WSBA No. 17644
Counsel for Plaintiff

MEMO IN OPPOSITION TO MOTION FOR SANCTIONS    6

LAW OFFICE OF GREGORY P. CAVAGNARO
1400 - 112th Avenue SE #100
Bellevue, Washington 98004
(425) 454-5303