EXHIBIT  A

| 12/11/08-GM | Email to client. Draft Stipulation and ProposedOrder for Extension of time | 0.5 ($150.00) | A | Ex. B indicates GM discussed extension with client. |
|---|---|---|---|---|
| 12/12/08 GM & ACL | Prepare Motion for Extension of Time. | 0.5 0.2 ($174.00) | A | Motion states reason as time constraints imposed by upcoming holidays and to allow adequate time to investigate. |
| 12/15/08 GM & ACL | Preparation on Motion for Extension of time to File Answer. | 1.0 1.6 ($492.00) | A | |
| 12/28/10- GM | Proof and revise pleadings re; extension of time to file Answer | .20 ($60.00) | A | Defendants Exhibit B indicated GM charged an additional 5.3 hours to the defendants to "work on motion for extension to file Answer" for total charges of $1,782.00 |

| 4/1/09 -LM | Assistant to GM having two conversations with SonoSite (defendant Kletke's employer) about documents recently produced per Subpoena | .10 .10 ($28.00) | B | GM advised that Defendant's counsel had recently received the documents and had not had an opportunity to review or copy documents produced by SonoSite. |
|---|---|---|---|---|
| 4/2/09- GM | Review of SonoSite documents | .20 ($66.00) | B | GM obtained documents directly from SonoSite |
| 4/3/09-LM | Review of SonoSite Documents | 2.7 ($378) | B | Review of SonoSite documents has nothing to do with Plaintiff's counsel. |

| 4/6/09-LM | Email re: discovery | .20 ($28.00) | C | |
|---|---|---|---|---|
| 4/7/09-GM | Brief telephone call regarding discovery(less than 3 minutes). Short letter by GM regarding discovery. | 1.0 ($330.00) | C | Ex. B indicates GM was reviewing documents by Allyn as part of time entry. |
| 4/21/09 – GM | Telephone message left together with short letter prepared. | 1.3 ($429.00) | C | |
| 4/29/09-GM | Short email sent. "Update file" | .5 ($165.00) | C | |
| 5/04/09-GM | Review file. Short email sent. Begin working on Motion to Compel. | 3.0 ($990.00) | C | |
| 5/05/09 – GM | Draft Motion to Compel and Declaration | 1.6 ($528.00) | C | |
| 5/06/09-GM | Entry is altered and simply states "prepare pleadings" | 1.0 ($330.00) | C | Motion to Compel filed. (Document 16). Motion and declaration are short. |
| 5/7/09-GM | Telephone call to Wilson Lihn. Letter to Wilson Lihn. Work on Motion. | 5.0 ($1650.00) | C | Since May 4, 2009 10.6 hours are attributable to drafting Motions. |
| 5/21/09 GM & LM | Review file re: Motion to Compel. Draft letter. Continue to work on Motion and Declaration. | 2.0-GM .50-LM ($730.00) | C | Approximately 13 hours spent on Motions. |
| 5/30/09- GM | Review file. Research for new Motion. | 2.50 ($825.00) | C | |
| 6/3/09-GM | Phone call from client. Phone call to court. | .80 ($264.00) | C | |
| 6/4/09 | Review email from client and | .40 ($132.00) | | |

| | court. Send email to client. | | | |
|---|---|---|---|---|

| 6/29/09-GM | Call client. Draft Motion. | 4.70 ($1551.00) | D | |
|---|---|---|---|---|
| 6/30/09-GM | Review file. Revise Motion to Compel. | 4.80 ($1584.00) | D | |
| 7/01/09 | Continue to draft Motion to compel. | 2.40 ($792.00) | D | |
| 7/02/09- GM | Review email from client. Work on motion to Compel. | 6.3 ($2,079.00) | D | |
| 7/024/09 GM& LM | Review email from client. Work on motion to compel. | .20 .30 ($108.00) | D | |
| 8/11/09 GM&LM | Review of Order from court. | .20 .20 ($94.00) | D | |
| 8/12/09- GM | Discuss case with client | .80 ($264.00) | D | |

