Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **CHRISTIE BOWERS,** | **NO. C08-1768RSM** |
| **Plaintiff,** | **SECOND JOINT STATUS REPORT** |
| **vs.** | |
| **ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof,** | |
| **Defendants.** | |

Pursuant to the Court's March 1, 2010 Order, the parties submit this Second Joint Status Report.

The Parties have been unable to agree on the language for this Joint Status Report, therefore, they submit their respective positions in this Joint Status Report separately and without adopting, endorsing or agreeing with the language provided by the other. The Defendants' Status Report Statement is submitted in Section I below, and the Plaintiff's Status Report Statement is submitted in Section II below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.    DEFENDANTS' STATUS REPORT STATEMENT

The parties in this case have failed to agree on the current status of discovery or the format of this Joint Status Report.  The Plaintiff proposed a renegotiation and resubmission of the original 26(f) status report which delves into many areas of the discovery plan that have been in effect for over a year.  The defendants do not agree to proposed changes by the plaintiff.  Specifically, the Defendants proposed a more simple report answering the Court's two questions – current status of discovery and possible deadline extensions.

Due to this lack of agreement, the defendants hereby file this status report on the current discovery status and defendant's view of deadlines to extend.  The defendants apologize to the Court if this is inappropriate, but under the circumstances, feel that we are obligated to file some status with the Court.

## A.  Current Status of Discovery

The discovery phase of this case has been in effect for almost 16 months and is now essentially over.  The deadline for discovery motions and the discovery deadline have passed.  The only remaining potential activity appears to be depositions.

Defendants contend that adequate interrogatory answers and requests for production are still outstanding, and now have been informed that answers to critical questions will not be produced.  Due to the lack of adequate discovery responses, defendants contend that discovery should remain closed and the only date extended should be the Dispositive Motion Deadline and any subsequent dates as needed.

The defendants submit the following points that accurately describe the current state of discovery.  The most basic discovery element still outstanding is the complete

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

lack of any direct email evidence.  The plaintiff has delivered some documentation about alleged **access** to the plaintiff's Juno.com account, but has **not delivered any evidence showing actual interception, or showing any contents or emails that were intercepted**.  The plaintiff has asserted that such evidence existed at the time the complaint was filed.  Since interception requires that the contents of the communication be known, the defendants have continually tried to have that evidence disclosed.  To date, not a single email has been delivered.

- Feb. 25th, 2009 – Plaintiff served a subpoena on Sonosite, Inc. for information and documents pertaining to the alleged access to plaintiff's Juno.com account.

- At some time thereafter, Sonosite delivered documents to plaintiff. Included in the documents were technical logs, time sheets, invoices, and other requested documents.  Sonosite also sent a letter indicating that they believed Mr. Kletke had accessed Ms. Bowers' Juno.com account. **Sonosite did not possess or deliver any actual emails from that alleged access**.

- On Feb. 27th, 2009 – Defendants served the first set of interrogatories on plaintiff.  Included in those interrogatories and requests for production were questions and requests to identify all emails that had been viewed and all persons with knowledge of any disclosure of email contents to third parties (specifically interrogatories #'s 7, 8, 9, 10 and requests for production #4 and 5).

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

- Plaintiff was ordered by the Court's 12/11/2009 order to produce documents requested in Defendant's first and second interrogatories by 12/25/2009. To date, plaintiff has not adequately answered several of the interrogatories or requests for production.  Answers to questions regarding emails or email contents refer to other answers listing IP Addresses, Login Times, and other items relating to potential access to an account, **not actual emails**. In fact, a recent email from the plaintiff's counsel indicates that they **cannot identify actual emails** that were allegedly viewed.

- Plaintiff has not produced any emails, email contents, or affidavits from any persons that defendants allegedly disclosed emails or email contents to.

- Plaintiff has not identified any actual damages in the case.

- Plaintiff has indicated that the case will likely entail experts, but experts have been disallowed by Court Order.

- Plaintiff alleges interception of her email, and defendants contend that **without the actual emails or contents**, they cannot defend against a charge of "interception" since interception requires that the contents be identified.

### B.  Position of the Defendants' re Requested Deadline Changes

Defendants request that the Dispositive Motion Deadline be extended to at least May 19th, 2010, and subsequent deadlines be adjusted accordingly.  Given that responsive documents showing actual emails or email contents have not been

**SECOND JOINT STATUS REPORT**
**PAGE 4 OF 13**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

1
2

produced, defendants request that the Discovery Deadline not be extended and discovery be deemed concluded.

3

### C.  Defendant's comments regarding Plaintiff's statements below

4
5
6
7
8
9
10
11
12

The Plaintiff attempts to rewrite the Feb. 12th, 2009 report on the discovery conference.  Originally, plaintiff asserted that the case would be complex and likely require experts.  However, now that experts have been disallowed, there is no mention of needing experts.  Plaintiff also contends that there was proper confirmation of service, but there is no affidavit of service on file in this case and defendants reserve the right to challenge sufficiency of service.  Plaintiff also does not address the inadequate discovery responses to defendant's interrogatory questions regarding damages and email, among other items.

