Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof,<br>　　　　　Defendants | Case No.: C08-1768RSM<br><br>DEFENDANT'S REPLY TO MR. CAVAGNARO'S MEMO IN OPPOSITION TO DEFENDANT'S MOTION FOR MONETARY SANCTIONS<br><br>NOTE ON MOTION DOCKET:<br>APRIL 2, 2010 |

INTRODUCTION:

　　　Defendants, Robin Kletke and Robin Cohen, hereby reply to Mr. Cavagnaro's Response in Opposition to Defendant's Motion for Monetary Sanctions.

　　　The Defendants ask the Court's forgiveness if our original motion, declarations, and exhibits were not clear or properly stated. We will attempt to remedy those errors in this reply. Defendants will also reply to Mr. Cavagnaro's statements in his response.

BACKGROUND:

　　　At its heart, this case is about <u>interception of emails</u>. Mr. Cavagnaro filed the complaint alleging a violation of the Wiretap Act (U.S.C Chapter 119), Washington State wiretap law, and invasion of privacy. A violation of the Wiretap Act requires proof of "interception", which itself requires actual "contents" of a communication, which requires knowledge of the substance,

DEFENDANT'S REPLY TO MR. CAVAGNARO'S RESPONSE - 1
ReplyToCavagnaroResponse.doc

purport or meaning of the communication being intercepted.  Perhaps because Mr. Cavagnaro understood what was required to show a violation, he and the plaintiff stated in the complaint that they had evidence of **exactly** 139 emails which had been intercepted and viewed.  They claimed that email contents had been disclosed to third parties and that personal, private, business, medical, and banking records had been intercepted and disclosed.  To date, not a single email or contents of an email allegedly intercepted, has been disclosed.

DEFENSE ACTIVITY RESULTING FROM MR. CAVAGNARO'S ACTIONS:

Mr. Cavagnaro asserts in his Response that the defendants have been unwilling to defend this case on the legal issues.  He couldn't be more wrong.  The defendants would have gladly defended the allegations on the merits, but the central issues of merits; namely damages, emails, or third parties, were never disclosed.

Recently, it has become clear that the 139 emails and email contents alleged cannot be identified (Walters email on 3/19/2010 – DKT #70, Exhibit A) (Cavagnaro Response DKT #75).

Obviously, if Plaintiff's counsel knows now that the emails cannot be identified, they certainly knew or should have known that when the complaint was filed, when the Plaintiff's Initial Disclosures were filed, and when the Defendant's Interrogatories were eventually answered.  However, instead of admitting and answering that they didn't have even a single email to disclose, it seems that they intentionally misled the defendants with answers referring to Juno.com account *access* instead of email contents.  The Plaintiff has repeatedly tried to make the case be about "access" as Mr. Walters indicated that at least 3 times in bold type in his Response to the Motion for Sanctions (DKT #49).  However, the plaintiff has sued under the Wiretap Act, which clearly requires actual email or email contents.

Because Mr. Cavagnaro and Ms. Bowers did not supply adequate answers regarding which specific emails had allegedly been intercepted, and instead delayed responding, responded with objections, and ultimately responded with an answer they knew or should have known was

DEFENDANT'S REPLY TO MR. CAVAGNARO'S RESPONSE - 2
ReplyToCavagnaroResponse.doc

inaccurate, the defendants have incurred unnecessary expenses attempting to compel discovery and seek appropriate sanctions when that discovery was not delivered.

If Mr. Cavagnaro and Ms. Bowers had adequately answered the original discovery requests, there would have been no need for Motions to Compel or Motions for Sanctions. **Only after the most recent Order on Motion for Sanctions did the plaintiff disclose in writing that the email evidence did not exist.** Mr. Cavagnaro has willingly let the defendants try to defend against "smoke".

BILLING PRACTICES, TIME CHARGES, PAYMENT VERIFICATIONS:

Mr. Cavagnaro asserts that the defendants do not have direct knowledge of the evidence asserted in Exhibits A and B of the declaration (DKT #66). To the contrary, the defendants received statements every month from Mr. Murphy (Exhibit C of this Reply), consistent with Mr. Murphy's regular business practices, detailing Mr. Murphy's activity for the month. This would therefore fall under the FRE 803(6) exception of "Records of regularly conducted activity". Defendants have included as Exhibit D of this Reply, copies of check carbons to Mr. Murphy and statements from Mr. Murphy showing amounts paid. This clearly shows that charges far exceeding $58,654.00 were actually paid by the defendants.

