**Honorable Ricardo S. Martinez**
**Noted for Consideration**
**Friday, April 30, 2010**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **CHRISTIE BOWERS,** | **NO. C08-1768RSM** |
| **Plaintiff,** | **PLAINTIFF'S MOTION TO RESET THE TRIAL DATE AND EXTEND THE DATE FOR COMPLETION OF DISCOVERY AND OTHER SUBSEQUENT DATES** |
| **vs.** | |
| **ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof,** | |
| **Defendants.** | |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff, Christie Bowers, respectfully moves the Court to reset the trial date and extend the date for completion of discovery and other subsequent dates, as previously agreed by the Defendants.

**Plaintiff's Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates**
**PAGE 1 OF 8**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

## II.  FACTUAL STATEMENT

After joining this case and filing a Notice of Appearance, on February 23, 2010 (Dkt. # 48), Mark Walters, counsel for Plaintiff, served Gregory Murphy, prior defense counsel, a Notice of Deposition of Robin Kletke, a Notice of Deposition of Robin Cohen.  (Declaration of Mark Walters in Support of Plaintiff's Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates, ¶ 3; Dkt. # 51). These depositions were schedule to occur **before** the discovery cutoff date. (S*ee* Declaration of Mark Walters in Support of Plaintiff's Opposition to Defendants' Motion for Sanctions and Exhibits 2 and 3 attached to this previous declaration; Dkt. #51). Mr. Walters also served a Subpoena for Deposition and Notice of FRCP 30(b)(6) Deposition on SonoSite, Inc., and this deposition was also scheduled to occur **before** the discovery cutoff date.  (Declaration of Mark Walters in Support of Plaintiff's Opposition to Defendants' Motion for Sanctions and Exhibits 4 and 5 attached to this previous declaration; Dkt. #51).

**A.  The Defendants Previously Asked the Court to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates.**

At the time that this discovery was served, the Defendants' Motion for Sanctions to dismiss the case was pending before this Court, and defense counsel filed a Motion to Stay Discovery pending the Court's ruling on the Defendants' Motion for Sanctions. (Dkt. # 54 and Dkt # 55).  In their Motion to Stay Discovery, the Defendants, through their attorney and speaking agent, stated:

> . . . . the Defendants respectfully request that the court stay all further discovery in this case including the depositions of the Defendants, and quash the subpoena to Sonosite, pending the decision of the court on Defendants' Motion for Sanctions.

**Plaintiff's Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates**
**PAGE 2 OF 8**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

In the event that the court denies Defendants' Motion for Sanctions, **Defendants request that the court reset the trial date and extend the date for completion of discovery and other subsequent dates.**"

(Dkt. # 54; bold emphasis added).

Plaintiff promptly responded to the Defense Motion to Stay Discovery and indicated that she did not oppose the Motion to Stay Discovery, "provided the Court allows Plaintiff to take the depositions of both Defendants and Sonosite, Inc. beyond the discovery cutoff date in the event the Court denies the Defendant's Motion for Sanctions." (Dkt # 56).

On March 1, 2010, the Court entered its Order Granting in Part and Denying in Part Defendants' Motion for Sanctions; Striking Motion to Stay Discovery As Moot and Directing the Parties to File a Status Report. (Dkt. # 59). In this Order, the Court concluded that the Defendants' Motion to Stay was moot because "Plaintiff agreed to stay discovery so long as she would have an opportunity to take the depositions of both Defendants and SonoSite, Inc. beyond the discovery cutoff date." (Dkt. # 59, at pg. 7, fn. 4).

On March 29, 2010, Plaintiff counsel and the now *pro se* Defendants filed a Second Joint Status Report. (Dkt. # 77). The Second Joint Status Report indicated a notable difference with respect to discovery. (*See* Dkt. # 77). Ignoring their prior position to reset the Case Scheduling Order during the Motion to Stay Discovery, the Defendants took the position that the discovery phase is over and that discovery should remain closed:

> The discovery phase of this case has been in effect for almost 16 months and is now essentially over. The deadline for discovery motions and the discovery deadline have passed. The only remaining potential activity appears to be depositions.

**Plaintiff's Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates**
**PAGE 3 OF 8**

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

Defendants contend that adequate interrogatory answers and requests for production are still outstanding, and now have been informed that answers to critical questions will not be produced. Due to the lack of adequate discovery responses, defendants contend that discovery should remain closed and the only date extended should be the Dispositive Motion Deadline and any subsequent dates as needed.

(Dkt. 77; § I(A) at pg. 2)

On the other hand, Mr. Walters indicated in the Second Joint Status Report that the Plaintiff still wanted, *at a minimum*, to take the Defendants' depositions and a FRCP 30(b)(6) deposition of SonoSite, Inc. (*See* Dkt. # 77; § II(F)(3) at pg. 8 and § II(G) at pg. 9). Mr. Walters also stated that the "Plaintiff is willing to extend the discovery cutoff date to allow the Defendants to take depositions if they would like to do so." (Dkt. # 77; § II(F)(3) at pg. 8).

