Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **CHRISTIE BOWERS,** | **NO. C08-1768RSM** |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs. | |
| **ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof,** | **NOTED ON MOTION DOCKET: MAY 28, 2010** |
| Defendants. | |

## I. Introduction and Statement

Plaintiff brings this Motion for Leave to File First Amended Complaint pursuant to Federal Rule of Civil Procedure 15. A copy of the original complaint is attached as **Exhibit 1**, a copy of a "track changes" version that shows the proposed amendments more clearly is attached to the Walters Declaration in Support of Plaintiff's Motion for Leave to File First Amended Complaint as **Exhibit 2**, and a clean copy of the proposed First Amended Complaint is attached as **Exhibit 3**. (Walters Decl. ¶ 3).

The proposed amendments are clarifying amendments that accomplish three things: First, they clarify that Plaintiff's claims arise under both Title I and Title II of the Electronic

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 1 OF 9

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

Communications Privacy Act ("ECPA"). (*See* **Exhibit 2** at ¶¶ 2.3, 4.2, 4.3 and B and C of the Prayer for Relief).  Second, they clarify that Plaintiff is not alleging that the defendants viewed exactly 139 emails. (See **Exhibit 2** at ¶ 3.73). And third, they clarify Plaintiff's state statutory claim by including language from the statute RCW 9.73.030 and its civil remedy counterpart RCW 9.73.060.  (See **Exhibit 2** at ¶ ¶ 5.2 and B and C of the Prayer for Relief).

These amendments are sought because the defendants are now *pro se* and may not understand the liberal notice pleading standards or that FRCP 15(b) allows a party to move to amend the complaint at any time to conform to the evidence, even after trial.

Counsel for Plaintiff provided a a similar draft of the "track changes" version of the proposed First Amended Complaint (*see* **Exhibit 2**) and asked for their consent, but the defendants declined.  (Walters Decl. ¶ 3).  Therefore, Plaintiff brings this motion asking for leave to file the First Amended Complaint. Pursuant to FRCP 15, Plaintiff respectfully requests that the court grant leave to file the First Amended Complaint.

## II.  Evidence Relied Upon

This Motion for Leave to Amend is supported by the Declaration of Mark Walters in Support of Plaintiff's Motion for Leave to File First Amended Complaint ("Walters Decl.") with attached exhibits and the records and files herein.

## III.  Authority & Argument

At this stage of the case, FRCP 15(a)(2) provides that a party may amend its pleading only by leave of the court or by written consent of the adverse party. *See* id.  In this case, the defendants did not consent to the proposed amendments.  (Walters Decl. ¶ 3).

The granting of a motion for leave to amend falls within the sound discretion of the district court. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996), and the court

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 2 OF 9

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Id.; see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a Plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

The federal system of notice pleading requires only that the Plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Here, Plaintiff alleged that the defendants violated the Electronic Communications Privacy Act, and the original complaint referenced ECPA Title I as 18 USC, Chapter 119. (*See* **Exhibit 1** and **Exhibit 2**, § IV, ¶ 4.2 and ¶ 4.3).   Nevertheless, the original complaint is replete with references to unauthorized access to Plaintiff's email account. Indeed, these allegations are repeated throughout the original complaint as indicated in the chart below.

| **Allegation of Unauthorized Access in Original Complaint (Exhibit 1)** | **Paragraph** |
|---|---|
| ". . . defendants had been secretly obtaining access to plaintiff's personal emails and email account without her knowledge." | ¶ 3.6 |
| . . . Juno records confirmed that the defendants surreptitiously obtained access to plaintiff's personal emails and email account, and had intercepted and viewed 139 emails without plaintiff's' knowledge. " | ¶ 3.7 |
| "After conducting an independent investigation, Kathryn Surace-Smith, Vice President and General Counsel of Sonosite confirmed in a February 25, 2008 21 correspondence to Mr. Foster that defendant Robin Kletke accessed plaintiff's email account from the company's servers on several occasions." | ¶ 3.9 |
| "On or about February of 2008, plaintiff filed an action against defendant Kletke and Cohen in Pierce County District Court under Cause Number 84613439A seeking to stop defendants from intercepting and viewing her personal emails and email account by obtaining an Order For Protection From Unlawful Civil Harassment. After a February 19, 2008 hearing at which defendant Kletke and his at legal counsel attended, an Order for Protection was entered prohibiting defendant Kletke and defendant Cohen from intercepting, obtaining access, or viewing plaintiff's emails or email account." | ¶ 3.10¶ |

