**UNITED STATES DISTRICT COURT**
**FOR THE United States District Court for the Western District of Washington**

Christie Bowers

                Plaintiff,

v.                                   Case No.: 2:08–cv–01768–RSM

                                                Judge Ricardo S Martinez

Robin E Kletke, et al.

                Defendant.

## ORDER SETTING TRIAL DATE &RELATED DATES

| | |
|---|---|
| TRIAL DATE | November 8, 2010 at 09:00 AM |
| Deadline for joining additional parties | |
| Reports from expert witnesses under FRCP 26(a)(2) due | |
| All motions related to discovery must be filed by and noted on the motion calendar no later than the third Friday thereafter (see CR7(d)) | |
| Discovery completed by | 08/02/2010 |
| All dispositive motions must be filed by and noted on the motion calendar no later than the fourth Friday thereafter (see CR 7(d)) | 09/03/2010 |
| Mediation per CR 39.1(c)(3) held no later than | |
| All motions in limine must be filed by and noted on the motion calendar for the third Friday thereafter pursuant to CR7(d) | 10/12/2010 |
| Agreed pretrial order due | 10/27/2010 |
| Pretrial conference [to be scheduled by the Court] | |
| Trial briefs, proposed voir dire questions, proposed jury instructions, and trial exhibits due | 11/03/2010 |
| Length of Non–Jury Trial: | |

    These dates are set at the direction of the Court after reviewing the joint status report and discovery plan submitted by the parties. All other dates are specified in the Local Civil Rules. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

    If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify the Deputy Clerk, Lowell Williams or Laurie Cuaresma, in writing within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled,

but it should be understood that the trial may have to await the completion of other cases.

## COOPERATION:

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the final pretrial order in the format required by CR 16.1, except as ordered below.

## EXHIBITS:

The original and one copy of the trial exhibits are to be delivered to chambers five days before the trial date. Each exhibit shall be clearly marked. Exhibit tags are available in the Clerk's Office. The Court hereby alters the CR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with the next number not used by plaintiff. Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order, any party may use it. Each set of exhibits shall be submitted in a three−ring binder with appropriately numbered tabs.

## SETTLEMENT:

Should this case settle, counsel shall notify Lowell Williams or Laurie Cuaresma as soon as possible at 206−370−8521. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

DATED: May 17, 2010

/s Ricardo S. Martinez
United States District Judge