Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof,<br>  Defendants | Case No.: C08-1768RSM<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>NOTE ON MOTION DOCKET:<br>MAY 28th, 2010 |

INTRODUCTION

The defendants, Robin Kletke and Robin Cohen, in their Response to Plaintiff's Motion for Leave to File First Amended Complaint, oppose the plaintiff's motion for the reasons stated below.

Plaintiff has asked the Court for leave to file an amended Complaint as clarification of apparently insufficient pleadings in the original complaint "because the defendants are now pro se" and may not understand the Federal Rules of Civil Procedure. While we appreciate the plaintiff's concern for the now *pro se* defendants, we object to the addition of these new claims at such a late point in the litigation, and argue that the plaintiff is misapplying certain Rules.

The main focus of the proposed amendments is the inclusion of the Stored Communications Act (SCA) statute (*18 USC § 2071).* The plaintiff has failed to follow the established rules of civil procedure in filing this Motion for Leave to Amend the Complaint.

1  This motion is extremely untimely, unjustified, and if allowed, would be overly prejudicial to
2  the defendants.

## DISCUSSION

The plaintiff crafted a very specific set of claims in her original complaint. She alleged specific violations of *18 USC § 2520* (Wiretap Act), Washington State Interception (*9.73.030*), and Washington State Privacy violations. She reiterated those claims in the 26(f) Joint Status Report which laid the groundwork for the Court's pretrial scheduling order. Because of the narrow focus of the claims, the defense activity has been similarly narrow.

The record is clear about the history of this case and the many times the Court has accommodated the plaintiff to get her case back on track. The vast majority of the activity in the case has involved the defense's attempts to get discovery responses concerning the facts alleged in the complaint. The information requested is at the heart of the case, and only recently did the plaintiff admit that alleged facts didn't exist.

The plaintiff clearly stated as fact that she could produce specific emails (139 to be exact), emails of specific subject matter, and persons to which the email contents had been disclosed. Now, after all of this time and discovery, the plaintiff admits that she doesn't have even a single email to support her original complaint and is now attempting to remove the reference to the 139 emails. The lack of email evidence was made clear in the recent settlement conference where it was also indicated the plaintiff's case would likely fail summary judgment due to lack of evidence and the dispositive rulings of *Konop v. Hawaiian Airlines, Inc.,* 302 F. 3d 868 (the dispositive holding in the Ninth Circuit).

The plaintiff wants to convince the Court that she meant to include the SCA from the very beginning, and that she has engaged in a kind of "implied litigation" by including references to the SCA in various filings since her new counsel appeared. However, that position doesn't fit the facts, timeline, or legal rules for this case.

This proposed amendment is simply another example of the type of litigation the plaintiff has subjected the defendants to for the last 18 months. She has led the defendants on a discovery chase which has been unfairly prejudicial, overwhelmingly burdensome, and terribly expensive. The end result is that the plaintiff has produced no emails, no third parties with knowledge of disclosure of emails, and no evidence of use of emails. She has lost the ability to bring any expert witnesses to discuss technical evidence and her original counsel has been sanctioned.

Now we are faced with a situation where her new counsel is attempting to circumvent the Federal Rules of Civil Procedure by bringing a motion well past the applicable scheduling deadline and increase the prejudice to the defendants by bringing an entirely new cause of action at such a late point in the litigation.

## RULE 16 GOVERNS AMENDMENTS AT THIS STAGE

At this point in the case, Rule 16 governs the ability of the plaintiff to amend her complaint. At the time of filing the current motion, the trial was scheduled to begin in 5 weeks, discovery was completed, the dispositive motion deadline had passed, and a settlement conference had been done. The plaintiff had filed a Motion for Continuance (DKT #80), but did not indicate in that motion any desire to alter dates to amend the pleadings, and the Court did not provide for such a deadline change in its limited schedule changes.

The Ninth Circuit Court of Appeals has held that at this stage of the case a party must first show "Good Cause" for amending the scheduling order before then being required to satisfy the requirements of Rule 15(a). In *Johnson v. Mammoth Recreations, Inc.,* 975 F. 2d 604, 608 (9th Cir. 1992), the Ninth Circuit noted:

> Thus, Johnson's ability to amend his complaint was governed by Rule 16(b), not Rule 15(a). *See Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C.1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT - 3
DefendantsResponseToMotionForLeave.doc

demonstrate that amendment was proper under Rule 15); *see also Financial Holding Corp. v. Garnac Grain Co.,* 127 F.R.D. 165, 166 (W.D.Mo.1989) (same).

In the instant case, the plaintiff has made no attempt to modify the scheduling order to allow for an Amended Complaint, nor have she shown any good cause or justification why such an order should be made. The plaintiff has had 18 months to amend her complaint. She has had 3 ½ months since acquiring new counsel to seek a change to the scheduling deadlines to allow filing a motion to amend. The Ninth Circuit has noted that prejudice to the non-moving party is not required to deny a motion to amend. The focus should be on the diligence of the moving party, and here the plaintiff has not been diligent, even when her new counsel appeared. In *Johnson v. Mammoth Recreations, Inc.,* the Ninth Circuit noted:

> Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir.1971) (same), *cert. denied,* 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972); *Smith v. Stone,* 308 F.2d 15, 18 (9th Cir.1962) (same). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end.

