**Honorable Ricardo S. Martinez**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **CHRISTIE BOWERS,** | **NO. C08-1768RSM** |
| **Plaintiff,** | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| **vs.** | |
| **ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof,** | |
| **Defendants.** | |

## I. Objection re Offering Alleged Settlement Conference Statements

The Plaintiff first objects to the Defendants' offering statements that they allege were made during the parties' recent settlement conference, which were protected under Rule 408 to the Federal Rules of Evidence. Plaintiff respectfully asks that the Court admonish the Defendants to avoid this from happening in the future.

## II. Reply to Defendants' Response

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992) is not controlling because it involved a motion to amend to add a new party beyond the cutoff date for joining new parties in the Case Scheduling Order. The Johnson court explained that its holding

REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 1 OF 10

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

was limited to the following narrow issue: "This case turns on a single, narrow question: when and under what circumstances may a party join an additional defendant once the district court has entered an order limiting the time for joinder." Johnson, 975 F.2d at 607. Here, the Plaintiff does not seek to join new parties beyond the deadline in the Order Setting Trial and Related Dates. Therefore, Johnson has no bearing here.

The four factors set forth in Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980 (9th Cir. 1999), cited on page 5 of the Defendants' Response, support the granting of the Motion for Leave to File First Amended Complaint. The motion is not brought in bad faith, the delay is excusable under the odd procedural circumstances of this case, there in no prejudice to the Defendants and the proposed amendments are not futile.

The proposed amendments are not brought in bad faith; they are clarifying amendments that accomplish three things: First, they clarify that Plaintiff's claims, and statutory right to relief, arise under both Title I and Title II of the Electronic Communications Privacy Act. Second, they clarify that Plaintiff is not alleging that the Defendants viewed exactly 139 emails. And third, they clarify Plaintiff's state statutory claim by including language from the statute RCW 9.73.030 and its civil remedy counterpart RCW 9.73.060. Since notice pleading standards apply, FRCP 8(a)(2), the amendment is not even legally necessary, but for purposes of clarifying the issues for resolution to enable judicial economy, the Plaintiff brought the motion.[1]

The delay in this case is not "undue" and is excusable under the odd procedural circumstances of this case. First, most of the delay is attributed to Plaintiff's original

---

[1] The Defendants appear to not object to the proposed amendments to Plaintiff's Title I ECPA claim nor the Washington state statutory claim. Therefore, Plaintiff will focus this Reply on ECPA Title II.

REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 2 OF 10

WALTERS LAW FIRM PLLC
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

counsel's failure to prosecute this case or return calls to former defense counsel or his client.  The Court is dealing with this delay through its review of the Defendants' pending Motion for Monetary Sanctions re Gergory Cavagnaro (Dkt. # 65). The delay attributed to Mr. Cavaganaro going AWOL has also been dealt with the motion to dismiss, which was denied on March 1, 2010 (*see* Dkt. # 59) and the granting of Plaintiff's unopposed Motion to Reset the Trial Date and Extend the Date for Completion of Discovery and Other Subsequent Dates (Dkt.# 80 and Dkt. # 92 – Order Setting Trial Dates and Related Dates). The Defendants have every right to be frustrated with Mr. Cavagnaro's having gone AWOL on the case, but his delay should not be visited upon this issue.

      Further, the brief 3-1/3 month delay in bringing the Motion for Leave to File First Amended Compliant is excusable.  First, the original complaint encompasses a Title II ECPA claim due to the references to "unauthorized access" stated therein.  This is why there have been many references to Title II of ECPA in the filings from Ms. Bower's new counsel.  These references are set out in the chart on pages 3 and 4 of the Plaintiff's Motion for Leave to File First Amended Compliant and on pages 6 and 7 of this same filing. (Dkt. # 87).  This is also why Plaintiff characterizes the Motion for Leave to File First Amended Compliant as a clarifying motion.  It is hoped that by granting this Motion for Leave to Amend, the court will help the *pro se* Defendants clearly and unequivocally understand what they are up against, and that this may help the parties resolve this case short of trial.  Second, 3-1/3 months is not a long delay for new counsel to come in and get up to speed on a case with procedural irregularities caused by the original Plaintiff counsel's AWOL status.  Finally, the discovery cutoff date is now August 3, 2010 (Dkt. # 92). This gives the defense and the Plaintiff roughly two months to finish discovery and the

defense can engage in new discovery directed at the proposed amendments if they feel the need to do so.  As stated above, notice pleading standards apply here, but Plaintiff's counsel did not want to rely on that fact when a specific recitation to the statutory basis for Plaintiff's claim and remedies could be provided to Defendants by seeking to leave to amend the complaint.

