UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBIN KLETKE and ROBIN COHEN,<br>husband and wife and the marital community<br>composed thereof,<br><br>                    Defendants. | CASE NO. C08-1768 RSM<br><br>ORDER GRANTING IN PART<br>PLAINTIFF'S MOTION TO<br>AMEND COMPLAINT |

## **I. INTRODUCTION**

This matter comes before the Court on Plaintiff's "Motion for Leave to File First Amended Complaint" (Dkt. #87). Plaintiff contends that the amendment to her complaint simply "clarifies" that Plaintiff brings claims under both Title I and Title II of the Electronic Communications Privacy Act ("ECPA") and is necessary because "defendants are now *pro se* and may not understand the liberal notice pleading standards that FRCP 15(b) allows a party to move to amend the complaint at any time to conform to the evidence, even after trial." (Dkt. #87 at 2). Defendants argue that the amendment adds an entirely new cause of action that was not previously pled. The Court finds that the proposed amendment seeks to add a new legal theory, and because the addition of this new claim would prejudice Defendants and is brought after undue delay, the Court denies leave to add the new claim. However, the Court grants leave to file an amended complaint to make various unopposed cosmetic changes.

ORDER
PAGE - 1

## II. BACKGROUND

Plaintiff filed her original complaint on December 5, 2008 alleging three claims: (1) "Violation of Electronic Communications Privacy Act – 18 U.S.C. Chapter 119"; (2) "Washington Communications Interception Violation – RCW 9.73.030"; and (3) violation of the right of privacy. (Dkt. #1). The complaint alleges that Plaintiff maintained a private web-based e-mail account with Juno.com, and Defendant Kletke secretly obtained access to and/or intercepted Plaintiff's personal e-mails by hacking or otherwise accessing her e-mail account without authorization. The complaint also alleges that Defendants disclosed sensitive contents of Plaintiff's private e-mails to others.

Although discovery commenced in March 2009, by December 2009, Plaintiff had conducted almost no discovery and had not responded to Defendants' discovery requests.[1] Despite these serious discovery failings, the Court declined to dismiss the case in December 2009 because less drastic sanctions were available. (Dkt. #38).

The early months of 2010 did not fare any better for Plaintiff. Plaintiff failed to timely provide her expert disclosures, and the Court consequently excluded Plaintiff's expert witnesses. (Dkt. #42). Defendants filed a new motion to dismiss the case as a sanction for discovery abuse, citing new discovery failings by Plaintiff. By that time, Plaintiff retained new counsel. The Court, finding that Plaintiff's previous discovery failings were the fault of her former counsel and reasoning that the case could proceed smoothly with new counsel, again held that lesser sanctions were appropriate and declined to dismiss the case. (Dkt. #59). In so holding, the Court found that Defendants had suffered "significant" prejudice caused by the delays in this case, but that the prejudice was not so substantial as to outweigh the public policy in deciding cases on the merits. (Dkt. #59 at 5-6). As a result of the delays, the Court moved the trial date to November 8, 2010, seven months after it was originally scheduled.

Plaintiff now moves to amend her complaint. The proposed amendment does not add

---

[1] A more complete recitation of the history of this case is provided in the Court's Order Granting in Part and Denying in Part Defendants' Motion for Sanctions, Docket No. 59.

ORDER
PAGE - 2

any additional facts.  The disputed change concerns the language of Plaintiff's first claim.[2]  The title of the first cause of action in the original complaint reads: "First Cause of Action – Violation of Electronic Communications Privacy Act – 18 U.S.C. Chapter 119." (Dkt. #1).  It goes on to state that Defendants' unauthorized access of Plaintiff's e-mail account "constitutes the unlawful interception and use of plaintiffs [sic] private electronic communication in violation of 18 U.S.C. Chapter 119." (*Id.*).  Further, it alleges that Defendants disclosed Plaintiff's private e-mail communications in violation of 18 U.S.C. § 2520 (part of Chapter 119). (*Id.*).

The proposed First Amended Complaint would change the title of the claim to "Violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*" (Dkt. #88 at 15).  It would also change "in violation of 18 U.S.C. Chapter 119" to "in violation of Title I and Title II of the Electronic Communications Privacy Act, commonly known as the Wiretap Act and Stored Communications Act . . . ."  Similarly, it alleges that Defendants' disclosure of private e-mail violates Title I and Title II of the ECPA, not simply 18 U.S.C. § 2520.

### III. DISCUSSION

**A. Legal Standard**

According to Federal Rule of Civil Procedure 15(a), the Court should "freely give" leave to amend a complaint "when justice so requires."  The Ninth Circuit has dictated that this rule is to be interpreted with "extreme liberality."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  The Court considers four factors in deciding whether to permit an amendment: (1) bad faith on the part of the plaintiff; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).  Prejudice to the opposing party is the most important factor.  *Jackson*, 902 F.2d at 1387.  "Absent prejudice or a strong

---

[2] The proposed amendment makes additional cosmetic changes that are not seriously in dispute and not fully described here.

