Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>             Plaintiff,<br><br>      vs.<br><br>ROBIN KLETKE and ROBIN COHEN,<br>husband and wife and the marital community<br>composed thereof,<br>             *Pro Se* Defendants | ) Case No.: C08-1768RSM<br>)<br>) DEFENDANT'S MOTION FOR<br>) SUMMARY JUDGMENT<br>)<br>)<br>) NOTE ON MOTION DOCKET:<br>) AUGUST 20, 2010<br>)<br>) |

INTRODUCTION AND RELIEF REQUESTED

Defendants Robin Kletke and Robin Cohen, pursuant to Fed.R.Civ.P 56, file this Motion for Summary Judgment.  With this motion, Defendants move the court to dismiss all claims against them.  Plaintiff, Christie Bowers, brought three claims for relief against the Defendants under the following statues (Dkt #1):  Federal Wiretap Act (18 U.S.C 119 § 2520), Washington State Wiretap (RCW 9.73.030), and Washington Privacy Act (RCW 9.73.060).

Plaintiff alleges that Defendants intercepted and viewed her electronic communications and disclosed the contents of those electronic communications to third parties. In over a year and a half of discovery, after numerous court orders and sanctions, Plaintiff has failed to show any evidence of interception, recording, or disclosure of her emails.  Also, the dispositive case law in the Ninth Circuit holds that the alleged access to Plaintiff's email and email account is not classified as an "interception" and therefore is not applicable to Wiretap laws.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1
DefendantsMotionForSummaryJudgment.doc

The material facts regarding these claims are not in dispute and case law in the Ninth Circuit indicates no violation of any Wiretap law.  Therefore Defendants are entitled to summary judgment as a matter of law.

<div align="center">STATEMENT OF MATERIAL FACTS</div>

The Plaintiff specifically alleged that Juno.com would provide records of the interception and viewing of emails from her Juno.com email account (DKT #1 § 3.7).  Plaintiff also alleged that Defendants gained access and viewed emails with specific contents (DKT #1 § 3.11) and that Defendants disclosed the contents of Plaintiff's emails to third parties (DKT #1 § 6.2).

The record in this case has mainly dealt with Defendant's attempts to procure relevant discovery responses from the Plaintiff pertaining to the allegations in the complaint.  However, in over 18 months of discovery, the Plaintiff has not produced material evidence necessary to show a violation of the statutes indicated in her complaint.  Specifically:

1. There is no evidence that the Defendants *intercepted* any of the Plaintiff's electronic communications.

2. There is no evidence that the Defendants *recorded* any of the Plaintiff's electronic communications.

3. There is no evidence that the Defendants *disclosed* the contents of any of the Plaintiff's electronic communications to third parties.

<div align="center">AUTHORITY FOR SUMMARY JUDGMENT</div>

Summary judgment is proper where the pleadings and supporting material "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  All reasonable factual differences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

The moving party needs only show the absence of material fact.  In this case, Defendants are not required to prove a negative – namely that evidence of interception and recording does not exist. As the US Supreme Court held:

> "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In response to the supported motion, the adverse party may not rest on its mere allegations or denials, but must instead "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). However, not every disputed fact will preclude summary judgment. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Anderson, 477* U.S. at 248.

## ARGUMENT

I.   The Court should grant Defendant's motion for Summary Judgment on Plaintiff's First Cause of Action because there is no evidence of interception of any electronic communication.

Plaintiff's First Cause of Action (DKT #1 § IV) alleges violation of the Electronic Communications Privacy Act (ECPA) – 18 USC Chapter 119 (The Wiretap Act).  The Wiretap Act authorizes suit against anyone who "intentionally intercept[] … any wire, oral, or electronic communication." 18 U.S.C §§ 2511(1)(a), 2520(a). *See Theofel v. Farey-Jones, 359 F. 3d 1066 at 1077 (9th Cir. 2004).*

In the Ninth Circuit, the dispositive ruling on the Wiretap Act is *Konop v. Hawaiian Airlines, Inc.,* 302 F.3d 868 (9th Cir.2002).  Quoting *Theofel at 1077-1078* "[T]he Act applies only to "acquisition contemporaneous with transmission." *Id.* at 878. Specifically, "`Congress did not

intend for "intercept" to apply to "electronic communications" when those communications are in "electronic storage."'" *Id.* at 877 (quoting *Steve Jackson Games,* 36 F.3d at 462). *Konop* is dispositive, and the district court correctly dismissed the claim."

