Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>          Plaintiff,<br><br>vs.<br><br>ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof,<br>          *Pro Se* Defendants | Case No.: C08-1768RSM<br><br>DEFENDANT'S REPLY TO PLAINTIFFS RESPONSE TO MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION DOCKET:<br>AUGUST 20, 2010 |

INTRODUCTION

Defendants Robin Kletke and Robin Cohen, file this Reply to Plaintiff's Response to our Motion for Summary Judgment. Defendants have raised a simple issue for summary judgment – complete lack of evidence that any particular email has been intercepted, recorded, or disclosed. Plaintiff alleged that she could identify 139 emails that had been intercepted and viewed. She also alleged that the contents of those emails had been disclosed to third parties. Throughout these proceedings, the defendants have repeatedly asked (and the Court has ordered multiple times) production of the emails in question and the evidence that those emails had been intercepted and/or recorded by the Defendants.

In her response to this summary judgment, what the Plaintiff has produced is a mountain of numbers, charts, tables, technical explanations, and other documentation. The Defendants object to almost all of this "new" information as immaterial to the issues raised by this summary

DEFENDANT'S REPLY TO PLAINTIFFS RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 1
DefendantsReplyToPlaintiffsResponseToMotionForSummaryJudgment.doc

judgment motion and as violations of Fed.R.Civ.P 26 governing witness identification and supplemental disclosure of discovery. Plaintiff's continued violation of the Rules of Civil Procedure stretches her credibility beyond belief.

Since the plaintiff has failed to produce any material evidence of interception, recording, or disclosure of any emails, Defendants are entitled to summary judgment dismissing all claims.

DISCUSSION OF CLAIMS #1 AND #3 – 18 USC 2520 AND WASHINGTON PRIVACY

In her response, Plaintiff admits that her interception claim under 18 USC 2520 and her Washington State Privacy claim should be dismissed. She blames her lack of expert witness testimony for her inability to prove these claims. Defendants agree that without expert testimony Plaintiff could not possibly prove her case.

However, it is Plaintiff's failure to show any material evidence of interception or recording that ultimately supports dismissal on summary judgment and renders all other facts immaterial. As the US Supreme Court held:

> "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, ... since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily <u>renders all other facts immaterial</u>. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (underline emphasis added).

DISCUSSION OF CLAIM #2 – RCW 9.73.030

The statute requires that a private communication be identified has having been intercepted or recorded by a device. In this case, Plaintiff has admitted that interception does not apply so they are alleging that emails have been recorded.

The meaning of the verb "record" from the Merriam-Webster Online dictionary is: *transitive verb* – "**3 :** to cause (as sound, visual images, or data) to be registered on something (as a disc or magnetic tape) in reproducible form". This plain English definition of "record" means that there

DEFENDANT'S REPLY TO PLAINTIFFS RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 2
DefendantsReplyToPlaintiffsResponseToMotionForSummaryJudgment.doc

must be something in a reproducible form produced as a product of the recording of one of Plaintiff's emails. In this case, a printout, electronic copy, posted copy to the internet, forwarded email, or some other reproduction of Plaintiff's email that was linked to the Defendants would support her claims. <u>Nothing of that nature has ever been produced</u>. Plaintiff attempts to define "record" as a display on a computer monitor and alleges that it is common knowledge how a computer manages such an activity. That does not fit the definition of "record", requires expert analysis, and is basically flawed. Her analysis is akin to concluding that your television set records a TV show simply because it is displayed on the screen, it just doesn't make common or logical sense.

If evidence of a violation of RCW 9.73.030 existed, Plaintiff could have simply responded to this summary judgment by pointing to a specific email and evidence that the email had been recorded. Instead, Plaintiff filed several hundred pages of motion, information, allegations, and conclusions in an attempt to hide the fact that they couldn't identify any actual <u>recordings</u> of any emails. Plaintiff's burden was to produce some actual evidence of an email recording, see *Keenan v. Allan, 91 F.3d 1275, 1279 (9$^{th}$Cir. 1996)*

> As other courts have noted, "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Richards v. Combined Ins. Co.,* 55 F.3d 247, 251 (7th Cir.1995); *see also Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992) ("[The nonmoving party's] burden to respond is really an opportunity to assist the court in understanding the facts. But if the nonmoving party fails to discharge that burden-for example, by remaining silent-its opportunity is waived and its case wagered.").

In this case, the Plaintiff has clearly admitted that she does not have any emails that she can prove were intercepted or recorded. See "Declaration of Gregory P. Cavagnaro In Opposition to Defendant's Motion for Monetary Sanctions" (DKT #75, pg 5, lines 10-14):

> "I also informed Mr. Murphy, consistent with Ms. Bowers responses that she was not in possession of particular emails viewed in secret by the Defendants. I explained to him that although we could identify the time and date of unauthorized access by the defendants, the particular emails contained in Ms. Bowers email in-box were not identifiable."

