1
2
3                                                        Honorable Ricardo S. Martinez
4
5
6
7                          UNITED STATES DISTRICT COURT
8                   WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9   CHRISTIE BOWERS,                     )  Case No.: C08-1768RSM
                                         )
10            Plaintiff,                  )  DEFENDANTS RESPONSE TO
                                         )  PLAINTIFFS MOTION FOR ISSUE
11       vs.                             )  PRECLUSION
                                         )
12  ROBIN KLETKE and ROBIN COHEN,        )
    husband and wife and the marital community )
13  composed thereof,                    )  NOTE ON MOTION DOCKET:
              _____    )  SEPTEMBER 10, 2010
                    *Pro Se* Defendants   )

14

15  **<u>INTRODUCTION</u>**

16      Defendants Robin Kletke and Robin Cohen, file this Response to Plaintiff's Motion for Issue

17  Preclusion.  Plaintiff's over length (20 pages) Motion for Issue Preclusion is fundamentally

18  flawed and appears to be brought for an improper purpose.  Common sense and the established

19  case law in the 9th Circuit and US Supreme Court show that the Doctrine of Issue Preclusion

20  does not apply when comparing an anti-harassment hearing with a federal civil suit.

21      Given the timing of filing of this motion, it appears that the reason behind this filing was to

22  introduce certain immaterial documentation into the record so it could be referenced in Plaintiffs

23  summary judgment response.  Plaintiff adds declarations and information, previously

24  undisclosed to the Defendants, two weeks after the close of discovery.  Most of this new

25  information did not exist at the time of the anti-harassment hearing, and therefore has no bearing

26  on this discussion.

Plaintiff's motion is filed for an improper purpose and is clearly flawed.  By filing this legally deficient motion, she is unreasonably multiplying these proceedings.  Defendants ask the court to deny the motion.  Defendants also ask the court to levy appropriate sanctions with its inherent powers against the Plaintiff and her attorney for burdening the Court and the Defendants with this unreasonable motion.

## **ARGUMENT**

Plaintiff has filed this Motion for Issue Preclusion attempting to equate two very different types of legal proceedings with very different evidentiary requirements and burdens of proof.  A simple comparison of the anti-harassment hearing and the current Federal litigation shows that the application of this doctrine is fundamentally flawed.  Plaintiff must have known that, yet she filed this motion only minutes before filing her Response to Defendant's Summary Judgment Motion.  In the instant motion, Plaintiff includes many new witnesses and information that was never disclosed to the Defendants.  Given the clearly incorrect legal theory, it appears that she filed this motion simply as a vehicle to present immaterial information that could be referenced in her Summary Judgment Response.

Issue preclusion, or collateral estoppel, bars relitigation of identical issues that have already been litigated.  There are several standards in various courts.  The federal standard lists three elements as stated in *Town of North Bonneville v. Callaway, 10 F. 3d 1505, 9th Circuit 1993:*

> Under the federal standard, to foreclose relitigation of an issue under collateral estoppel, three elements must be met:
> (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.
> *Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1320 (9th Cir.1992).

The Washington State Supreme Court adds a fourth element: "final judgment on the merits".  Here the Plaintiff fails on all three federal elements and the determination of judgment on the

merits.  The issues are not the same, the issue was not actually litigated by the parties, the

evidence was not analyzed and ruled upon, and the conclusive determination of prior access to an

email account was not critical or necessary to an order preventing contact with the Plaintiff.

