Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS, | ) Case No.: C08-1768RSM |
| | ) |
| Plaintiff, | ) DEFENDANTS RESPONSE TO |
| | ) PLAINTIFFS CROSS MOTION FOR |
| | ) SUMMARY JUDGMENT |
| vs. | ) |
| ROBIN KLETKE and ROBIN COHEN, | ) |
| husband and wife and the marital community | ) NOTE ON MOTION DOCKET: |
| composed thereof, | ) SEPTEMBER 10, 2010 |
| *Pro Se* Defendants | ) |

**INTRODUCTION**

Defendants Robin Kletke and Robin Cohen, pursuant to Fed.R.Civ.P 56, file this Response to Plaintiffs Cross Motion for Summary Judgment.

Plaintiff argues that they are entitled to summary judgment on her RCW 9.73.030 claim that Defendant's recorded unspecified emails contained in Plaintiff's email account. To prevail on a cross motion for summary judgment, Plaintiff must establish all of the essential elements of her claim as a matter of law by showing actual evidence not in dispute. Plaintiff does not identify any evidence of recording or interception of her emails. Instead, Plaintiff filed 548 pages and almost 76 megabytes of immaterial documentation trying to support Plaintiff's personal *conclusions* that Defendants accessed Plaintiff's email account and therefore must have recorded some unknown emails.

DEFENDANTS RESPONSE TO PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT - 1
DefendantsResponseToPlaintiffsCrossMotionForSummaryJudgment.doc

1    In response to Defendants summary judgment motion, Plaintiff did not directly address the

2   issues raised by the Defendant – lack of email evidence of interception, recording, or divulging

3   contents.  Without showing evidence, Plaintiff has failed to refute Defendants summary

4   judgment motion and Defendant's motion should be granted and her cross motion should be

5   denied.

6    Defendants argue that Plaintiff has not adequately responded to Defendant's Summary

7   Judgment Motion and has not met her initial burden for a cross motion.  Therefore, the

8   Defendants are under no obligation to respond to the immaterial allegations in this cross motion

9   and Plaintiffs Cross Motion for Summary Judgment should be denied.

10

11   **ARGUMENT**

12                   **Plaintiff's burden for Summary Judgment has not been met**

13    The Plaintiff's burden in this cross motion is significant. RCW 9.73.030 protects against the

14   *interception* or *recording* of a private communication. Plaintiff has not shown any particular

15   evidence of interception or recording, and instead uses her own expert analysis and conclusions

16   to argue for summary judgment.  In her cross motion, Plaintiff becomes the movant and the

17   Defendants the non-movants.  Where the movant will have the burden of proof on an issue at

18   trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for

19   the moving party." *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007); *see*

20   *also S. Cal. Gas Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003) (noting that a party

21   moving for summary judgment on claim as to which it will have the burden at trial "must

22   establish beyond controversy every essential element" of the claim).   Here, the Plaintiff relies on

23   immaterial issues tied together with personal conclusions as justification for summary judgment,

24   Plaintiff doesn't "affirmatively demonstrate" the existence of any interception or recording.

25

26

DEFENDANTS RESPONSE TO PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT - 2
DefendantsResponseToPlaintiffsCrossMotionForSummaryJudgment.doc

**Plaintiff's Responses and Arguments Do Not Involve Material Facts**

RCW 9.73.030 does not prohibit access to a private communication, yet that is what the Plaintiff has spent most of her time pursuing.  In this case, a material fact would be the existence of an email, tied to the Defendants that can be shown to be intercepted or recorded.  <u>It is that simple</u>. Plaintiff has attempted to make this case about access to her email account, but access does not fit the statute.  Plaintiff's analysis, exhibits, declarations, and conclusions of email account access are immaterial to the discussion of interception or recording an email in this summary judgment motion.