| | | | | |
|---|---|---|---|---|
| 9/02/09-GM | Begin drafting Motion. Work on Motion. | 1.60 ($528.00) | E | September 11, 2009 - Interrogatory Responses provided to GM. |
| 9/15/09 GM&LM | Review and update file. Draft Declaration in support of Motion to Compel. | 2.0 .40 ($716.00) | E | |
| 9/16/09-GM | Research Motion. Draft letter. | 1.2 ($396.00) | E | |
| 9/17/09 | Call to client. Draft motion. | 2.10 ($693.00) | E | |
| 10/14/09 GM&LM | Telephone calls to and from client. Review file. Telephone call with Cavagnaro. Email to Cavagnaro. Cavagnaro agrees to stipulate to extend discovery and other deadlines. Draft stipulation and Order to extend Discovery | 2.10 .80 (805.00) | F | Cavagnaro provided full cooperation and agreed to Stipulate with GM on extending deadlines including Discovery. No basis for continued litigation. |
| 10/15/09 GM&LM | Review file. Revise letter and pleadings. Work on Motion to Strike. Review file about next steps. | 9.60 2.60 ($3,532.00) | F | |
| 10/19/09-LM | Work on motion to strike and Murphy Declaration | 6.10 ($854.00) | E | |
| 10.20/09-GM | Work on Motion and letter. | 5.10 ($1,683.00) | | |
| 10/22/09-GM | Review and reply to email from Cavagnaro | .50 ($165.00) | E | |
| 10/23/09-GM | Update file. Email to client. Receive email from | 2.0 ($660.00) | E | |

| | Cavagnaro. Prepare pleadings. | | | | |
|---|---|---|---|---|---|
| 10/23/09-LM | Edit and finalize pleadings. | .70 ($98.00) | E | | |
| 10/24/09-GM | Email to client with pleadings. Forward email from Cavagnaro. | 0.30 ($99.00) | E | | |
| 11/06/09 | Telephone call and letter to Cavagnaro. Review email from Cavagnaro. Forward discovery responses to clients | 1.40 ($462.00) | | | Note:11/6/09 Letter & Amended Interrogatory Answers (without objection but with no substantive changes) provided to GM by Cavagnaro with notice that documents would be delivered to GM's Office for inspection. Also, offer to conduct depositions made to GM. GM refused inspection method and documents were copied and delivered following week. November 13, 2009 letter to GM sent proposing deposition dates. |
| 11/16/09 GM&LM | Review Email from client. Review pleadings from Cavagnaro. Work on Motion | 4.30 1.60 ($1,643.00) | E | | |

|  |  |  |  |  |
|---|---|---|---|---|
|  | and Declaration. |  |  |  |
| 11/20/09-GM | Update file concerning Work on Motion | 5.90 ($1,947.00) | E |  |
| 11/22/09-GM | Research. Draft motion to strike. | 2.80 ($924.00) | E |  |
| 11/27/09-GM | Review documents produced by Plaintiff in connection with Interrogatories. Letter to Cavagnaro concerning Interrogatory Answers. Work on reply brief and declaration. | 2.0 1.2 ($828.00) | G&E | On 11/27/09 GM sends letter to Cavagnaro stating he believed that there were certain discovery deficiencies including the fact that not all tax returns requested were produced. Cavagnaro advised Murphy via phone call that the 6 tax returns produced were all of the returns in possession of Ms. Bowers. Likewise it was discussed that Ms. Bowers did not have and was not able to produce individual emails on the days that the Defendants accessed her account without her knowledge. Other issues were discussed as well. |
| 11/30/09 | Send and receive emails from client. Research and draft | 3.20 ($1,56.00) | H |  |