13
14

### II.    PLAINTIFF'S STATUS REPORT STATEMENT

15

### A.  Nature and Complexity of the Case

16
17
18

Plaintiff, Christie Bowers, is an individual and resident of Pierce County Washington.  The defendants, Mr. Robin Kletke and Ms. Robin Cohen, are husband and wife and reside in King County Washington.

19
20
21

The status of the case is that plaintiff has retained new counsel and she intends to prove the following at trial:

22
23

- That she is an **aggrieved person** under the Electronic Communications Privacy Act of 1986 as that term is defined in 18 USC § 2510(11);

24
25
26

- That www.juno.com is an **electronic communication service** as that term is defined by 18 USC § 2510(15) and an **electronic communications system** as defined by 18 USC § 2510(14);

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

- That the defendants willfully or intentionally and repeatedly accessed her online personal email account on www.juno.com and **intercepted** (as the term "intercepted" is defined by 8 U.S.C. § 2510(4)) and obtained the **contents** of her **electronic communications** (as the term "contents" is defined by 18 U.S.C. § 2510(8) and as the term "electronic communication" is defined by 8 U.S.C. § 2510(12)) without her permission or knowledge over an extended period of time;

- That the defendants' conduct summarized above constitutes willful or intentional violations of the Electronic Communications Privacy Act of 1986 (*see* 18. U.S.C. §§ 2701, 2707 and 2720);

- That she is entitled to an award of actual damages, statutory damages, punitive damages and attorneys' fees and costs;

- That she is entitled to statutory damages, punitive damages and attorneys fees and costs even if she does not prove actual damages;

- That the defendants' conduct violated Washington State law, RCW 9.73.030 regarding the interception, recording and divulging of private communications; and

- That the defendants' actions also constitute violations of her right to privacy.

Evidence available from SonoSite, Inc., confirms that Robin Kletke accessed the Plaintiff's www.juno.com email account on more than one occasion.

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

Evidence available from the defendants and third parties identified in **Plaintiff's Initial Disclosure**[1] will help plaintiff demonstrate her case at trial.

### B.  Alternative Dispute Resolution ("ADR")

The parties previously agreed and proposed that they would participate in a nonbinding mediation under Local Rule 39.1.  (*See* Dkt. # 12).

### C.  Representation Status of the Parties

The Plaintiff is now represented by Mark Walters of the WALTERS LAW FIRM PLLC. Plaintiff anticipates that the Court will allow her previous counsel, Gregory Cavagnaro, to withdrawal from this case.

The defendants are now appearing *pro se;* however, it appears to counsel for plaintiff, that Mr. Robin Kletke is attempting to serve as Ms. Robin Cohen's attorney. Plaintiff objects to Mr. Kletke's attempts to represent Ms. Cohen because Mr. Kletke is not licensed as an attorney.

Plaintiff and her counsel believe that the *pro se* status of the defendants may lead to difficulties in the management and administration of this case.

### D.  Timing of ADR

The parties previously agreed to submit to ADR at least one month prior to the adjusted trial date.  (*See* Dkt # 12).

### E.  Deadline to Join Additional Parties

The plaintiff will not add additional parties and plaintiff believes that this deadline has passed.

---

[1]  In Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Withdrawal Counsel (Dkt. # 71), counsel incorrect referred to Defendants' Initial Disclosure.  Counsel for plaintiff corrected this mistake with Plaintiff's Corrected Reply to Defendants' Opposition to Plaintiff's Motion to Withdrawal Counsel (Dkt. # 76).

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

**F.  Proposed Discovery Plan**

**1.  FRCP 26(f) conference and initial disclosures**.

Counsel conducted an FRCP Conference on February 12, 2009.  The parties submitted FRCP 26(a) Initial Disclosures on or before March 6, 2009.

**2.  Discovery subject matter, phases, limitations, and focus**.

Plaintiff anticipates taking the defendants' depositions and a FRCP 30(b)(6) deposition of SonoSite, Inc.

**3.  Changes in or additional limitations upon discovery**.

The discovery deadline has lapsed.  However, prior to the March 1, 2010 ruling on the Defendants' Motion for Sanctions, the parties agreed to stay discovery pending the Court's ruling on the Defendants' Motion for Sanctions.  This agreement is memorialized in footnote 4 of the Court's March 1, 2010 Order (*See* Dkt. 59 at pg. 7).  At that time, counsel for Plaintiff had served Notices of Deposition for the defendants' depositions on counsel for the defendants, and had served a Subpoena and Notice of 30(b)(6) Deposition on SonoSite, Inc. These depositions were scheduled to occur before the discovery cutoff date.

The Plaintiff believes that the discovery cutoff date should be extended to allow, *at a minimum*, the depositions of the defendants and a FRCP 30(b)(6) deposition of SonoSite, Inc.  The Plaintiff is also willing to extend the discovery cutoff date to allow the defendants to take depositions if they would like to do so.

Since the parties have been unable to agree on this issue, Plaintiff will file a Motion for a Continuance.