EXPLANATION OF EXHIBITS "A" AND "B" OF DECLARATION (DKT #66)

Exhibit B (DKT #66) is a collection of time charges received by the defendants from Mr. Murphy. The defendants received these detailed timesheet listings at the end of each month along with current statements. The sheets in Exhibit B (DKT #66) have been redacted to only show activities dealing with Mr. Cavagnaro or activities undertaken because of Mr. Cavagnaoro's lack of attention to the case.

In some charge listings, activities related to Mr. Cavagnaro are listed with other activities in the case. In these instances, the defendants have used other similar charges to estimate the

DEFENDANT'S REPLY TO MR. CAVAGNARO'S RESPONSE - 3
ReplyToCavagnaroResponse.doc

1 time spent on the activities attributed to Mr. Cavagnaro and indicated that time with a
2 handwritten notation in the right hand margin.

3 Handwritten notes of the estimated hours spent on a combined activity and designators A
4 thru N have been added to the time sheets to identify and correlate like charges. These
5 designators A thru N are also identified on the spread sheet and summarized at the bottom of
6 Exhibit A (DKT #66).

7 Exhibit A (DKT #66) is a spread sheet prepared by the defendants in an attempt to
8 simplify and categorize the various expenses attributed to Mr. Cavagnaro's failures in this case.
9 The first column is the date of the charge as listed in the itemized timesheets from Exhibit B.
10 Columns 2 and 3 are the hours spent by Mr. Murphy and his paralegal. Column 4 is the total
11 charge for the item. Column 5 is the designator A-N to identify the activity. Column 6 is a
12 description paraphrased from the time charges in Exhibit B (DKT #66).

13

14 REPLY TO MR. CAVAGNARO'S STATEMENTS IN HIS DECLARATION

15 Mr. Cavagnaro is mistaken about the time spent on Item 'A' of defendant's designation
16 of charges. Looking at the Exhibit A spreadsheet (DKT #66), a total of 2.2 hours of Mr.
17 Murphy's time and 1.8 hours of his paralegal were accounted. That amounted to $876.00, not
18 the $1,782.00 Mr. Cavagnaro states in his declaration.

19 Regarding the Sonosite documents, Mr. Cavagnaro is incorrect in his dates. Sonosite
20 delivered the documents on 3/17/2009 to the plaintiff. Defendants requested those documents
21 from the plaintiff numerous times from 3/19/2009 until 4/1/2009 (see Exhibit A of this reply).
22 After receiving nothing from Mr. Cavagnaro for almost 2 weeks, defendants contacted Sonosite
23 directly and received the documents the next day on 4/2/2009.

24 Mr. Cavagnaro states the responses to Defendants interrogatories were delivered on
25 September 11, 2009 but the responsive documents were not provided because his client could not
26 afford to copy them. Defendants replied that it was the burden of the plaintiff to provide the

DEFENDANT'S REPLY TO MR. CAVAGNARO'S RESPONSE - 4
ReplyToCavagnaroResponse.doc

responsive documents (see Exhibit B of this reply).  Mr. Cavagnaro also asserts that "a voluminous amount of documents" were delivered, and indeed they eventually were.  However, his assertion that those documents were full and complete answers is simply incorrect.

The plaintiff delivered some tax returns.  All were unsigned, most did not have any identification of the individual reporting the tax, and the set was very incomplete.  The plaintiff never amended her answers regarding actual damages.  The plaintiff never amended her answers identifying any individuals with direct knowledge of an alleged email disclosure.  The plaintiff repeatedly answered questions regarding specific emails with documentation about Juno.com login times and IP Addresses (DKT #72, Exhibit 3).  It is clear that login information contains no emails, email content, or even any indication that emails exist at all.