Therefore, Plaintiff asks that the Court reset the Case Scheduling Order to reflect the following deadlines:

| Event | Current Deadline | Proposed Date |
|---|---|---|
| Trial Date | June 21, 2010 at 9:00 am | September 20, 2010 at 9:00 am |
| Due date for trial exhibits and trial briefs | 06/16/2010 | 09/15/2010 |
| Pretrial conference | Scheduled by the Court | Scheduled by the Court |
| The deadline for filing and noting motions in limine (*see* CR 7(d)) | 05/24/2010 | 08/20/2010 |
| Agreed pretrial order due date | 06/09/2010 | 09/10/2010 |
| Mediation Date | 05/07/2010 | 09/06/2010 |
| Dispositive Motion filing and | 03/05/2010 | 08/27/2010 |

**Plaintiff's Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates**
**PAGE 4 OF 8**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

| | | |
|---|---|---|
| noting deadline (*see* CR 7(d)) | | |
| Discovery Cutoff Date | 02/19/2010 | 07/02/2010 |
| Discovery Motion filing and noting deadline | 01/26/2010 | 07/02/2010 |

### III.   AUTHORITY AND ARGUMENT

FRCP 16(b)(4) provides that a case "schedule may be modified only for good cause and with the judge's consent."  Here, good cause exists to reset the deadlines in the Case Scheduling Order because the Defendants through their counsel previously asked the Court to "**reset the trial date and extend the date for completion of discovery and other subsequent dates**."  (Dkt. # 54; bold emphasis added).  This statement was made on behalf of the Defendants by their attorney acting as their speaking agent within the scope of his employment.  Therefore, the Defendants, as the principals, are bound by their attorney agent's statement.  The "principal [is] bound by admissions made while speaking on a subject within the scope of his employment." Griffiths v. Big Bear Stores,  55 Wash.2d 243, 347 P.2d 532 (1959).  At a minimum, the Court should find that good cause exists to reset the discovery cutoff date to allow the plaintiff to take the Defendants' depositions and a FRCP 30(b)(6) deposition of SonoSite, Inc., as noted in footnote 4 in its March 1, 2010 Order.  (Dkt. # 59).  Good cause clearly exists to allow this extension because the Plaintiff's agreement on this point led the Court to conclude that the Defendants' Motion to Extend Discovery was moot.  (*See* Dkt. # 59, at pg. 7, fn. 4).

The Court should also find that good cause exists to reset the Case Scheduling Order because the failings of Plaintiff's previous attorney interfered with her access to
**Plaintiff's Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates**
**PAGE 5 OF 8**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

justice and her ability to adequately present her case to this Court.  Plaintiff is not asking for the right to bring an expert witness, she is only asking that the Court allow her additional time to allow her new attorney to develop this case for trial, and engage in motion practice to narrow the issues for trial.  Good cause to extend the Case Scheduling Order exists because dong so may result in the conservation of judicial resources.

The Court should also find that good cause exists to reopen discovery and allow the parties additional time to engage in motion practice because this could help the parties reach an out-of-court resolution of this matter.  For example, if either party concludes that the facts developed in discovery, and positions solidified via motion practice, support the other's case, there is a reasonable chance that the parties may resolve their differences without the need for a trial.

### IV.  CONCLUSION AND REQUEST FOR RELIEF

The troubled procedural history on this case will all but certainly lead to a difficult trial because Plaintiff's previous counsel went AWOL on his client.  The Plaintiff had difficulty finding new counsel to accept her case, which took time, and the Defendants are now proceeding *pro se*.  The parties in this case need time to explore and develop their positions in discovery and motion practice.  On balance, the proposed schedule is fair to all parties.

The Plaintiff respectfully asks the Court to reset the Case Scheduling Order by roughly 3 months so the parties can engage in reasonable discovery and engage in motion practice.  The Plaintiff asks the Court to reset the Case Scheduling Order to reflect the following deadlines:

**Plaintiff's Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates**
**PAGE 6 OF 8**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

| Event | Current Deadline | Proposed Dates |
|---|---|---|
| Trial Date | June 21, 2010 at 9:00 am | September 20, 2010 at 9:00 am |
| Due date for trial exhibits and trial briefs | 06/16/2010 | 09/15/2010 |
| Pretrial conference | Scheduled by the Court | Scheduled by the Court |
| The deadline for filing and noting motions in limine (*see* CR 7(d)) | 05/24/2010 | 08/20/2010 |
| Agreed pretrial order due date | 06/09/2010 | 09/10/2010 |
| Mediation Date | 05/07/2010 | 09/06/2010 |
| Dispositive Motion filing and noting deadline (*see* CR 7(d)) | 03/05/2010 | 08/27/2010 |
| Discovery Cutoff Date | 02/19/2010 | 07/02/2010 |
| Discovery Motion filing and noting deadline | 01/26/2010 | 07/02/2010 |

Dated this 13th day of April, 2010.

WALTERS LAW FIRM PLLC

_____
Mark Walters, WSBA 25537
Attorney for Plaintiff, Christie Bowers

**Plaintiff's Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates**
**PAGE 7 OF 8**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th of March, 2010, I electronically filed (a) PLAINTIFF'S MOTION TO RESET THE TRIAL DATE AND EXTEND THE DATE FOR COMPLETION OF DISCOVERY AND OTHER SUBSEQUENT DATES; and (b) [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO RESET THE TRIAL DATE AND EXTEND THE DATE FOR COMPLETION OF DISCOVERY AND OTHER SUBSEQUENT DATES with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

*Pro Se* Defendant

Robin Kletke
16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com
r2agility@verizon.net

*Pro Se* Defendant

Robin Cohen
16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com
r2agility@verizon.net

**Counsel for Plaintiff**

Gregory Cavagnaro, WSBA 17644
Law Offices of Gregory Cavagnaro
1400 112th Avenue SE #100
Bellevue, WA 98004
greg@gcavlaw.com
Counsel for Plaintiff

Dated: April 13, 2010

_____
Mark Walters

Plaintiff's Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates
PAGE 8 OF 8

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444