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 3 OF 9

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

| | |
|---|---|
| "Defendants intentional and repeated unauthorized access to plaintiff's personal email(s) and email account over an extended period of time . . . " | ¶ 4.2 |
| "Defendants intentional and repeated unauthorized access to plaintiff's email(s) and email account over an extended period of time . . . " | ¶ 5.2 |

No prejudice to the defendants results here because the proposed amendment asserts claims that arose out of the exact same conduct, transactions and occurrences set out in the original complaint; that the defendants accessed Plaintiff's email account without her consent or authorization. *See* FRCP 15(c)(1)(B). To the extent the amendment with respect to ECPA Title II asserts a new cause of action, this cause of action unquestionably relates back because the original complaint includes multiple references to unauthorized access to Plaintiff's www.juno.com account.  FRCP 15(c)(1)(B).  All this proposed amendment does is clarify to the *pro se* defendants that the Plaintiff has alleged a violation and right to statutory recovery under ECPA's Title II, also known as the Stored Communications Act.  This ECPA Title II amendment does not change the nature or the character of this lawsuit because these facts have always been a part of this lawsuit.  Hence, it does not result in prejudice to the defendants.  The court should grant leave to file the First Amended Complaint.

With respect to the proposed amendment regarding Plaintiff's Washington State statutory claim, RCW 9.73.030[1], the proposed amendment clarifies the claim by adding

---

[1] RCW 9.73.030 provides:

   (a)  Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication;

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 4 OF 9

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

language from the statute and the civil remedy provision, RCW 9.73.060.[2] (*See* **Exhibit 2** at ¶ ¶ 5.2 and B and C of the Prayer for Relief). This claim has always met the notice pleading standards of FRCP 8(a)(2), however, because the defendants are *pro se*, the amendment clarifies this claim. Here again, the amendment does not change the nature or the character of this lawsuit because these facts and claims have always been in the case. As such, it does not result in prejudice to the defendants. The court should grant leave to file the First Amended Complaint.

Finally, with respect to Plaintiff's proposed amendment regarding the "139 emails", the proposed amendment merely clarifies that the defendants' alleged access to Plaintiff's email account led to the violations of state and federal law. (*See* **Exhibit 2** at ¶ 3.73).

Plaintiff believes that the original complaint meet the notice pleading standards of FRCP 8(a)(2) for this allegation, and the proposed amendment only clarifies the allegation and does not change the character or nature of the lawsuit. As before, there is no prejudice to the defendants because the allegations of unauthorized access have always been in the case.

---

(b) Private conversation, by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons engaged in the communication.

[2] RCW 9.73.060 provides:

Any person who, directly or by means of a detective agency or any other agent, violates the provisions of this chapter shall be subject to legal action for damages, to be brought by any other person claiming that a violation of this statute has injured his business, his person, or his reputation. A person so injured shall be entitled to actual damages, including mental pain and suffering endured by him on account of violation of the provisions of this chapter, or liquidated damages computed at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars, and a reasonable attorney's fee and other costs of litigation.

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 5 OF 9

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

Plaintiff also brings this motion pursuant to FRCP 15(b)(2) on the grounds that the issues sought in the amendment have been litigated by express or implied consent, and pursuant to FRCP 15(b)(2), a "party may move — at any time, even after judgment — to amend the pleadings to conform them to the evidence. An amendment under Rule 15(b) may be allowed only when the opposing party will not be prejudiced. United States v. Davis, 261 F.3d 1, 59 (1st Cir. 2001). Again, no prejudice to the defendants results here because the "unauthorized access" factual allegations have always been in the case.