The plaintiff has not moved to modify the scheduling order to allow for a motion to amend, and has not shown Good Cause as to why such a modification should be made. As such, the Motion For Leave to Amend the Complaint should be denied.

### DISCUSSION OF RULE 15

Even though the defendants believe that Rule 16 governs the current motion to amend, it is worth showing that even under Rule 15 the amendment should be denied. Since this case is not yet at trial, the relevant section is Rule 15(a). The courts have indicated that Rule 15(a) is to

be liberally applied and leave to amend should be freely given when justice so requires. The courts have also indicated at least four factors to consider when denying such an amendment. In *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F. 3d 980, 986 (9th Cir. 1999), the court says:

> As a general rule, leave to amend should be "freely given when justice so requires." Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). We consider four factors when reviewing a decision whether to permit an amendment: (1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Griggs,* 170 F.3d at 877. Although delay is not a dispositive factor in the amendment analysis, it is relevant, *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990), especially when no reason is given for the delay, *Swanson v. United States Forest Serv.,* 87 F.3d 339, 345 (9th Cir.1996).

In this case, justice does not "so require" allowing the amendment. The record clearly shows the many times that the Court has accommodated the plaintiff's failures in an effort to provide her justice. In fact, this could be considered yet another "bite at the apple". She filed the original complaint; unilaterally created a "stay of the proceedings" for several months; ignored two motions to compel; willingly supplied answers with objections against the Court's order; failed to produce adequate answers; was given an extension for her expert witness report, and then failed to produce said report; received two formal schedule extensions; and was given another chance with her new counsel. Throughout all of this time, the prejudice, burden, and expense to the defendants continued to increase.

Justice is not served here by allowing her to present an amendment to her complaint that is untimely, significantly prejudicial to the defendants, and brings in a new cause of action and relief at such a late date.

## UNTIMELINESS

This proposed amendment is untimely and will cause undue delay in the case as well as additional prejudice to the defendants by requiring more discovery and analysis of new areas of

1 law.  At the time this motion was filed, discovery was closed, the dispositive motion deadline
2 had passed, and a settlement conference had been done.  The mere untimeliness of this motion
3 causes prejudice to the defendants, see *Campbell v. Emory Clinic*, 166 F. 3d 1157, 1162 - (11th
4 Cir. 1999). (Prejudice and undue delay are inherent in an amendment asserted after the close of
5 discovery and after dispositive motions have been filed, briefed, and decided).

6 The plaintiff asserts that the new claims arise from the same facts as stated in her
7 original complaint.  If that is true, then it is certainly prejudicial to the defendants that the
8 plaintiff waited 18 months, without offering any justification, for asserting these new claims.
9 *See Acri v. International Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398-99
10 (9th Cir.1986) ("late amendments to assert new theories are not reviewed favorably when the
11 facts and the theory have been known to the party seeking amendment since the inception of the
12 cause of action.").  In *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F. 3d 1132, 1137
13 the Ninth Circuit gave an assessment of undue delay:

> In evaluating undue delay, we ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson,* 902 F.2d at 1388. We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable. *See Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 799 (9th Cir.1991) (citing *Jackson,* 902 F.2d at 1388).

In EEOC v. Boeing Co., 843 F. 2d 1213, 1222 (9th Cir. 1988) the Ninth Circuit affirmed denial of the leave to amend by quoting:

> "Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *Jordan v. County of Los Angeles,* 669 F.2d 1311, 1324 (9th Cir.1982), *vacated on other grounds,* 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982).

Generally, a motion to amend the complaint could be sought if new evidence had been uncovered during discovery.  No new evidence has been uncovered that would justify this amendment.

## THE PROPOSED AMENDMENT IS A NEW CAUSE OF ACTION

The plaintiff offers contradictory statements about the addition of the SCA claims. On one hand, the plaintiff states that the proposed amendments are simply clarifications, not new claims for relief. However, the plaintiff then argues that in the event they are a new cause of action, they should relate back to the original complaint. We contend that the SCA is an entirely new theory of recovery in an area of law (ECPA) that is unsettled and confusing, see *Konop v. Hawaiian Airlines, Inc.,* 302 F. 3d 868, 874. The plaintiff specifically claimed relief under *18 U.S.C. §§ 2520* (Wiretap) and not *18 U.S.C. §§ 2707* (SCA). In fact, the SCA wasn't claimed in the original complaint, wasn't mentioned in the 26(f) conference, wasn't considered as part of the original pretrial scheduling order, and wasn't part of discovery for the past 18 months. The SCA requires a different set of facts, has different requirements for violation, and allows for different relief. There is no reason to conclude that the defendants should have presumed that the SCA was part of the litigation.