**A.    The Defendants incorrectly state that they limited their discovery efforts to a Wiretap Act claim; they cannot credibly suggest that they are surprised.**

On page 5 of the Plaintiff's Initial Disclosure, at lines 4-7 (Dkt # 10), Plaintiff identified the following relevant documents:

> Letter from Jeffrey Foster to SonoSIte reporting unauthorized access to plaintiff's email account.   Response to Mr. Foster's letter from Kathryn Surace-Smith providing the findings of the internal investigation and his unauthorized access to the Plaintiff's email account.
>
> Juno Online webmail connection logs regarding Plaintiff's email account from March through November 2007 establishing that the Defendants accessed the Plaintiff's email account without her knowledge on at leas[t] 193 separate occasions.

(Dkt # 10).

With respect to a proposed witness from SonoSite. Inc., Plaintiff's Initial Disclosure states that the witness has "Knowledge of internal investigation at SonoSite finding that Robin Kletke secretly logged onto Plaintiff's email account from SonoSIte Computers on several occasions.  (Dkt. # 10 at 2; lines 13-15).  These facts and documents allege a Title II ECPA claim.  Plaintiff's Initial Disclosure was filed over one year ago, on March 6, 2009. It is simply not believable that the defense is surprised that Title II of the ECPA provides a remedy for this conduct.  No prejudice to the defense will result from the granting of the Motion for Leave to File First Amended Complaint.

Further support for a lack of prejudice—and a finding that Title II of ECPA has been litigated by notice pleading and also consent—is found in the Defendants' discovery. Indeed, the defense conducted discovery into Plaintiff's allegations of unauthorized access into her email.  For example, Defendants' First Set of Interrogatories and Requests for Production to Plaintiff, at Interrogatory No. 8 states:  "You allege in your Complaint that on or about September of 2007, you were advised that the Defendants had been secretly obtaining access to your email.  Please state as to that allegation:"  (*See* **Ex. 1** to Walters Declaration in Support of Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Leave to File First Amended Complaint ("Walters Reply Decl.").  The answers to this and Interrogatory No. 7 also include allegations of illegal access to Plaintiff's email:

> Log in records provided by Juno and emails from Robin Cohen and Robin Kletke . . . . showed that Ms. Cohen and Mr. Kletke (via the IP Addresses) had been illegally accessing my email.

(Answer to Interrogatory No. 7; **Ex. 1** to Walters Reply Decl.).

> I contacted Juno, Wilson Lilin, and he provided me with 6 months of login reports from my texdandy@juno.com account. I began checking the IP addresses through a website that tells you where the IP addresses originate from.  I soon found that Mr. Kletke and Ms. Cohen had been logging in to my email. One of the IP addresses belonged to a company named Sonosite, Inc. After contacting them through my attorney, they verified that Mr. Kletke had used their computer to access my email.

(Answer to Interrogatory No. 8; **Ex. 1** to Walters Reply Decl.).

More recently, in their Motion for Reconsideration, the Defendants, now *pro se*, stated that "Plaintiff filed suit in December of 2008 claiming that the Defendants had accessed <u>and</u> viewed emails from her Juno.com email account." (Dkt. # 67, at 2, lines 2-4; underlining in original).  The record demonstrates that the defense has known all along that Plaintiff's claims included allegations of unauthorized access, and that they conducted and received

discovery towards these allegations.  There is no prejudice here and the issue has been litigated.  FRCP 15(b).  The court should grant Plaintiff's Motion for Leave to File First Amended Complaint.