ORDER
PAGE - 3

showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants argue that Plaintiff's request to amend her complaint should be analyzed under Rule 16(b) rather than Rule 15(a). Rule 16(b) applies to a motion to amend a complaint where allowing the amendment would necessarily require modification of a court scheduling order and requires a showing of "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. Proc. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). Here, however, no scheduling order expressly precludes the amendment, rendering *Johnson* inapposite. *See Johnson*, 975 F.2d at 608 (expressly noting that the case addresses the "narrow question" of when a party may join an additional defendant once the court has entered an order limiting the time for joinder). While granting leave to amend may require extension of discovery deadlines as a practical matter, and thus indirectly affect a scheduling order, this possibility is more properly addressed under the prejudice prong of a Rule 15(a) analysis. Thus the Court will apply Rule 15's liberal standard rather than Rule 16.[3]

**B. The Proposed First Amended Complaint Adds a New Claim**

Before turning to the factors, the Court addresses the parties' dispute regarding whether the proposed amendment clarifies an existing claim or adds a new claim under a new legal theory. Plaintiff contends the amendment merely clarifies that she brings a claim under both Title I and Title II of the ECPA. Defendants contend that the original complaint only set forth a claim under Title I of the ECPA, and the proposed amendment seeks to add a claim under Title II. A bit of background regarding the ECPA is required.

The ECPA was passed in 1986. It is separated into three titles, only the first two of which are relevant here. Title I of the ECPA amended the Omnibus Crime Control and Safe Streets Act of 1968 and is now more commonly known as the Wiretap Act. ECPA Pub. L. No.

---

[3] Plaintiff has not shown good cause for the delay in amending her complaint. Accordingly, if the Court were to apply Rule 16, it would deny the motion to amend.

ORDER
PAGE - 4

99-508, 100 Stat. 1848 (1986); *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)*; United States v. Councilman*, 418 F.3d 67, 72 & n.7 (1st Cir. 2005).  The Wiretap Act is codified at 18 U.S.C. § 2511 *et seq.  See Theofel v. Farey-Jones*, 359 F.3d 1066, 1072 (9th Cir. 2004).  It prohibits "intentional[] intercept[ion]" of an "electronic communication" and the intentional disclosure or "use" of the contents of an intercepted electronic communication.  18 U.S.C. § 2511(a)-(d).  Title II of the ECPA created the Stored Communications Act ("SCA"), which is codified at 18 U.S.C. § 2701 *et seq.* and prohibits the unauthorized access of an "electronic communication" while it is in "electronic storage" and unauthorized access of a facility through which an "electronic communication service" is provided.  18 U.S.C. § 2701; *Theofel*, 359 F.3d at 1072; *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 874 (9th Cir. 2002).  The Wiretap Act is located in Chapter 119 of the U.S. Code while the SCA is in Chapter 121.

Plaintiff's original complaint describes the first claim as a "Violation of Electronic Communications Privacy Act – 18 U.S.C. Chapter 119."  If one ignores the citation to Chapter 119, the claim could conceivably put Defendants on notice that Plaintiff's claims arise under both Title I and Title II of the ECPA.  However, the addition of "18 U.S.C. Chapter 119" makes it clear that the claim Plaintiff asserts in her original complaint arises under only a specific portion of the ECPA – namely Chapter 119, the Wiretap Act.  Plaintiff's allegation that Defendants' access "constitutes the unlawful interception and use of plaintiffs [sic] private electronic communication in violation of 18 U.S.C. Chapter 119" only further reinforces this conclusion.[4]  The language "interception" and "use" of an "electronic communication" tracks the language in the Wiretap Act.  *See* 18 U.S.C. § 2511(a)-(d).  Moreover, there is no language under the first claim's heading in the original complaint regarding "electronic storage" or a "facility through which an electronic communication service is provided," which would indicate that Plaintiff was brining a claim under the SCA.  *See* 18 U.S.C. § 2701(a).  Therefore, the Court finds that the original complaint did not give fair notice of an SCA claim. Accordingly, the Proposed Amended Complaint adds a new claim not previously pled.

---

[4] So does paragraph 2.3 of the original complaint, which states for purposes of jurisdiction that the action arises in part under the ECPA – 18 U.S.C. Chapter 119.