Plaintiff asserts that Defendants accessed her Juno.com email account and intercepted and viewed her emails in violation of the Wiretap Act.  The Ninth Circuit has determined that emails residing on an Internet Service Provider (ISP) are in electronic storage, see *Theofel at 1077*. Therefore, <u>even if the allegations of access to plaintiff's emails were taken in the light most favorable to the Plaintiff, such access is not a violation of the Wiretap Act.</u>

Additionally, to be an interception, the acquisition of the electronic communication must be of the *contents* of the communication.  18 U.S.C 2510(4).  See definition of contents in the act. Congress amended the definition in 1986 to distinguish between the substance, purport or meaning of the communication and the *existence of the communication or transactional records about it*.  See Senate Report 99-541.

Plaintiff has not shown any evidence of the contents of any electronic communication that she feels has been intercepted.  Actually, Plaintiff's attorney, Mr. Cavagnaro, states in his "Declaration of Gregory P. Cavagnaro In Opposition to Defendant's Motion for Monetary Sanctions" (DKT #75, pg 5, lines 10-14):

> "I also informed Mr. Murphy, consistent with Ms. Bowers responses that she was not in possession of particular emails viewed in secret by the Defendants.  I explained to him that although we could identify the time and date of unauthorized access by the defendants, the particular emails contained in Ms. Bowers email in-box were not identifiable."

Plaintiff's new counsel, Mr. Walters, reiterated Mr. Cavagnaro's statements concerning the inability to identify any emails that had allegedly been viewed.  See Exhibit A - "Declaration of Defendants in Support of Defendants's opposition to Withdraw Mr. Cavagnaro" (DKT #70, Exhibit A – Email from Mr. Walters to Defendants):

> "I am also aware that you asked for copies of Ms. Bowers' emails that you viewed, and that you believe this is outstanding.  I explained to Mr. Murphy that we have no way of

identifying which of Ms. Bowers' email messages that the two of you accessed and viewed so we cannot possibly produce them."

Plaintiff has not produced any "contents" of allegedly intercepted electronic communications and has not produced any evidence of "interception" of any electronic communications.

Even if Plaintiff's allegations of access are viewed in the light most favorable to the Plaintiff, those accesses would not be *interception* of *contents* and therefore not a violation of 18 U.S.C 119.  The Plaintiff's First Cause of Action should be dismissed as a matter of law.

II.   The Court should grant Defendant's motion for Summary Judgment on Plaintiff's Second Cause of Action because there is no evidence of interception or recording of any private communication.

Plaintiff's Second Cause of Action (DKT #1 § IV) claims a violation of RCW 9.73.030 for "Defendant's intentional and repeated unauthorized access to plaintiffs email(s) and email account".  RCW 9.73.030 states:

(1) Except as otherwise provided in this chapter, it shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any:

(a) Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication;

A violation of RCW 9.73.030 requires either interception or recording of a private communication (electronic communication in this case) by a device.   Here, the Plaintiff has not shown any evidence that any communication was intercepted or recorded.  The Plaintiff has also not shown or identified any communications that would classify as a "private communication". In fact, Plaintiff has clearly stated that she does not possess and cannot identify any particular emails in question, see Declaration of Mr. Cavagnaro (DKT #75, pg 5) and email from Mr. Walters (DKT #70, Exhibit A).

In order to show a violation, Plaintiff must first show a communication and that it was private.  She has failed to produce any such communications.  She would then have to show

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

evidence of actual interception or recording of a "communication transmitted by...other device ..." by a device. She has failed to produce any evidence of interception or recording.

Plaintiff has alleged access to her email and email account. Even if those allegations are viewed in the light most favorable to the Plaintiff, they do not constitute interception or recording and accesses do not themselves identify any private communications. Plaintiff has failed to produce any evidence of interception or recording of any private communication and the Plaintiff's Second Cause of Action should be dismissed as a matter of law.

III.    The Court should grant Defendant's motion for Summary Judgment on Plaintiff's Third Cause of Action because there is no evidence of disclosure to any third parties and because disclosure is not a violation of the Washington Privacy Act.

Plaintiff's Third Cause of Action (DKT #1 § VI) claims a violation of Right of Privacy by disclosing the contents of private email communications to third parties. The applicable state statute is RCW 9.73.060 and it states:

> Any person who, directly or by means of a detective agency or any other agent, violates the provisions of this chapter shall be subject to legal action for damages, to be brought by any other person claiming that a violation of this statute has injured his business, his person, or his reputation. A person so injured shall be entitled to actual damages, including mental pain and suffering endured by him on account of violation of the provisions of this chapter, or liquidated damages computed at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars, and a reasonable attorney's fee and other costs of litigation.