DEFENDANT'S REPLY TO PLAINTIFFS RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 3
DefendantsReplyToPlaintiffsResponseToMotionForSummaryJudgment.doc

See also Exhibit A - "Declaration of Defendants in Support of Defendants opposition to Withdraw Mr. Cavagnaro" (DKT #70, Exhibit A – Email from Mr. Walters to Defendants):

> "I explained to Mr. Murphy that we have no way of identifying which of Ms. Bowers' email messages that the two of you accessed and viewed so we cannot possibly produce them."

Also see "Plaintiff's Motion Requesting the Court to Apply the Doctrine of Issue Preclusion" (DKT #99, pg 2, line 26) referencing the initial Anti-Harassment Complaint against Robin Cohen. "**I don't know** what she is doing with my email and how it is affecting my business[.]" (bold emphasis added).

Based on her response to this summary judgment it is clear that the Plaintiff knows that in order to prove a violation of RCW 9.73.030, she will have to show that a private communication was actually recorded. Instead, the plaintiff is relying on her allegations and conclusions. She alleges that the defendants accessed her email account and that the account contained private emails. She then concludes that the combination of those allegations conclusively proves that some emails must have been recorded. That is simply false logic. As indicated by the US Supreme Court:

> In response to the supported motion, the adverse party may not rest on its mere allegations or denials, but must instead "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). However, not every disputed fact will preclude summary judgment. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242. at 248.

Plaintiff admits that without an expert witness she cannot prove her other claims. That also dooms her case regarding RCW 9.73.030. In fact this Court has already identified that the Plaintiff will require expert research in discussion of the required discovery. The court stated (DKT 97 pg 7) "It is true that much of the discovery for an SCA claim in this case will overlap with discovery for the Wiretap Act claim; the parties will seek to discover who viewed which e-mails, when, and how. But the Wiretap Act and the SCA require distinct elements that <u>require</u>

divergent expert research" (emphasis added).  The same requirement is needed in a discussion of interception and recording under RCW 9.73.030.

Defendants object to Plaintiff's apparent expert testimony in her response.  Neither Plaintiff nor her attorney is qualified as an expert on the technical aspects of the internet or email.  She is attempting to be her own expert and explain how web email technology, login records, IP Addresses, email headers, and computer communications work.  The Defendants object to all of her technical descriptions and analysis and the technical conclusions, opinions, and analysis by third parties listed in various declarations.

Because she can't identify any actual recorded email, she is trying to use a technical analysis argument to conclude that the Defendants must have had access to her account, and therefore must have recorded whatever was in that account.  First, without expert testimony and the ability for the Defendants to refute the evidence, the analysis should not be allowed.  Second, even if the element of access could be proved, and if the existence of emails in her account could be proved, that still doesn't conclude that any of her emails were recorded.

Without actual evidence of a recorded email, there is no violation of RCW 9.73.030 and the claim should be dismissed.

DEFENDANT'S OBJECTIONS TO ITEMS IN PLAINTIFF'S RESPONSE AND ASSOCIATED FILINGS

The Defendants strongly object to numerous elements of Plaintiff's Response and her associated Motion for Issue Preclusion and the attached declarations and exhibits.  Given the volume of documentation, it would be difficult, if not impossible, to fully articulate Defendant's objections in the limited space of this Reply.  Therefore, a formal FRCP 37 Motion to Strike will be filed with the court to fully explain Defendant's objections.

<u>Undisclosed Expert Testimony</u>

Plaintiff is attempting to be her own expert witness and offers expert analysis of how internet technology and computers operate.  All such analysis, charts, tables, conclusions, etc. should be stricken from the record since neither the Plaintiff, nor her attorney, is a qualified expert.

Also, many of the exhibits and declarations contained in the Plaintiffs Response to Summary Judgment and her associated Motion for Issue Preclusion contain technical analysis and conclusions by third parties.  None of these third parties have been listed as expert witnesses.  The qualifications of these people have not been disclosed, and their opinions, conclusions, and inferences should be stricken.  Also, since Plaintiff does not have any experts to explain or analyze the raw information and data used to make the conclusions, opinions, and inferences, those sources of information themselves become immaterial to this case and should be stricken.