### The Issues are not Identical

At the anti-harassment hearing, the issue of email account access was of <u>future</u> access to the

account.  The issue in this case is of liability for alleged <u>past</u> actions.  The court was very clear

that they were NOT ruling on the issue of criminal or civil liability based on alleged past email

account access, they were ruling on the specific issue of a possible future no-contact order:

Judge Kimmerly stated:

> THE JUDGE: All right. Well, let's be clear what we are not doing today. <u>We are not deciding</u>
> <u>whether there has been any criminal activity</u>. There has been allegations and apparently there
> is some investigation underway as to whether there has been some computer trespass activity
> taking place. <u>I don't know and I'm not making any decision about that today</u>. That is a law
> enforcement and prosecutor bailiwick, not this court under the anti-harassment statute. <u>We</u>
> <u>are not deciding, either, whether there is any other activity involved in terms of any business</u>
> <u>deals, business relationships, business competition.</u> Whatever there is, there is. And whether
> there is any civil action going to further civil action will result from any of that activity, I
> have no idea and I'm not making any decision about it.
>
> <u>The only question before me is Ms. Bowers' request that Ms. Cohen and Mr.</u>
> <u>Kletke be directed, under the anti-harassment statute, to have no further contact with her</u>.
> (DKT 99, pg. 7, lines 20-22)(Underline emphasis added).

Plaintiff stated in her Motion (DKT 99, pg 10, lines 21-22) "which involved the <u>exact same</u>

<u>evidence</u> relevant to this action on these same factual issues and these exact same parties."

(Underline added).  The date of the anti-harassment hearing was Feb. 19, 2008.  The date of the

letter from SonoSite is Feb. 25, 2008 (DKT 102-8, Kories Decl., Exhibit 3).  The dates of the

various declarations from SonoSite are July 28, 2010.  It is obvious by the timing, that none of

the SonoSite information was used at the hearing.

Plaintiff is incorrect and misleading when she includes ANY of the SonoSite, Inc. documents in relation to the anti-harassment hearing and order.  The evidence in the two issues is not the same and therefore the two issues are not identical.

**Burden of Proof is Very Different**

The burden of proof in an anti-harassment hearing is much lower than in a federal civil suit. In the anti-harassment hearing, the judge did not need to rule on the evidence presented.  He simply needed to determine if there was sufficient cause for a no contact order.  In the current case, the Plaintiff's burden of proof is much higher.  When the burden of proof is much higher in the second action, collateral estoppel is not applicable.  *See Dias v. Elique, 436 F. 3d 1125 - Court of Appeals, 9th Circuit 2006:*

> ("[C]ollateral estoppel does not preclude claims that have a different burden of proof than previously decided claims. . . ."). *See also Cobb v. Pozzi,* 363 F.3d 89, 114 (2d Cir.2004) ("A party's success in an earlier proceeding where it faced a lower burden of proof does not mean that, against a higher burden of proof in a subsequent proceeding, that party would achieve the same result."); *Wimsatt v. Beverly Hills Weight Loss Clinics Int'l, Inc.,* 32 Cal.App.4th 1511, 38 Cal.Rptr.2d 612, 619 (1995) (stating that the court of appeals has squarely held that "collateral estoppel effect should not have been given the earlier findings because they were made using a *different standard of proof than required for the later hearing.*").

**Discussion of Previous Litigation and Judgment on the Merits**

The merits of any evidence were not decided at the anti-harassment hearing.  Judge Kimmerly made it clear the he didn't fully understand the technical issues and was not ruling on them.  Judge Kimmerly stated "*Well, perhaps a revelation of my computer ignorance, but an IP address, isn't it similar to a telephone, if you are having difficulties you change your phone number?*"  (DKT 99, pg. 8, lines 24-24 thru pg. 9 lines 1-2).  No discovery was performed and there was no litigation of any of the evidence presented.

Plaintiff argues that since the anti-harassment order was not appealed, it is a final decision on the merits.  She give a definition of "final decision or judgment" from Black's Law Dictionary,

but does not give a definition of "on the Merits".  Since Judge Kimmerly's decision was clearly not made by an analysis of litigated facts and evidence, it is not a decision "on the Merits" and therefore not applicable to the Doctrine of Issue Preclusion.  His decision might well be a "final judgment" for anti-harassment purposes, but it is not a "final judgment on the merits".