The 548 pages of documents filed on 8/16/2010 did not show recording of any email(s).  Plaintiffs Factual Summary includes the following conclusion, "accessed Ms. Bowers' texdandy@juno.com email account, **and by doing so**, recorded private communications in violation of RCW 9.73.03.00" (DKT 105, pg. 4, lines 5-6) (emphasis added).  This is a conclusion, not evidence, and is not acceptable in either a summary judgment response or cross motion.  Plaintiff makes several other statements in her response trying to equate allegations of access to an email account with recording emails.  In all cases, Plaintiff relies on inadmissible expert analysis of internet technology, undisclosed witness declarations, and her own descriptions and conclusions.  None of those are evidence.  Plaintiff even attempts to bring the Court in as her expert by asking for judicial notice about the inner workings of email and the internet.  This Court has already indicated in a previous order (DKT 97, pg. 7, lines 7-22) that expert discussions would likely be required in this case and therefore has already determined that the technical aspects of the internet and web based email are outside common experience and require expert discussion.


**Disputed Issues Must Be Viewed In Light Most Favorable To Defendants**

In the case of Plaintiff's Cross Motion, all inferences to disputed items must be viewed in the light most favorable to the Defendants.  As indicated in Adickes v. SH Kress & Co., 398 US 144,

158-9 (1970).

> Because "[o]n summary judgment the inferences to be drawn from the underlying facts contained in [the moving party's] materials must be viewed in the light most favorable to the party opposing the motion," *United States* v. *Diebold, Inc.,* 369 **U. S.** 654, 655 (1962),

For the purposes of this Cross Motion of Summary Judgment, the disputed access to Plaintiffs email account and the existence of private communications must be viewed in the light most favorable to the Defendants – namely that no emails existed in the account and Defendants didn't access the account.  Without those two elements, Plaintiffs conclusion that Defendants must have therefore recorded private emails totally fails.

Plaintiff asserts that the Court should conclude on Summary Judgment that the emails from July 9, 2010 allegedly left in her account are private communications.  Defendants argue that such a determination of disputed facts cannot be made in a summary judgment proceeding. Some of those emails come from group email lists and therefore are not private (DKT 107, pgs. 9, 17, 71, 74-78, 83, 87, 91-95, 127-128).  At least one email was authored by the Defendant (DKT 107, pg. 83).  The determination that these emails are private should be held in the light most favorable to the Defendants – namely that these are not private communications.

Plaintiff's analysis and conclusions based on her allegations fail to meet her burden as the moving party in a summary judgment motion and her motion should be denied.

### Plaintiffs Lack of Expert Witnesses Makes Her Case Improvable

The Plaintiff admits that the case requires expert witnesses and admits that claims under 18 USC 2520 and Washington Privacy Act should be dismissed.  Defendants argue that the claim under RCW 9.73.030 also requires expert testimony and should be dismissed.

Plaintiff has attempted to circumvent her lack of expert testimony by offering her own explanation and analysis of how the internet and internet email operates.  Defendants object to both Plaintiff's and her attorney's attempts at being experts in internet technology.  Plaintiff also

1   offers third party testimony which makes conclusions based on technical analysis and

2   information not personally witnessed.

3       Plaintiff has not identified any expert witnesses, and has lost the ability to use expert

4   witnesses (DKT 42).  This court has already indicated that analysis of the differences between

5   the Wiretap Act and Stored Communications portions of the ECPA would require expert

6   testimony (DKT 97, pg. 7, lines 7-22).  The Washington State Wiretap Act (RCW 9.73.030) will

7   require similar expert testimony, especially without any direct evidence of recording.

8       Plaintiff has only offered her own inadmissible conclusions.  Any real discussion and

9   conclusions about the technical issues in this case will require expert testimony that the Plaintiff

10  is not allowed.