| | motion to Stay | | | | |
|---|---|---|---|---|---|
| 12/01/09 | Call to Cavagnaro to about Stipulation to Stay Discovery. | .20 ($66.00) | H | | Cavagnaro, as before agreed to Stay Discovery. |
| 12/02/09 GM&LM | Email to Cavagnaro. Proof and revise motion. Work on Motion to Stay | 1.30 1.50 $639.00 | H | | |
| 12/03/09 GM & LM | Draft Motion to Stay. | 3.20 1.00 ($1,196) | H | | 12/11/09 Order ruled the Motion was Moot and therefore stricken. (Document 16 – Page 7 line 19-22. |
| 12/17/09-GM | Telephone call with Cavagnaro. Send email | 1.3 ($429.00) | I | | Call was brief. Email was short. |
| 12/18/09 | Review file re: deadlines and next steps. Call and emails to Clients. | 3.6 ($1,188.00) | I | | Charges not related to Plaintiff or counsel. |
| 12/20/09 | Draft Motion to Change Deadlines. Review file concerning expert. | 2.5 ($825.00) | I | | Charges not related to Plaintiff or Counsel. |
| 12/24/09 GM & LM | Calls and emails related to "overdue answers/responses" | .30 .90 ($225.00) | J | | GM advised Cavagnaro that he although he had received responsive documents from my office, he did not receive documents responsive to RFP #1. Although I found that hard to believe, I redelivered (by hand) an additional copy |

| | | | | |
|---|---|---|---|---|
| | | | | set to RFP documents. See December 2, 2009 letter to GM. GM would not accept responses he did not like. I was not in the office Christmas Eve and it seems bizarre that he would spend 1.2 hours trying to reach me on that day. |
| 12/28/09 GM & LM | Telephone call between GM and Cavagnaro. Exchange of emails concerning discovery between GM and Cavagnaro. Discussion between GM and LM. Review documents produced by Plaintiff. Draft letter about expert witness. | 4.6 2.5 ($1,868.00) | J | I advised GM that we were going to meet with a potential expert the following week and would inform him when we retained one. The Deadline for disclosing an expert had NOT passed. I would have agreed to an extension on a disclosure of an expert, however I was not asked for such stipulation. Instead, GM wrote a letter to the Court (Document 39 dated 12/28/2009 and proceeded to set up a conference with the Court. |

| 1/05/10- GM | Review email from client. Call to client. Email to Court about status conference. | 1.30 ($429.00) | K | Charges not related to Plaintiff or counsel. |
|---|---|---|---|---|
| 1/6/10- GM | Email to client. Review emails from Court. | .20 ($66.00) | K | Charges not related to Plaintiff or counsel. |
| 1/7/10-GM | Review file. Call to client. Attend status conference | 1.3 | K | Charges not related to Plaintiff or counsel. |
| 1/14/10-GM | Review email from client. Phone call from client. Review docket and send email to court. | 1.0 ($330.00) | M | |
| 1/15/10 GM & LM | Phone call to client. Prepare Renewed Motion to Strike. | 3.6 3.5 ($1,678.00) | M | |
| 1/21/10-GM | Email to Clients. Draft second declaration in support of Motion to Strike. | .80 .60 ($348.00) | N | |
| 1/22/10-GM | Telephone call from client. Begin drafting new motion. | 6.70 ($2,211.00) | N | |
| 1/25/10 GM & LM | Review file. Draft Declarations. Continue working on Motion. | 8.0 2.8 ($3, 032.00) | N | |
| 1/26/10 GM & LM | Call to client. Email from client. Continue to work on Motion. | 3.90 5.10 ($2,001.00) | N | |
| 1/27/10-GM | Work on argument for reply brief. Conduct research. | 4.10 ($1,353.00) | N | |
| 2/09/10-GM | Work on Motions .Draft proposed order re: | 3.80 .70 ($$1,352.00) | N | |

| | stay. | | | |
|---|---|---|---|---|
| 2/11/10-GM | Call from Mark Walters. Email to Walters re: staying discovery. Call from Client. Work on Motion | 5.70 ($1,881.00) | N | Charges not related to Plaintiff or counsel. |
| 2/12/10-GM | Continue working on Motion. | 8.10 ($2, 673.00) | N | |
| | | | | |