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

**4.   Minimization of Discovery Expenses**.

The parties previously agreed to work cooperatively in the discovery process and will share or exchange information or evidence, subject to the normal privileges or other restrictions in the performance of their duties.  (*See* Dkt # 12).

**5.   Entry of Additional Orders Under FRCP 26(c) or Local Rule CR 16b) and (c)**.

The Plaintiff will file a Motion for a Continuance to ask the Court to extend deadlines in the Case Scheduling Order.

**G.   Completion of Remaining Discovery**

Depending on what the defendants elect to do with respect to depositions, the plaintiff anticipates that discovery can be completed in 60 to 90 days.  This estimate could be shortened if the Court holds a Scheduling Conference call as requested below and instructs the defendants to cooperate towards the scheduling and taking of  their depositions and a FRCP 30(b)(6) deposition of SonoSite, Inc.

**H.   Magistrate Judge to Conduct Proceedings**

The parties previously did not agree to have a full-time Magistrate Judge conduct the proceedings in this case.  (*See* Dkt # 12).

**I.   Bifurcation of Liability and Damages Issues**

The Plaintiff will not seek to bifurcate this case.

**J.   Pretrial Statements And Pretrial Order**

The Plaintiff asks that the Court not dispense with a pretrial statement and pretrial order called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1.

**K.   Shortening or Simplification of the Case**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

To help simplify the management and administration of the trial of this case, Plaintiff asks that the Court hold a final pre-trial conference to instruct the *pro se* defendants on how to proceed at trial with respect to the direct examination of themselves as witnesses and other issues relevant to *pro se* representation at trial.

**L.   Trial Readiness**

Depending on how long it takes to schedule and take the defendants' depositions and the FRCP 30(b)(6) deposition of SonoSite, Inc., and depending on what depositions (if any) the defendants elect to take, the plaintiff anticipates that this case will be ready for trial by mid to late September 2010.

**M.   Jury of Bench Trial and Length of Trial**

The parties previously agreed to bench trial of this case and that the trial will be approximately six to ten days in length.  (See Dkt. # 12).  Given that the defendants are now proceeding *pro se*, the plaintiff believes that the trial will likely run closer to ten days than six days.

**N.   Identities and Contact Information for Trial Counsel and *Pro Se* Parties**

| **Plaintiff's Counsel** | ***Pro Se* Defendants** |
|---|---|
| Mark Walters<br>WALTERS LAW FIRM PLLC<br>1411 Fourth Avenue, Suite 75<br>Seattle, WA 98101<br>Ph:  206.254.0444<br>Ph:  425.688.7620<br>Fax:  N/A<br>Email:  mark@walterslawfirm.com | Mr. Robin Kletke<br>16820 226th Ave NE<br>Woodinville, WA 98077<br>206-718-1237<br>robinkletke@hotmail.com<br>r2agility@verizon.net |
| Gregory Cavagnaro<br>Law Offices of Gregory Cavagnaro<br>1400 112th Avenue SE #100<br>Bellevue WA 98004<br>greg@gcavlaw.com | Ms. Robin Cohen<br>16820 226th Ave NE<br>Woodinville, WA 98077<br>206-718-1237<br>robinkletke@hotmail.com<br>r2agility@verizon.net |

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

**O.  Confirmation of Service of Process**

The Plaintiff believes that the defendants were properly served with the

Summons and Complaint in this case.

**P.  Scheduling Conference**

Plaintiff requests a scheduling conference to discuss the scheduling and taking of

the defendants' depositions and a FRCP 30(b)(6) deposition of SonoSite, Inc.

Dated this 29TH day of March 2010.


WALTERS LAW FIRM PLLC


_____
Mark Walters, WSBA 25537
Attorney for Plaintiff, Christie Bowers

SECOND JOINT STATUS REPORT
PAGE 11 OF 13

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

1

2      ROBIN KLETKE

3

4      _____

5      Robin Kletke, Pro Se Defendant

6

7

8      ROBIN COHEN

9

10     _____

11     Robin Cohen, Pro Se Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

1

2

## **CERTIFICATE OF SERVICE**

3

4        I hereby certify that on this 29th of March, 2010, I electronically filed the Second

5    Joint Status Report with the Clerk of the Court using the CM/EFC system which will

6    send notification of such filing to the following:

7

8        *Pro Se* **Defendant**                    *Pro Se* **Defendant**

9        Robin Kletke                        Robin Cohen
         16820 226th Ave NE               16820 226th Ave NE
10       Woodinville, WA 98077              Woodinville, WA 98077
         206-718-1237                       206-718-1237
11       robinkletke@hotmail.com            robinkletke@hotmail.com
         r2agility@verizon.net              r2agility@verizon.net

12

13       Gregory Cavagnaro, WSBA  17644
         Law Offices of Gregory Cavagnaro
14       1400 112th Avenue SE #100
         Bellevue WA 98004
15       greg@gcavlaw.com
         Counsel for Plaintiff
16

17

18       Dated:  March 29, 2010

19

20

21

22

23       _____

24       Mark Walters

25

26

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444