Mr. Cavagnaro admits "the particular emails contained in Ms. Bowers email in-box were not identifiable" (DKT #75, pg 5, lines 12-13).  However, even after stating that to Mr. Murphy, the plaintiff has never amended her Answers to the relevant interrogatories to state that fact.  It wasn't until Mr. Walters indicated in an email on 3/19/2010 (DKT #70, Exhibit A) and Mr. Cavagnaro stated the same in his Response (DKT #75) that the lack of any email evidence was written down.  Even with the admission that the emails do not exist, Mr. Cavagnaro never supplied an amended answer to any email related interrogatories.

Mr. Cavagnaro takes issue with Mr. Murphy's $330/hour rate.  However, as the defendants have interviewed other counsel since proceeding Pro Se, defendants have been quoted rates from $300-$350/hour for persons familiar with Internet Law and Federal Court.

Mr. Cavagnaro asks the Court to reduce the $58,654.00 amount due to his financial inability to pay such an amount, however he has given no evidence to that inability. He also requests that the court allow 6 to 9 months to pay.  The defendants respectfully argue that they been heavily burdened financially throughout this entire case.  They have not had the opportunity to claim financial hardship and have had to pay their bills each month.  In fact, due in large part

DEFENDANT'S REPLY TO MR. CAVAGNARO'S RESPONSE - 5
ReplyToCavagnaroResponse.doc

to Mr. Cavagnaro's actions in this case and the resulting unnecessary charges incurred, the defendants are now without counsel and are proceeding Pro Se.

CONCLUSION:

Based on the recent admissions from Mr. Walters and Mr. Cavagnaro about identification of specific emails, Mr. Cavagnaro knew or should have known from the beginning of the case that the plaintiff could not identify any specific emails allegedly intercepted. However, in the complaint, he *specifically* indicates 139 emails, describes specific types of emails and contents, and knowledge of email contents being disclosed to third parties. Perhaps his inclusion of those stated facts was because he understood that a violation of the Wiretap Act required actual email contents, not just potential access to juno.com account. However, by repeatedly failing to fully and adequately supply discovery, the plaintiff and Mr. Cavagnaro have led the defendants on a 16 month "wild goose chase".

These actions, along with the general lack of response, have prohibited the defendants from defending this case on its merits. Given these lapses, it is completely understandable that the defense would seek discovery and sanctions for Mr. Cavagnaro and plaintiff's failures. Had Mr. Cavagnaro acted professionally, promptly, and more accurately, this case would have likely taken a much different path and these unnecessary expenses would not have been incurred. Mr. Cavagnaro takes issue with the defendants approach and desire to examine the evidence against them. It seems that he would have preferred that the defendants do nothing and simply go to court without ever seeing that evidence.

1  Defendants again ask that the court award a monetary judgment in the amount of
2  $58654.00 as a sanction for unnecessary fees incurred due to plaintiff counsel, Mr. Greg
3  Cavagnaro.

4  Dated this __2nd___ Day of April, 2010 at Woodinville, WA

_____
Robin Cohen      Robin Kletke

16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com

DEFENDANT'S REPLY TO MR. CAVAGNARO'S RESPONSE - 7
ReplyToCavagnaroResponse.doc

CERTIFICATE OF SERVICE

We, Robin Kletke and Robin Cohen, herby certify that on April _2nd___, 2010, we filed with the Clerk of the Court via CM/ECF the foregoing DEFENDANT'S REPLY TO MR. CAVAGNARO'S MEMO IN OPPOSITION TO DEFENDANT'S MOTION FOR MONETARY SANCTIONS. Said CM/ECF filing will send notifications of this filing to the following:

Gregory Cavagnaro
Law Offices of Gregory Cavagnaro
1400 112th Avenue SE #100
Bellevue, WA 98004
Lead Attorney for Plaintiff

Mark Walters
1411 Fourth Avenue, Suite 75
Seattle, WA 98101
Attorney for Plaintiff

We certify under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

Dated this _2nd____ Day of April, 2010 at Woodinville, WA

_____
Robin Cohen     Robin Kletke

DEFENDANT'S REPLY TO MR. CAVAGNARO'S RESPONSE - 8
ReplyToCavagnaroResponse.doc