The Title II ECPA claim, the RCW 9.73.030 claim and the unauthorized access factual allegations have always been in the case. In addition, the Title II ECPA claim has been argued in the briefings without objection. In Kenda Corp. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 232 (1st Cir. 2003) (*quoting* FRCP15(b)). When the opposing party does not expressly consent to trial of an issue, "[c]onsent to the trial of an issue may be implied if, during the trial, a party acquiesces in the introduction of evidence which is relevant only to that issue." Id. (internal citations omitted).

From the very first substantive briefing her new counsel filed in the case, Plaintiff has argued that this case includes Title I and Title II violations of the Electronic Communication Privacy Act. In her Opposition to the Defendants' Motion for Sanctions, Plaintiff stated:

> The defense calls foul on the plaintiff's failure to identify damages. Even if this is true, the failure to explain evidence of damages is not prejudicial in any way because the federal statutes involved in this case allow for award of preliminary and other equitable relief, statutory penalties, punitive damages and reasonable attorneys' fees and other litigation costs incurred. *See* 18 U.S.C. § 2520(b)-(c)(1) and (2):
>
> * * * *
>
> Similar remedies are available under 18 U.S.C. § 2707(b)-(c) for unlawful access to stored communications in violation of 18 U.S.C. § 2701:

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 6 OF 9

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

> (b) Relief. - In a civil action under this section, appropriate relief includes –
>
> (1) **such preliminary and other equitable or declaratory relief as may be appropriate**;
>
> (2) **damages under subsection (c)**; and
>
> (3) **a reasonable attorney's fee and other litigation costs reasonably incurred.**
>
> (c) Damages. - The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, **but in no case shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court**. (Bold emphasis in added in original).
>
> Because these statutes allow for statutory remedies and penalties, it causes no prejudice to the defense for Ms. Bowers to not have explained her damages theory if she in fact has not done so.

(Dkt. # 49 at 12-13). The citations to 18 U.S.C. § 2707 and 18 U.S.C. § 2701 are clear indications that this case includes Title II ECPA claims.

The defendants were represented by counsel at this time and they did not object to this argument as being outside of the pleadings. (*See* Dkt. 57). Then, in the Court's March 1, 2010 Order Denying the Motion for Sanctions, the court found that "the federal statute Plaintiff is suing under allows for statutory damages. *See* 18 U.S.C. §§ 2520, 2707." (Dkt # 59). Again, the reference to "2707" is a reference to ECPA's Title II.

Furthermore, in Plaintiff's Corrected Reply to Defendants' Opposition to Plaintiff's Motion to Withdrawal Counsel (Dkt. # 76), Ms. Bowers stated in no uncertain terms that the "defendants ignore portions of the Complaint alleging unauthorized access to her online email account." (Dkt. Dkt. # 76 at 2; bold omitted). On page 3 of this Corrected Reply, Ms.

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 7 OF 9

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

Bowers again stated that "it is incorrect for the defendants to suggest that Plaintiff does not have evidence that they accessed her www.juno.com email account without her permission in violation of the Electronic Communications Privacy Act of 1986. 18 U.S.C. §§ 2701, 2707 and 2720." (Dkt. Dkt. # 76 at 4). Here again, Plaintiff points to ECPA's Title II.

The Title II ECPA claim has been litigated by the parties. Therefore, the court should conclude that the claim has been litigated by the consent of the parties and grant this motion pursuant to FRCP 15(b)(2).

## IV. Conclusion

The amendments sought here do not change the character or nature of this case and cause no prejudice to the defendants. This case is about the defendants' alleged unauthorized access, interception, recording, use and disclosure of Plaintiff's private electronic communications. These allegations have always been in the case and this conduct, if proven, will constitute violations of RCW 9.73.030 as well as Title I and Title II of the ECPA. The defendants are not prejudiced by the proposed amendments; they have known all along that the Plaintiff's claims arose out of Plaintiff's allegations that they

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 8 OF 9

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

accessed her private email communications without her consent or authorization. Therefore, Plaintiff respectfully requests that the court grant this Motion for Leave to File First Amended Complaint.

Dated this 13th day of May 2010.

WALTERS LAW FIRM PLLC

_____
Mark Walters, WSBA 25537
Attorney for Plaintiff, Christie Bowers

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 9 OF 9

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444