The plaintiff now attempts to use Rule 8(a) to explain that pleadings are allowed to be "short and plain" and therefore she should be allowed to clarify them at this time. However, the plaintiff did not make a "short and plain" claim in her original complaint. She was very specific to claim interception, use, and disclosure under Federal and State Interception laws. The SCA does not prohibit "interception, use, or disclosure" of electronic communications. As such, the SCA claim does not follow from the claims set forth in sections IV, V, VI in the original complaint (See DKT #1 pages 4-5). Also, the plaintiff specifically requested relief under 18 USC 119 § 2520 and RCW 9.73.060 and in the previous 18 months has not given any notice that she would be seeking relief under any other statute(s).

These new claims therefore advance different legal theories of relief and will require different proof and facts. Forcing the defendants to now regroup and defend against these new claims is unduly prejudicial as it will require new discovery, new research, and will unduly

delay the case even more. *See Jackson v. Bank of Hawaii*, 902 F. 2d 1385, 1388 quoting cases in the 6th Circuit:

> *See Priddy v. Edelman,* 883 F.2d 438, 447 (6th Cir.1989) ("Putting the defendants `through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'") (quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir.1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974)).

See also *McGlinchy v. Shell Chemical Co.,* 845 F. 2d 802, 809 - (9th Cir. 1988) (The new claims would have required additional research and rewriting of trial briefs. The resulting delay and expense would have prejudiced Shell Oil defendants, who were entitled to rely on a timely close of discovery and a near-term trial date.)

In addition, the Court has just recently accommodated the plaintiff again by extending the trial dates by several months. Allowing the plaintiff to amend the complaint at this late date will certainly require the Court to extend the trial dates again.

## PLAINTIFF OFFERS NO JUSTIFICATION FOR THE AMENDMENT

In her Motion for Leave to Amend, the plaintiff attempts to persuade the Court that the new amendments are only for clarification because the defendants are now *pro se*. Plaintiff's Motion (DKT #87, page 2) states:

> These amendments are sought because the defendants are now *pro se* and may not understand the liberal notice pleading standards or that FRCP 15(b) allows a party to move to amend the complaint at any time to conform to the evidence, even after trial.

If the Court accepts the plaintiff's statement, it would follow that if the defendants were represented by counsel, there would be no reason to amend the pleadings and this motion would be unnecessary. It is very clear that *pro se* parties are subject to the same rules as represented parties. To try and justify the addition of new claims and altered statements of fact because the parties are *pro se* is absurd.

The plaintiff might be tempted to say that this is the fault of the plaintiff's original counsel, Mr. Cavagnaro. However, Mr. Cavagnaro was obviously an active participant in the case when he filed the original claim and participated in the 26(f) Status Conference to produce the Joint Status Report. Since the plaintiff has retained new counsel, Mr. Cavagnaro certainly can't be blamed for the failure to bring this motion sometime within the last 3 ½ months.

The plaintiff offers no valid justification why the motion is so untimely. She also offers no Good Cause as to why the scheduling order should be modified to allow such a motion. As such, the motion should be denied.

## PLAINTIFFS MISAPPLICATION OF RULE 15(B)

The plaintiff is attempting to put forth a theory of "implied consent" based on various references in her filings and the authority of Rule 15(b)(2). Rule 15(b)(2) allows amendment of the pleadings when an issue "is tried by the parties' express or implied consent,". However subsection (b) of Rule 15 applies only to amendments during and after trial. This case has not yet come to trial, and therefore subsection (b) is inapplicable.

The Federal Rules of Civil Procedure give the proper mechanism and timelines for amending the pleadings and giving notice to the non-moving party. The plaintiff has not followed those procedures in this case and should not be allowed to amend her complaint.

## SUMMARY

Throughout the entire history of this case, the plaintiff has relied on the generosity of the Court to be allowed to continue her case. The Court has accommodated her on many occasions, even while admonishing her for her conduct and instructing her to adhere to the Rules.

Now, after 18 months of burdensome discovery, the plaintiff admits that factual contentions in her original complaint are false. She is now attempting to remove those factual

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT - 9
DefendantsResponseToMotionForLeave.doc

1 contentions to conform to the lack of evidence, but is trying to add a new cause of action
2 without any new evidence to support it.
3     The plaintiff has offered no Good Cause for modifying the pretrial schedule and has
4 shown no justification for the lengthy delay and significant prejudice to defendants in
5 attempting to amend the complaint.
6     The defendants ask the Court to deny the plaintiff's Motion for Leave to File First
7 Amended Complaint as being untimely, highly prejudicial, and contrary to the Federal Rules of
8 Civil Procedure.

10     Dated this __24th___ Day of May, 2010 at Woodinville, WA

    Robin Cohen    Robin Kletke

16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com

CERTIFICATE OF SERVICE

We, Robin Kletke and Robin Cohen, herby certify that on May _24th___, 2010, we filed with the Clerk of the Court via CM/ECF the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT. Said CM/ECF filing will send notifications of this filing to the following:

Gregory Cavagnaro
Law Offices of Gregory Cavagnaro
1400 112th Avenue SE #100
Bellevue, WA 98004
Lead Attorney for Plaintiff

Mark Walters
1411 Fourth Avenue, Suite 75
Seattle, WA 98101
Attorney for Plaintiff

We certify under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

Dated this _24th____ Day of May, 2010 at Woodinville, WA

_____
Robin Cohen      Robin Kletke