Finally, the proposed amendments are not futile.  Title II of ECPA permits a cause of action against anyone who "intentionally accesses without authorization a facility through which an electronic communication service is provided ... and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. §§ 2701(a)(1), 2707(a). "[E]lectronic storage" means either "temporary, intermediate storage ... incidental to ... electronic transmission," or "storage ... for purposes of backup protection." Id. § 2510(17).  In Theofel v. Farey-Jones, 359 F.3d 1066, 1070 (9th Cir.2004), the Ninth Circuit held that a provider of e-mail Internet Service Provider (ISP) like www.juno.com is an electronic communication services as defined by ECPA's Title II and that the emails stored on the ISP's servers qualified as backup storage as defined by ECPA's Title II.  Theofel, 359 F.3d at 1075.  Theofel is on point and supports Plaintiff's Title II ECPA claim and right to relief under Title II.  A plaintiff can obtain statutory damages in a Title II ECPA of $1000.00 for each unauthorized intrusion.  18 U.S.C. § 2707(c). In Konop v. Hawaiian Airlines, Inc., 355 B.R. 225 (D.Hawaii 2006), the court held that the $1000 statutory minimum damages amount "refer[s] to each unauthorized intrusion in violation of [Title II of the ECPA]." Konop, 355 B.R. at 230. In this case, we have evidence that the Defendants logged on to Ms. Bower's email over 135 times. Thus, statutory damages in the range of $135,000.00 are allowable at trial.  The proposed amendment is not futile because the statutory law protects Plaintiff against the very actions in which the Defendants engaged.  The amendments concern the quantum of damages arising out of facts which the parties

have had notice of since the inception of the case. Moreover, the original compliant includes the standard "catchall phrase" in its prayer for relief: "For such other and further relief as the court may permitted by law or which the Court deems equitable, appropriate or just." (Dkt. # 1). Relief under Title II of the ECPA has always been available to the Plaintiff on the facts alleged; the First Amended Complaint simply clarifies this fact. The court should grant Plaintiff's Motion for Leave to file First Amended Complaint.

### III.  Conclusion & Request for Relief

Allegations of unauthorized access have existed since the inception of this case. Plaintiff's Motion for Leave to Amend, merely clarifies that, if these facts are proven at trial, part of the damages available to them will be authorized by Title II of ECPA. The Defendants have known about these allegations from the start of this case, and they conducted and received discovery on these allegations. Further, since joining the case, Plaintiff's new counsel repeatedly referred to Title II ECPA in his filings without objection, and the Defendants' Motion for Reconsideration indicates that they understand that his case is about their unauthorized access to Plaintiff's email. *See* FRCP 15(b)(2).

The federal system of notice pleading requires only that the Plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). FRCP 15(a)(2) provides that the court "should freely give leave when justice so requires." Justice requires leave in this case because the clarifying amendments are intended to clarify to the Defendants that the repeated allegations of unauthorized access to her email in Plaintiff's original complaint provide a remedy under Title II of the ECPA. No prejudice to the Defendants' trial preparation occurs from granting the Motion for Leave to Amend.

1  Plaintiff respectfully asks that the court grant this Motion for Leave to File First
2  Amended Complaint.
3  Dated this 28th day of May 2010.

4  WALTERS LAW FIRM PLLC

*[signature: Mark Walters]*

_____
Mark Walters, WSBA 25537
Attorney for Plaintiff, Christie Bowers

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 8 OF 10**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2010, I electronically filed the documents listed below with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

*Pro Se* Defendant

Robin Kletke
16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com
r2agility@verizon.net

*Pro Se* Defendant

Robin Cohen
16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com
r2agility@verizon.net

**Counsel for Plaintiff**

Gregory Cavagnaro, WSBA 17644
Law Offices of Gregory Cavagnaro
1400 112th Avenue SE #100
Bellevue, WA 98004
greg@gcavlaw.com

## Documents Filed

1. Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Leave to File First Amended Complaint;

2. Declaration of Mark Walters in Support of Plaintiff's Reply to Defendants' Response to Plaintiff's with attached exhibit.

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**PAGE 9 OF 10**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/EFC participants:

**Not applicable.**

Dated: May 28th, 2010

_____
Mark Walters

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
PAGE 10 OF 10**

**WALTERS LAW FIRM PLLC**
1411 Fourth Avenue | Suite 75
Seattle | WA | 98101
206.254.0444