ORDER
PAGE - 5

**C. Application of *Foman* Factors**

The Court finds that undue delay weighs against granting leave to amend to add a new claim. In evaluating undue delay, the Court inquires into "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Amerisourcebergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson*, 902 F.2d at 1388). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986); *see also Bonin v. Calderon*, 59 F.3d 815, 845 ("[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."). It is undisputed that the proposed amendment adds no additional facts. Nor can it reasonably be disputed that Plaintiff could have pled a claim under the SCA in the original complaint eighteen months ago. Even if it may have been Plaintiff's former counsel's fault that Plaintiff did not properly plead an SCA claim, counsel's failings are attributed to Plaintiff. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). An eighteen month delay in pleading a claim is unreasonable. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (eight month delay unreasonable); *Jackson*, 902 F.2d at 1388 (same).

Undue delay alone is generally not dispositive. In this case, however, the delays caused by Plaintiff's failure to participate in discovery throughout 2009 combined with additional delays that would occur if Plaintiff were granted leave to add an additional claim amount to substantial prejudice. In its prior rulings, this Court has concluded that prejudice to Defendants can be presumed from unreasonable delay. (Dkt. #59 at 4); *see In re PPA Products Liability Litigation*, 450 F.3d 1217, 1227 (9th Cir. 2006). Although that prejudice was not enough, by a narrow margin, to warrant outright dismissal of this case when that issue was presented to the Court, it is too much for Defendants to endure an additional cause of action that could have been brought earlier.

A need to reopen discovery and therefore delay the proceedings supports a finding of prejudice. *Lockheed Martin Corp*, 194 F.3d at 986. Plaintiff argues that no additional discovery, or minimal discovery, is needed with regard to a new SCA claim because the claim is based on the same facts as Plaintiff's Wiretap Act claim. While this argument has some merit, the Court rejects it. It is true that much of the discovery for an SCA claim in this case will overlap with discovery for the Wiretap Act claim; the parties will seek to discover who viewed which e-mails, when, and how. But the Wiretap Act and the SCA require distinct elements that require divergent expert research. The Wiretap Act requires an "intercept[ion]" while the SCA requires unauthorized access of a "facility through which an electronic communication service is provided" or access of a communication in "electronic storage." *Compare* 18 U.S.C. § 2511 *with* 18 U.S.C. §2701. Answering the question whether e-mails on a web-based e-mail account are in "electronic storage" as defined by the SCA, for example, likely requires expert testimony regarding how the technology functions. *See* 18 U.S.C. § 2510 (limiting definition of "electronic storage" to "temporary, intermediate storage . . . incidental to" an electronic transmission or storage for backup protection purposes); *Councilman*, 418 F.3d at 69-70 (discussing technical aspects of e-mail delivery which were important to the outcome of Wiretap Act and SCA claims); *Konop*, 302 F.3d at 874-75 (discussing technical aspects of viewing a secure web site, which affected the analysis for Wiretap Act and SCA claims). Since at this point in the proceedings expert disclosure deadlines have already passed, it would be prejudicial to allow a new claim to go forward requiring expert testimony. The Court could of course extend the expert disclosure deadline, but this would only create more prejudicial delay.

Because granting Plaintiff leave to add an additional claim would unduly prejudice Defendants and because Plaintiff's delay in bringing the claim is unexcused, the Court denies leave to amend to bring a new SCA claim.[5] The Court need not discuss whether the amendment would be futile.

---

[5] Plaintiff argues that the SCA claim has been litigated by the parties and therefore, according to Rule 15(b)(2), it must be treated as if it were raised by the pleadings. The Court rejects this contention as both factually

ORDER
PAGE - 7

**D. Cosmetic Amendments**

In addition to adding a claim under the SCA, the Proposed First Amended Complaint makes several cosmetic corrections. These include capitalization of "Plaintiff," corrections of typos, an addition of statutory language to Plaintiff's claim under RCW 9.73.030, and some embellishment on the relief Plaintiff is seeking. Defendants do not provide any reasoned argument why these changes should not be allowed. Accordingly, Plaintiff is granted leave to amend with respect to these changes. Plaintiff may not, however, make any of the proposed changes that refer to violations of ECPA Title II.[6]

## IV. CONCLUSION

The Proposed First Amended Complaint does much more than "clarify" the issues for *pro se* Defendants; it adds a new cause of action. Because the addition of a new SCA claim is untimely and prejudicial, the motion for leave to amend is denied with respect to the addition of that claim. The motion is granted in part with respect to other cosmetic changes.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. #87) is GRANTED IN PART and DENIED IN PART as described above.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 21 day of July, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

and legally incorrect. As *pro se* Defendants point out, Rule 15(b) only applies to amendments to the complaint during and after trial and pertains to issues actually *tried* at trial. Plaintiff rightly abandoned this argument in her reply brief.

[6] Proposed amendments the Court disallows include: (1)the change to ¶ 2.3; (2) changes to Section IV other than correction of typos and capitalization of "Plaintiff's"; (3) changes to ¶ VII.C.

ORDER
PAGE - 8