Because Plaintiff has not shown any interception or recording of any private communication, there has been no violation of RCW chapter 9.73. Therefore, there is no civil action allowed under RCW 9.73.060.

Plaintiff also claims that the "disclosure" of private email communications to third parties is a violation of RCW 9.73.060. The statute does not, however, prohibit the dissemination or divulgence of the recorded conversations. *See Kearney v. Kearney, 974 P. 2d 872 at 876 - Wash: Court of Appeals, Div. 2 1999.*

Because Plaintiff cannot show a violation of RCW 9.73 for intercepting or recording any private communication, and because disclosure of private communications is not a violation, the Plaintiff's Third Cause of Action should be dismissed as a matter of law.

IV.   <u>The Court should grant Defendant's motion for Summary Judgment on all claims because even if true, the alleged actions do not constitute a violation of Federal or State Wiretap Laws</u>

Plaintiff alleges that Defendants accessed her Juno.com email account.  She then attempts to categorize those alleged accesses as "interceptions" in violation of Federal and State Wiretap Acts.  The Ninth Circuit has held that an interception must be contemporaneous with transmission.  In fact the Ninth Circuit has held that interception is acquisition simultaneous with the original transmission of the communication, *see Konop at 877*.  *Konop* and *Theofel* were established as the dispositive rulings in the Ninth Circuit well before this lawsuit was filed.

Also, a clear reading of RCW 9.73.030 shows a violation if a "private communication transmitted" is intercepted or recorded.  This closely matches the meaning of the Federal Wiretap Act and would require interception or recording of the transmission of a private communication.  Therefore, access to emails on a Juno.com ISP would not violate Federal or Washington State wiretap statutes (18 U.S.C. 119 § 2520, RCW 9.73.030).

It is also clear that disclosure of emails does not violate the Washington State Privacy (RCW 9.73.060) law, *See Kearney v. Kearney*.

Even if viewed in the light most favorable to the Plaintiff, the alleged access, by definition, never met the requirements of either the Federal or Washington State Wiretap statutes, and disclosure does not violate the Washington State Privacy law.  Since there are no violations, all claims should be dismissed as a matter of law.

<CENTER>CONCLUSION</CENTER>

This lawsuit was brought by Plaintiff because she felt that Defendants had intercepted, viewed, and disclosed information from emails in her Juno.com email account.  Plaintiff sued under Federal Wiretap, Washington State Wiretap, and Washington State Privacy laws.

However, after 18 months of discovery and numerous court orders to produce evidence, Plaintiff has failed to show any evidence of interception, recording, or disclosure of any protected communications as required by the various statutes in question.  Likewise, Plaintiff has failed to produce any actual communications and has indicated that she cannot identify any particular email that has been accessed.  Furthermore, even if the allegations are viewed in the light most favorable to the Plaintiff, those allegations do not indicate a violation of Federal or Washington State Wiretap Laws as held by *Konop* and *Theofel.*

Without evidence of interception or recording of the transfer of communications, Plaintiff has failed "to make a showing sufficient to establish the existence of an element essential to that party's case", *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[S]ince a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial", *Id.* the Defendants are entitled to a dismissal judgment as a matter of law.

The Defendants hereby request the Court enter a judgment dismissing all claims under Fed.R.Civ.P 56.


Dated this __29th___ Day of July, 2010 at Woodinville, WA


Robin Cohen        Robin Kletke

16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8
*DefendantsMotionForSummaryJudgment.doc*

CERTIFICATE OF SERVICE

We, Robin Kletke and Robin Cohen, herby certify that on July _29th___, 2010, we filed with

the Clerk of the Court via CM/ECF the foregoing DEFENDANT'S MOTION FOR

SUMMARY JUDGMENT. Said CM/ECF filing will send notifications of this filing to the

following:


    Gregory Cavagnaro
    Law Offices of Gregory Cavagnaro
    1400 112th Avenue SE #100
    Bellevue, WA 98004
    Lead Attorney for Plaintiff

    Mark Walters
    1411 Fourth Avenue, Suite 75
    Seattle, WA 98101
    Attorney for Plaintiff


We certify under penalty of perjury, under the laws of the State of Washington, that the

foregoing is true and correct.

Dated this _29th____ Day of July, 2010 at Woodinville, WA


_____
Robin Cohen    Robin Kletke