These include by are not limited to:

- Technical analysis of how internet based email is processed and viewed (DKT 105, pg 2-3)
- Spreadsheet prepared by Plaintiff (DKT 106, Exhibit A) attempts to conclude that specific IP Addresses necessarily relate to Defendants. An IP Address itself is simply a string of numbers and does not identify any individual. The conclusion that any of the IP Addresses are associated with the Defendants would require expert analysis of the data sources (email headers, login records, workings of the internet, etc). Such analysis is outside the scope of Plaintiff's knowledge and Exhibit A and related references should be stricken.
- Declarations of Brittney MacNeill (DKT 104, Exhibit 3), Debra Cooper (DKT 104, Exhibit 4), Christie Bowers (DKT 104, Exhibit 5) make technical conclusions to the identity and associated IP Address of the source of the email. This requires expert knowledge of the format and usage of email header information. Since none of these persons are experts in this field and have not been identified as experts in this case, these declarations, conclusions, and references to same should be stricken.
- Login records from Juno.com (DKT#s 101-2, 101-3, 101-4, 102-2, 102-3, 102-4, 102-5) and otherwise referenced in the docket records.   These login records are used as the raw data source for many of Plaintiff's conclusions and third party conclusions. They contain IP Addresses, dates, and times. Analysis of this data requires an expert with detailed knowledge of internet technology. Since Plaintiff is not allowed to bring such expert testimony, all inferences, opinions, and conclusions by the Plaintiff, her attorney, or witnesses using this login data should be stricken. This includes references in Plaintiff's Motion for Issue Preclusion (DKT 99, pgs. 4-6).

- Declaration of Ellen Ausmus (DKT 101), items # 7-9 clearly indicate that Ms. Ausmus used a report generated by another individual (Mr. Rossouw) and then proceeded to analyze that report and produce her own handwritten conclusions. Ms. Ausmus has not been shown as an expert in any capacity, especially computer forensics, and therefore her conclusions and analysis should be stricken.

- Declaration of Riaan Rossouw (DKT 103 and Exhibit 1). Mr. Rossouw has not been disclosed as an expert witness and it is obvious that his testimony involves highly specialized knowledge not known by the general public. In addition, his printout (Exhibit 1) does not show that Ms. Bowers' account was accessed. The report shows a spreadsheet generated by Mr. Rossouw that simply lists the "URL" as http://webmail. There is no indication that the internal SonoSite logs actually indicated Ms. Bowers' texdandy@juno.com account. Since Mr. Rossouw was not listed as a witness (or expert witness), the Defendants have not had any opportunity to analyze or refute his analysis and conclusions. Also, Mr. Rossouw concludes that Mr. Kletke was the one to access the account but there is no explanation how that conclusion was reached. Mr. Rossouw's entire declaration and supporting exhibits should be stricken.

### New Claims

Plaintiff is now alleging that defendants deleted email from her account or responded to emails from her account (DKT 105, pg 9). She has offered no facts to support those claims. Since plaintiff has previously been denied the ability to amend her complaint, the defendants ask the Court to strike these and any other new claims from the record.

### Hearsay

There are also many inclusions of evidence in both the Response to Summary Judgment and the Motion for Issue Preclusion referenced by the Response that should be stricken as hearsay testimony.

- Alleged conversation between Defendant's attorney Mr. Shaw and Plaintiff's attorney Mr. Foster where Plaintiff contends Mr. Shaw "admitted" that Defendants had accessed Ms. Bowers' email account. Even if such a conversation took place, it is hearsay and not admissible.

- In the Declaration of Marla Koreis (DKT 102), item #9 contains hearsay testimony that is inadmissible.

### Objection to Email Evidence Introduced

The Defendants object to the inclusion of the emails delivered on July 9, 2010 (Declaration of Mark Walters In Support of Plaintiff's Opposition to Defendant's Motion for Summary

DEFENDANT'S REPLY TO PLAINTIFFS RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 7
DefendantsReplyToPlaintiffsResponseToMotionForSummaryJudgment.doc

Judgment…, DKT #107 Exhibit 1).  The Plaintiff offers these emails as evidence of what might have been accessed but offers no evidence that any of them were in fact accessed by the Defendants.  After 18 months of requesting emails and being told by Plaintiff that the emails did not exist, Defendants are certainly surprised that emails suddenly appeared.

It is obvious by the dates of the emails (2006 and 2007), and by Mr. Walters' statement "These are the remaining emails from Ms. Bowers' texdandy@juno.com email account", that these emails have been in the Plaintiff's possession for 3 years.  Plaintiff contends that these emails are important to her case.  As such, she has been obligated to divulge this information since the beginning of the case.

Plaintiff was obligated to include these emails in her initial disclosures (FRCP 26 (a)(1)(A)(ii)) and should have delivered any supplemental answers to Defendants with an attorney's signature according to FRCP 26(g)(1). She was also obligated to produce these emails in response to Defendant's Requests for Production and Interrogatories. She was certainly required to produce these emails by Court Order numerous times.

FRCP 37 (b) (Failing to Comply with a Court Order) allows the court to strike evidence and claims associated with the failure to comply.  FRCP 37 (c) "Failure to Disclose; to Supplement and Earlier Response, or to Admit" states "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Plaintiff has offered no justification at all for the late delivery of the emails. The delivery of these emails is very surprising and prejudicial. Inclusion of these emails would require additional discovery which is prejudicial to Defendants. In this case, the Court should strike the email evidence provided on July 9, 2010 because of FRCP 26 violations.