Plaintiff paints herself into a very sticky corner.  In Plaintiff's Motion for Issue Preclusion, she gives a definition of "final decision or judgment" is "One which leaves nothing open to further dispute and which sets at rest cause of action between the parties. One which settles rights of parties respecting the subject matter of the suit and which concludes them until it is reversed or set aside." (DKT 99, pg. 14, lines 18-21).  If that is correct, then her claims of access to her email account should be stricken from her complaint since they have already been decided. The Doctrine of Issue Preclusion works both ways.  In this case, Plaintiff should be precluded from litigating any issues concerning access to her email account since that issue was already decided by Judge Kimmerly.

If Judge Kimmerly's orders were final decisions on the merits, then Plaintiff has no standing to file another lawsuit on the same issues and her current complaint is frivolous.  If Judge Kimmerly's orders are not final decisions on the merits, then this Motion for Issue Preclusion is vexatious and not well grounded in legal theory.


**Determination of Access Was Not Necessary in Prior Hearing**

Judge Kimmerly did not need to conclusively rule on whether the Defendants actually accessed Ms. Bowers' email account.  Judge Kimmerly specifically stated that he was NOT deciding about any past actions – only if a no contact order should be entered.  *(DKT 99, pg. 7, lines 20-22).*  Since he was not ruling on the alleged past activity, that activity was not necessary for him to enter the protective order.


**Injustice to the Defendants**

The application of this doctrine does a huge injustice on the Defendants.  The anti-harassment hearing didn't provide a mechanism to litigate any specific issues and carried a minor potential liability to the Defendants.  As such, there was no need for the Defendants to vigorously defend the proceedings.  The current lawsuit in Federal Court carries a much higher potential liability and requires much more vigorous defense.  Federal Court also provides for a structured mechanism of litigating the evidentiary issues that was not present in the anti-harassment proceeding.  The United States Supreme Court has held that it may be unfair to a defendant to allow the use of collateral estoppel in a situation just like we have now.  As summarized by the Supreme Court:

> A second argument against offensive use of collateral estoppel is that it may be unfair to a defendant. If a defendant in the first action is sued for small or nominal damages, he may have little incentive to defend vigorously, particularly if future suits are not foreseeable. *The Evergreens* v. *Nunan,* 141 F. 2d 927, 929 (CA2); cf. *Berner* v. *British Commonwealth Pac. Airlines,* 346 F. 2d 532 (CA2) (application of offensive collateral estoppel denied where defendant did not appeal an adverse judgment awarding damages of $35,000 and defendant was later sued for over $7 million). Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant.[14] Still another situation where it might be unfair to apply offensive estoppel is where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result.[15]
> *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 330-1 (1979)

> If, for example, the defendant in the first action was forced to defend in an inconvenient forum and therefore was unable to engage in full scale discovery or call witnesses, application of offensive collateral estoppel may be unwarranted. Indeed, differences in available procedures may sometimes justify not allowing a prior judgment to have estoppel effect in a subsequent action even between the same parties, or where defensive estoppel is asserted against a plaintiff who has litigated and lost. The problem of unfairness is particularly acute in cases of offensive estoppel, however, because the defendant against whom estoppel is asserted typically will not have chosen the forum in the first action. See, *id.,* § 88 (2) and Comment *d.*
> *Parklane* at 331 n.15 (1979)

Also, where there is an unfair element to the defendant:

The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where, either for the reasons discussed above or for other reasons, the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel  *Parklane.* at 331

### Plaintiff's motion is brought for an improper purpose

The timing of this motion is suspect.  Plaintiff filed this over length motion only minutes before filing her Response to the Defendants Summary Judgment Motion.  Plaintiff then relied heavily on specific declarations from SonoSite, Inc. employees to support her response.

The Defendant's Summary Judgment motion was very specific and pointed out that Plaintiff had not produced any evidence of interception, recording, or divulging of ANY emails.  Plaintiff's burden was to show with certain particularity that such evidence in fact did exist.  Plaintiff did not do that.  Instead, Plaintiff brought this motion as a vehicle to introduce information that would not be proper in her response to Defendant's Summary Judgment Motion.