11

12  **DEFENDANT'S OBJECTIONS**

13      Plaintiff offers no real evidence that would be admissible in court to support a cross motion

14  for summary judgment.  In order to be able to reference the court record, Plaintiff filed an over

15  length Motion for Issue Preclusion (20 pages) containing information and witnesses not

16  previously disclosed to the Defendants.  Plaintiff assailed the Defendants and the Court with 548

17  pages of motion and exhibits. The majority, if not all, of that new information should be stricken

18  per violations of Fed.R.Civ.P 26's rules of discovery by applying sanctions available from

19  Fed.R.Civ.P 37 and under Fed.R.Civ.P 56(e) as information inadmissible in a summary judgment

20  proceeding.  Defendants have already listed most of their objections to items presented in

21  Plaintiffs Response and associated filings (DKT 109, pgs. 5-10).

22      Here, Defendants strongly object to Plaintiff's inclusion of damages claims, (DKT 105,

23  section 6, pgs. 18-19) that were not previously disclosed in Plaintiff's Initial Disclosures or

24  answers to Interrogatories.  Even now, Plaintiff only offers unsubstantiated damage claims of

25  mental pain and suffering without any medical or professional documentation.  Plaintiff has not

26  offered ANY evidence of her alleged damages in spite of being asked for 18 months.

DEFENDANTS RESPONSE TO PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT - 5
DefendantsResponseToPlaintiffsCrossMotionForSummaryJudgment.doc

1  Plaintiff is engaging in the same tactics used since the beginning of the case to prejudice the

2  Defendants.  Plaintiff's inclusion of new witnesses, information, claims, damages, and other

3  documentation is yet another example of her disregard for the rights of the Defendants and the

4  Federal Rules of Civil Procedure.  Defendants ask that these new witnesses, claims, damages,

5  and information be stricken per Fed.R.Civ.P 37(c)(1).

6

7  **CONCLUSION**

8  The Defendants filed a Motion for Summary Judgment on very specific issues, lack of

9  evidence of any emails that had been intercepted, recorded, or divulged.  In response to that

10  motion, Plaintiff did not bring forth any particular evidence contesting the Defendant's stated

11  facts.  Instead, Plaintiff restated allegations of access to her email account, included new

12  information in violation of Fed.R.Civ.P 26 and other rules, and based a cross motion for

13  Summary Judgment on personal conclusions.

14  Plaintiff has not successfully countered Defendant's Motion for Summary Judgment and has

15  failed to meet her burden for a cross motion of summary judgment.  Defendants ask the Court to

16  deny Plaintiff's Cross Motion for Summary Judgment.  The record and legal precedent is clear in

17  this case so there is no need to burden the Court with Oral Arguments.

18

19  Dated this __6th___ Day of September, 2010 at Woodinville, WA

20

21

22  Robin Cohen      Robin Kletke

23  16820 226th Ave NE
    Woodinville, WA 98077
24  206-718-1237
    robinkletke@hotmail.com
25

26

DEFENDANTS RESPONSE TO PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT - 6
DefendantsResponseToPlaintiffsCrossMotionForSummaryJudgment.doc

1

CERTIFICATE OF SERVICE

2   We, Robin Kletke and Robin Cohen, herby certify that on September 6th, 2010, we filed with

3   the Clerk of the Court via CM/ECF the foregoing DEFENDANTS RESPONSE TO

4   PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT. Said CM/ECF filing will

5   send notifications of this filing to the following:

6

7   Gregory Cavagnaro
    Law Offices of Gregory Cavagnaro
    1400 112th Avenue SE #100
8   Bellevue, WA 98004
9   Lead Attorney for Plaintiff

10  Mark Walters
    1411 Fourth Avenue, Suite 75
11  Seattle, WA 98101
    Attorney for Plaintiff
12

13  We certify under penalty of perjury, under the laws of the State of Washington, that the

14  foregoing is true and correct.

15  Dated this _6th____ Day of September, 2010 at Woodinville, WA

16

17

18  _____

19  Robin Cohen       Robin Kletke

20

21

22

23

24

25

26

DEFENDANTS RESPONSE TO PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT - 7
DefendantsResponseToPlaintiffsCrossMotionForSummaryJudgment.doc