EXHIBIT B

# GREGORY P. CAVAGNARO
## ATTORNEY AT LAW

Gregory P. Cavagnaro
16301 NE 8th Street, Suite 280
Bellevue, WA 98008

greg@gcavlaw.com
Telephone (425) 454-5303

December 22, 2009

**Hand Delivered**

Gregory Murphy
P.O. Box 1298
Tacoma, Washington 98401

     *RE: Bowers v Kletke and Cohen*
      *United States District Court No. C08-1768RSM*

Dear Mr. Murphy:

During our recent discussion, you informed me that you had not received documents responsive to your request for production Number 1. Although we have already delivered those documents to you, we are resubmitting the documents to you for your convenience.

Sincerely,

Gregory P. Cavagnaro

**Law Offices of
Gregory J. Murphy P.S.**

P.O. Box 1298
One Pacific Building
621 Pacific Ave., Suite 15
Tacoma, WA 98401-1298
(253) 572-3688 fax (253) 572-9588  www.murphy-legal.com

November 27, 2009

*VIA ELECTRONIC MAIL AND FIRST CLASS MAIL*

Gregory P. Cavagnaro
Law Office of Gregory P. Cavagnaro
1400-112th Ave SE, Suite 100
Bellevue, WA  98004

   *RE: Bowers v. Kletke & Cohen*

Dear Mr. Cavagnaro:

   I have briefly reviewed the documents that were produced and they are deficient in some respects.

   **First Discovery Requests/Request for Production No. 1:**  Requested among other things, income tax returns since January 1, 2000.  These documents were not provided.

   **First Discovery Request/Interrogatory No. 7(c) and Request for Production No. 2:**  The subject of Interrogatory No. 7 is Ms. Bowers' allegations that the Defendants viewed private emails.  Your client is then asked to identify all documents that pertain to, support, or evidence this allegation.  Your client directs us to Requests for Production No. 2 which merely states toward the end, "miscellaneous emails.  The documents are attached."  However, what are not attached are the "particular" emails your client contends were viewed by the Defendants.  Please supplement your production by identifying and providing us with the particular email messages that your client contends were viewed by the Defendants.

   **First Discovery Request/Interrogatory No. 8:**  Similarly, your client's answer to Interrogatory No. 8 again references responses to Requests for Production No. 2, yet omits the particular emails.  Please produce the email message that Lori Sage sent to Christie Bowers mentioned in this answer.  If it is already in the documents that you have produced, please direct me to this particular item.  Your client is also asked to produce all documents that pertain to, support, or evidence her allegation that on or about September of 2007, she was advised that Defendants had been secretly obtaining access to her email.  Any documents between Ms. Bowers and Lori Sage are subject to these discovery requests and any email messages between Lori Sage and LaVonda Herring, particularly if there are emails alleging that "the Robins" were reading her email.  These should be produced as well.

Y:\Kletke, Robin\Correspondence\09.11.27 Ltr to Cavagnaro.doc

November 27, 2009
Gregory Cavagnaro
Page 2 of 2

**First Discovery Requests/Interrogatory No. 9:** Interrogatory No. 9 asks your client to identify all documents that pertain to, support, or evidence her allegation that the Defendants "intercepted" 39 emails. Again, the Plaintiff's answer is to see Request for Production No. 2, yet the 139 email messages are not identified among the documents.

In your client's June 8, 2009 letter to Mr. Norton, she includes as enclosures, "14 emails as examples of when they illegally accessed my emails and personal and proprietary communications with AKC." Where is the evidence that the Defendants viewed, accessed, or intercepted items B-N of the attachments to that particular letter? These documents appear to be routine communications between your client and other clubs concerning agility trials.

Finally, I am waiting to hear from you concerning the responsive documents from Debbie Cooper, Columbia River Agility Club and Lori Sage. Also, prior to scheduling the depositions in Portland, I need your assurance that the deponents will appear without the necessity of being served with subpoenas.