Without any emails, there is no way to prove a violation of RCW 9.73.030 and the claim should be dismissed.

### Declarations from Previously Undisclosed Witnesses - Riaan Rossouw, Ellen Ausmus, and Marla Koreis

Plaintiff has attached declarations from three undisclosed witnesses from SonoSite, Inc. The only persons identified from SonoSite in any of the plaintiff's documentation were Kathy Surace-Smith and Scott Sanbeg. Pursuant to FRCP 26 (a)(1)(A)(i) Plaintiff was required to identify all potential witnesses likely to have discoverable information. Also, FRCP 26 (e)(1)(A) indicates that Plaintiff is required to supplement her initial disclosures and interrogatory answers promptly when changes are discovered. Plaintiff previously subpoenaed SonoSite, Inc. in March 2009 and has repeatedly indicated a desire to depose persons at SonoSite since April, 2010. The dates on the declarations from these three persons are July 28, 2010. Plaintiff must have identified these three individuals at some time prior to July 28, 2010, yet at no time have these three people been identified as witnesses or expert witnesses. The first time the Defendants learned that Plaintiff would be using these three witnesses was on August 16th, 2010 when the witnesses' declarations were filed. That is two weeks after the close of an already extended discovery deadline and is prejudicial to the Defendants.

The declarations from Riaan Rossouw (DKT 103) and Ellen Ausmus (DKT 101) contain much technical information and analysis that fall under the Federal Rules of Evidence 702 and 703. Mr. Rossouw's and Ms. Ausmus' testimony should be treated as expert witness testimony. At no time has the Plaintiff indicated that either person would be called as an expert witness. Also, this Court has previously excluded all expert testimony from the Plaintiff. Therefore, these declarations should be stricken.

Defendants also argue that these three undisclosed witnesses should be excluded based on violations of FRCP 26 (e)(1) and 26(e)(2) and as allowed by FRCP 37 (c)(1). There has been no justification offered by the Plaintiff for the untimely introduction of these new witnesses. The Defendants are surprised by inclusion of these new witnesses. Allowing these new witnesses to testify will prejudice the Defendants by requiring new discovery. This Court has already

1 concluded in its previous order (DKT 97, pg 7) that it would be prejudicial to Defendants to

2 extend discovery at such a late date.

3 The defendants will file a formal FRCP 37 motion requesting exclusion of the emails and

4 SonoSite declarations based on violations of FRCP 26.  However, in compliance with Local

5 Rules, defendants have included their objections in this reply and ask the court to exclude this

6 information and these new witnesses.

## CONCLUSION

Defendants have filed this summary judgment motion based on the complete lack of evidence presented by the Plaintiff.  Plaintiff has an obligation to show real evidence of interception or recording of a specific private communication.  The plaintiff has indicated that they cannot identify any specific emails that have been intercepted or recorded and have not offered any material evidence in their response to this summary judgment.

The Plaintiff's argument for violation of RCW 9.73.030 amounts to a recitation of her allegations combined with her own legal conclusion that since she says Defendants accessed her email account, and she claims emails existed there, then the Defendants MUST have therefore recorded her email(s).

Plaintiff is not allowed to simply rely on her allegations to survive summary judgment.  She must present real evidence of interception and recording *(see Anderson).*

The issues in this case are clear from the record and associated filings.  There is no need to burden the Court with an unnecessary Oral Argument as requested by the Plaintiff.

Plaintiff has agreed that her claim under 18 USC 2520 and Washington Privacy Claims (#1 and #3) are futile and should be dismissed. Defendants contend that claim of violation under RCW 9.73.30 (Claim #2) is also futile due to the lack of evidence, and the Defendants renew their request that the Court enter a judgment dismissing all claims under Fed. R. Civ. P. 56.

Dated this __20th___ Day of August, 2010 at Woodinville, WA

_____
Robin Cohen      Robin Kletke

16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com

CERTIFICATE OF SERVICE

We, Robin Kletke and Robin Cohen, herby certify that on August _20th___, 2010, we filed with the Clerk of the Court via CM/ECF the foregoing DEFENDANT'S REPLY TO PLAINTIFFS RESPONSE TO MOTION FOR SUMMARY JUDGMENT. Said CM/ECF filing will send notifications of this filing to the following:

Gregory Cavagnaro
Law Offices of Gregory Cavagnaro
1400 112th Avenue SE #100
Bellevue, WA 98004
Lead Attorney for Plaintiff

Mark Walters
1411 Fourth Avenue, Suite 75
Seattle, WA 98101
Attorney for Plaintiff

We certify under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

Dated this _20th____ Day of August, 2010 at Woodinville, WA

_____
Robin Cohen     Robin Kletke