### Objections to new information and exhibits

Many of the new exhibits presented in this Motion are referenced by Plaintiffs Response to Defendants Summary Judgment and referenced as factual evidence.  Defendants have raised objections to this untimely disclosure of witnesses and declarations as being a violation of Fed.R.Civ.P 26 and subject to being stricken per Fed.R.Civ.P 37(c)(1) in their Reply to Plaintiffs Response to Defendants Summary Judgment Motion.  Also, many of the exhibits presented in support of the instant motion amount to conclusory expert testimony which has been excluded by this Court.

Specifically, the declarations and related discussions, comments, and conclusions, from the three undisclosed witnesses, Kories, Rossouw, and Ausmus should be stricken per Fed.R.Civ.P 37(b)(2) and 37(c)(1)  (DKT 104, Exhibits 3, 4, 5). Ms. Bowers' analysis of IP addresses and login times in DKT 104, Exhibit 8, should be stricken per Federal Rules of Evidence 401 and 701,702.  The transcript of the anti-harassment hearing was generated on 2/19/2010 and not

disclosed to the Defendants until 2 weeks after closing and should be stricken as a violation of Fed.R.Civ.P 26(e).  The discussion, conclusions, and spreadsheet prepared by Plaintiff concerning IP Addresses connection to Defendants should be stricken per Fed.R.Civ.P 56(e) and FRE 701,702 (DKT 99, pgs. 4-6).  Statements made between counsels in the anti-harassment hearing should be stricken as hearsay per FRE 408 (DKT 99, pg. 6, line 21).  Also, statements of conclusion by Mr. Foster during the anti-harassment hearing should be stricken as conclusions and without his personal knowledge per FRE 701 and 702 (DKT 99. Pgs. 6-7).

## CONCLUSION

Defendants argue that there was no litigation on the issue of email account access, and no evidentiary determination made by the anti-harassment court, and therefore the Doctrine of Issue Preclusion (Collateral Estoppel) does not apply.  A plain reading of the law concerning the Doctrine of Issue Preclusion (Collateral Estoppel) and its related case law shows that to be true.

Plaintiff filed this over length (20 pages) motion for issue preclusion based on the argument that an anti-harassment hearing somehow equates to the full litigation provided in a Federal Civil Lawsuit.  She has flooded the Court with 355 pages and almost 72 megabytes of data in this Motion. Since the case law in the 9th Circuit and US Supreme Court clearly shows that Issue Preclusion doesn't apply here, this mountain of documentation was filed for some other purpose.

Since the Plaintiff filed this motion, and then immediately used its exhibits in her Response to Defendants Summary Judgment, is appears her reason for filing was to simply get the information into the record after discovery. This motion was not filed for a proper purpose and only serves to unreasonably multiply these proceedings.

Defendants ask the court to deny Plaintiff's motion for Issue Preclusion and sanction Plaintiff and her attorney under the Court's inherent powers for bringing a clearly improper motion. There is no need for Oral Arguments as this motion is clearly flawed and can be decided based on the record.

1

2

Dated this __6th___ Day of September, 2010 at Woodinville, WA

3

4

5

6

Robin Cohen        Robin Kletke

7

16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

We, Robin Kletke and Robin Cohen, herby certify that on September 6th, 2010, we filed with

the Clerk of the Court via CM/ECF the foregoing DEFENDANTS RESPONSE TO

PLAINTIFFS MOTION FOR ISSUE PRECLUSION. Said CM/ECF filing will send

notifications of this filing to the following:


Gregory Cavagnaro
Law Offices of Gregory Cavagnaro
1400 112th Avenue SE #100
Bellevue, WA 98004
Lead Attorney for Plaintiff

Mark Walters
1411 Fourth Avenue, Suite 75
Seattle, WA 98101
Attorney for Plaintiff


We certify under penalty of perjury, under the laws of the State of Washington, that the

foregoing is true and correct.

Dated this _6th____ Day of September, 2010 at Woodinville, WA



_____
Robin Cohen      Robin Kletke

DEFENDANTS RESPONSE TO PLAINTIFFS MOTION FOR ISSUE PRECLUSION - 10
DefendantsResponseToPlaintiffsMotionForIssuePreclusion.doc