I look forward to hearing from you with respect to the above. Thank you.

Sincerely,

Gregory J. Murphy

GJM/lm
cc:    Robin Kletke
        Robin Cohen

# GREGORY P. CAVAGNARO
## ATTORNEY AT LAW

Gregory P. Cavagnaro
16301 NE 8th St. Suite 280
Bellevue, WA 98008

greg@gcavlaw.com
(425) 454-5303

November 13, 2009

Gregory Murphy
P.O. Box 1298
Tacoma, Washington 98401

     *RE: Bowers v Kletke and Cohen*
     *United States District Court No. C08-1768RSM*

Dear Mr. Murphy:

Thank you for your letter of November 9th 2009. I have been attempting to contact Debbie Cooper this week regarding the records you seek regarding Columbia River Agility Club so as to provide you with a response to your inquiry. I will follow up with you early next week regarding whether Ms. Cooper remains associated with and whether she is a representative of Columbia River Agility Club. Once I confirm the above, we can discuss the scope of the subpoena.

With respect to the proposed depositions of Debbie Cooper and Lori Sage, please propose some dates so that I can determine if my client is available. I am available during the week of December 14 2009 as well. I will let you know if we are able to negotiate an arrangement to have Debbie Cooper and Lori Sage appear voluntarily for a deposition.

As Indicated, we wish to depose your client, therefore please propose some dates to depose my client.

Sincerely,

Gregory P. Cavagnaro

# GREGORY P. CAVAGNARO
### ATTORNEY AT LAW

Gregory P. Cavagnaro
1400 – 112th Avenue SE, # 100
Bellevue, WA  98004

greg@gcavlaw.com
Telephone (425) 454-5303
Facsimile  (425) 455-0698

November 6, 2009

Gregory Murphy
P.O. Box 1298
Tacoma, Washington 98401

> RE: *Bowers v Kletke and Cohen*
> *United States District Court No. C08-1768RSM*

Dear Mr. Murphy:

Thank you for your letter of earlier today. I am sorry I missed your call. We have made arrangements for someone to bring the documents to your office for inspection and copying. Although I do not have an exact total of the number of documents, I believe that the total number of pages could be as many as 5000 to 6000 pages, perhaps more. Given the sheer volume of material you have requested, my client advises me that she cannot possibly afford to copy all of the information which you have requested. We will have someone available Tuesday, Wednesday, Thursday or Friday of next week. to deliver the documents. The individual we will send will wait at your office while you inspect and copy the documents.  Because you have requested and will be provided with my clients tax returns, business records and records in connection with dog agility trials, among other things we ask that you stipulate to keeping confidential those records and information which we will provide which does not relate to this litigation.

With regard to the amended Interrogatories, I am sending them to today via email and will send them to you in the mail today. There is no substantive change in the answers and responses.

As far as the depositions in Oregon, please propose some dates and identify who you want to depose.

We would also like to discuss deposing your client. Please let us know when you and your client are available to attend a deposition.

Sincerely,

Gregory P. Cavagnaro

# GREGORY P. CAVAGNARO
## ATTORNEY AT LAW

Gregory P. Cavagnaro
1400 – 112th Avenue SE, # 100
Bellevue, WA 98004

greg@gcavlaw.com
Telephone (425) 454-5303
Facsimile (425) 455-0698

November 5, 2009

Gregory Murphy
P.O. Box 1298
Tacoma, Washington 98401

RE: *Bowers v Kletke and Cohen*
*United States District Court No. C08-1768RSM*

Dear Mr. Murphy:

Documents you have requested pursuant to your First and Second Set of Interrogatories and Request for Production total several thousand pages. My client is not in a position to copy the material. Ms. Bowers has agreed to bring the documents to you office while you inspect and copy the documents. She is available to deliver the documents on Monday November 9th or Tuesday November 10th If either of those dates are not convenient for you, please notify me of an alternative date for inspection and copying.

Sincerely,

Gregory P. Cavagnaro