Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>        Plaintiff,<br><br>vs.<br><br>ROBIN KLETKE and ROBIN COHEN,<br>husband and wife and the marital community composed thereof,<br>        *Pro Se* Defendants | Case No.: C08-1768RSM<br><br>DEFENDANTS MOTION TO STRIKE AND FOR SANCTIONS<br><br>NOTE ON MOTION DOCKET:<br>SEPTEMBER 24, 2010 |

## **INTRODUCTION AND RELIEF REQUESTED**

Defendants Robin Kletke and Robin Cohen, pursuant to Fed.R.Civ.P 26, 37, and 56, and the Federal Rules of Evidence, file this Motion to Strike and for Sanctions. With this motion, Defendants ask the Court to strike and/or exclude certain exhibits, declarations, and statements made by the Plaintiff, her attorney, and third parties. These items were filed with recent Plaintiff's Motion Requesting the Court to Apply the Doctrine of Issue Preclusion (DKT #99) and Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment (DKT #105) and their associated declarations and exhibits.

With these filings, Plaintiff is introducing documentation and testimony that violates many different Federal Rules of Civil Procedure and Rules of Evidence. These filings come two weeks after the most recent discovery deadline, yet they introduce new undisclosed witnesses, unverified emails, and expert testimony from herself and her attorney.

DEFENDANTS MOTION TO STRIKE AND FOR SANCTIONS - 1
DefendantsMotionToStrikeAndForSanctions.doc

Plaintiff has made serious allegations against the Defendants, yet throughout these proceedings, she has repeatedly prejudiced the Defendants with her violations of the Rules. This latest flood of information is yet another example of the same behavior.

Defendants ask the Court to strike the items listed herein and ask the Court to use its inherent powers to sanction the Plaintiff and her counsel for these violations.

**ARGUMENT**

The Federal Rules of Civil Procedure are in place to provide a level playing field for civil litigation in the United States. They are important aspects of our justice system and should be followed by all parties. These Rules provide the framework for discovering and disclosing evidence and for the admissibility of evidence and statements in a summary judgment setting.

As amended in 1993, Fed.R.Civ.P. 26(a)(1) provides for self-executing disclosures, since it requires "a party must, without awaiting a discovery request" to provide:
> (i): the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information
> (ii): a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control
> (iii): a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material

Rule 26(e) states:
> A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

Rule 26(g) states:
> Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name — or by the party personally, if unrepresented". If not signed, 26(g)(2) states "Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

DEFENDANTS MOTION TO STRIKE AND FOR SANCTIONS - 2
DefendantsMotionToStrikeAndForSanctions.doc

Rule 56(e)(1) states that:
> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Rule 26(a) required the Plaintiff to initially disclose the identity of all persons likely to have discoverable information, deliver copies of documents and electronic data that will be used to support her claims, and a computation of each category of damages. The Rule also states that these disclosures must be made in a timely manner and that there is no excuse for not disclosing information that is reasonably available. A failure to adequately investigate an issue is not an excuse for failing to submit the initial disclosures.

Rule 26(e) requires the Plaintiff to supplement her initial disclosures, interrogatory answers, and requests for production in a timely manner.

Rule 26(g) requires the Plaintiff properly disclose information and responses with her attorney's signature so as to certify the disclosure or response. The other party has no duty to act until it is signed and the Court must strike it unless a signature is promptly supplied after calling it to the attorney's attention.

Rule 56(g)(1) states that affidavits submitted in response to a Summary Judgment Motion must be made on personal knowledge and set out facts that would be admissible as evidence. Federal Rules of Evidence 401, 701, 702, and 703 set forth the framework for admissibility of evidence pertaining to relevance and expert testimony.

The Plaintiff and her attorney have violated these rules with their recent filings (DKTs #99, 105 and supporting exhibits and declarations). The nature of these violations is as follows:

1. FRCP 26(a)(1)(A)(i) for failing to disclose the identity of witnesses
2. FRCP 26(a)(1)(A)(ii) for failing to deliver copies of information
3. FRCP 26(a)(1)(A)(iii) for failing to disclose damages

DEFENDANTS MOTION TO STRIKE AND FOR SANCTIONS - 3
DefendantsMotionToStrikeAndForSanctions.doc

4. FRCP 26(e)(1)(A) for failing to timely supplement her Initial Disclosures and other answers and requests for Production
5. FRCP 26(e)(1)(B) for failing to follow the Court's orders to compel discovery.
6. FRCP 26(g) for failing to properly sign supplemental disclosures and gather sufficient evidence to support the Plaintiff's assertions as to the nature of the disclosures.
7. FRCP 56(e) for filing statements, declarations, and exhibits that would be inadmissible as evidence due to a lack of personal knowledge and/or because they express opinions and expert conclusions in violation of FRE 401, 701, 702 and 703.

The Federal Rules of Civil Procedure make it clear that when Rule 26 is violated, sanctions are mandatory. It is one mechanism that is used to ensure that discovery is conducted properly. In this case, the Plaintiff and her attorneys have continually violated those Rules and the Court has much authority and flexibility in the sanctions it applies.

Fed.R.Civ.P. 37(b)(2) allows the Court wide latitude to impose sanctions against a disobedient party that has failed to follow a discovery order. The following citation shows that the Court can levy the ultimate sanction. Exclusion of evidence is certainly a lesser sanction and well within the Court's authority. As stated in Fair Housing of Marin v. Combs, 285 F. 3d 899, 905:

> Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), a district court has the option of, inter alia, "rendering a judgment by default against the disobedient party." F ED. R. CIV. P. 37(b)(2)(C). In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." *United States v. Kahaluu Constr. Co., Inc.,* 857 F.2d 600, 603 (9th Cir.1988) (citations omitted). Disobedient conduct not shown to be outside the litigant's control meets this standard. *Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir.1994).

Plaintiff in the instant case has repeatedly been ordered by the Court to fully provide answers to Defendants discovery requests without objection. Plaintiff's new counsel was made aware of the outstanding discovery requests when he joined the case (email from Murphy to Walters, DKT #58-2, Exhibit O) and again while drafting the Discovery Status Report (DKT #77). However, Plaintiff made no attempt to rectify the deficiencies. Plaintiff and her counsel have not made a formal supplementary disclosure in almost 11 months in spite of knowing that discovery was still outstanding. The late submission of information and witnesses simply highlights the

Plaintiff's disregard for the Rules and this Courts orders since the information and witness identify was known (or should have been known) for the past 18 months.

Fed.R.Civ.P. 37(c)(1) forbids the use of witnesses and information not properly disclosed by Rule 26. As stated in Wong v. Regents of University of California, 410 F. 3d 1052, 1062:

> That rule states in relevant part:
> > A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.
>
> The rule excludes evidence from an untimely disclosed witness unless "the parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly,* 259 F.3d at 1106.

In the instant case, Plaintiff has not offered any justification at all for her failure to follow Rule 26. She has filed declarations from three new witnesses, introduced emails that clearly have been in her possession for almost 3 years, introduced a transcript and declarations from a prior hearing – all without proper declaration to the Defendants. Specific examples of Rule 26 violations are detailed below.

Plaintiffs have surprised the Defendants with these new witnesses and new information. Plaintiff's filing of this information after the discovery deadline is certainly harmful to the Defendants. This Court has previously indicated in its order denying Plaintiff's motion to add a new claim that it is overly prejudicial to the Defendants to further extend the discovery dates (DKT #97, pg. 7, line 1). Allowing these new witnesses and their testimony would likewise require reopening of discovery, thus further prejudicing the Defendants. Furthermore, it is incumbent upon the Plaintiff to show that her failure to follow Rule 26 is harmless to the Defendants.

> Deckers asserts that the burden of proving harm is on the party seeking sanctions; we disagree. Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness. At least one other circuit court has so held. *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 21 (1st Cir.2001) ("[I]t is the obligation of the party

facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless...."). *Yeti at 1107*.

Plaintiff has also attempted to include information and exhibits violate of Fed.R.Civ.P 56(e) as it relates to the Defendant's Motion for Summary Judgment. Sections of her Motion for Issue Preclusion and Response to Defendant's Motion for Summary Judgment contain technical explanations, conclusions, opinions, and inferences that are not allowed by the Federal Rules of Evidence 401, 701, 702, and 703. Neither the Plaintiff nor her attorney is an expert in internet related matters, and they do not possess the qualifications to render conclusions of the operation of internet email or other technical elements. Plaintiff's compilation of logon times, durations, and the identities do not come from her personal knowledge and instead are conclusions drawn by analyzing raw data. Plaintiff has also included declarations from third parties that draw specific technical conclusions regarding IP Addresses, email headers, and identities that is certainly not common knowledge.

## **DEFENDANT'S OBJECTIONS**

The Defendants apologize to the Court for the lengthy dissertation of objections. However, the Plaintiff filed several hundred pages of documentation to support her Response to Defendant's Motion for Summary Judgment.

Perhaps the Plaintiff felt that by ambushing the Defendants with a flood of information, something would slip through the cracks. Defendants generally object to all new information filed recently as untimely and in violation of Rules 26, 56, and various Federal Rules of Evidence. There is no justification for the Plaintiff waiting until 2 weeks after the close of discovery to deliver this information and it is certainly harmful to the Defendants.

Plaintiff has included a Factual Summary section in her Response, but has failed to enumerate any specific "facts" that can be discussed. Defendants object to Plaintiffs factual summary as being filled with her own conclusions and inferences not based on personal knowledge. The method Plaintiff has used to list her facts makes it difficult for Defendants to

easily discuss the items.  By comingling the motions with declarations, it makes it difficult to easily itemize the objectionable statements and exhibits.

#### Rule 26 Viloations and Sanctions under Rule 37(b)(2) and 37(c)(1)

Defendants contend that the following list of items show violations of Rule 26 and should have either been disclosed on the Plaintiff's own initiative, or at least after the numerous Court orders.  Many are also in violation of various Federal Rules of Civil Procedure as either irrelevant to the issue of recording (FRE 401) and/or attempt to offer expert testimony by a lay person in violation of FRE 701 and 702.  Most of this new information was delivered to the Defendants two weeks after the close of discovery, in spite of being in Plaintiff's possession for many months and/or years.

1. DKT #104 Exhibits 3, 4, 5.  These declarations are from the anti-harassment hearing from Cooper, MacNeill, and Bowers that draw expert conclusions about the association of internet IP Addresses to the Defendants.  None of these people are qualified as experts in this field and none have been disclosed as expert witnesses per FRCP 26(a)(2).

2. DKT #100, Exhibit A: This is a post generated transcript of the anti-harassment hearing apparently done on 2/19/2010.  This transcript was commissioned very shortly after Mr. Walters appeared in this case, and 6 months before its use was disclosed to the Defendants.  This violates FRCP 26(e) for failing to timely disclose information intended to support Plaintiff's claims.

3. DKT #s 101, 102, and 103 and associated exhibits: The declarations and corresponding exhibits and references and inferences drawn In Plaintiffs Motion for Issue Preclusion (DKT #99) and Plaintiffs Response to Defendants Summary Judgment Motion (DKT #105) should be stricken as violations of FRCP 26, FRCP 56(e), and FRE 701,702.  These are 3 new undisclosed witnesses whose declarations contain expert conclusions and hearsay statements.

4. DKT #105, pg. 9, lines 8-26: Plaintiff is adding in another claim not previously mentioned and alleging damages not previously disclosed.  Her ability to amend her complaint was denied (DKT #97).  She has also previously failed to disclose the nature of her damages and has not offered any documentation or evidence of those damages.

5. DKT #107, Declaration of Mark Walters:  Plaintiff has repeatedly failed to produce any email evidence in over 18 months of discovery, despite Defendant's requests and the Court's numerous orders.  These emails should be stricken per Rule 37(c)(1) for failure to disclose as required by Rule 26(e).  It is clear by the email sent by Mr. Walters that these emails have been in Ms. Bowers' possession since 2007, yet Plaintiff offers no justification why these have not been disclosed to the Defendants until now.  Additionally, Mr. Walters cannot personally know the location and timeframe of the emails in question from the 2006 and 2007 time period, so he cannot make these statements based on his own personal knowledge.  Since neither the Plaintiff nor her attorney have actually supplemented the disclosures per the requirements of Rule 26(g), the Defendants contend that they should be stricken per that rule as well.

**Violations of Federal Rules of Evidence**

Defendants object to many of the assertions in the recent filings by the Plaintiff as being in violation of the Federal Rules of Civil Procedure.  Throughout her Motion for Issue Preclusion and Response to Defendants Summary Judgment (and associated declarations), Plaintiff and her attorney attempt to provide their own expert conclusions in violation of FRE 701 and 702, and introduce testimony that is irrelevant to both the Motion for Issue Preclusion and Summary Judgment in violation of FRE 401 and 408.

6. DKT #104, Exhibit 8: Plaintiff is attempting to link an IP Address to an individual by performing an analysis of raw data generated by other people.  This is not data within her personal knowledge and is outside the scope of allowable evidence.

7. DKT #99, pgs. 4-6; Discussion, conclusions, and spreadsheet prepared by Plaintiff concerning the connection of IP Addresses to the Defendants.  This is not within her personal knowledge and requires expert analysis.  Her conclusions are not admissible as evidence per FRE 701, 702.

8. DKT #99, pg. 6, line 21: Mr. Foster, "Secondly, as to whether or not they did do this, counsel admitted to me that they did to it.  He said they did it once before I sent over all of the log records. Okay? So whether they did it or not, counsel admitted they did."  Comments made between counsels during discussions before the anti-harassment hearing are not admissible per FRE 408 and should be stricken.

DEFENDANTS MOTION TO STRIKE AND FOR SANCTIONS - 8
DefendantsMotionToStrikeAndForSanctions.doc

9. DKT #99, pgs. 6-7: Statements submitted from Mr. Foster during the anti-harrassment hearing that draw conclusions about the association between login attempts and the defendants using IP Address information. These are inadmissible conclusions presented by an attorney based on knowledge not personally known by the attorney.

10. DKT #105, pg. 2 – Factual Summary: Plaintiffs discussion of how the internet email operates is beyond her personal knowledge and incorrect. She is not an expert in internet architecture and the technology of email delivery. She has no qualifications to discuss if and how a computer and its monitor record internet data. She has no qualifications to discuss if the process is "exactly" the same in all places and from all computers.

11. DKT #105, pg. 3 lines 21-25: Plaintiffs concludes that the emails delivered on July 9, 2010 were stored on Juno.com servers, yet she offers no facts or evidence to support that conclusion.

12. DKT #105, pg. 4, lines 1-3: Plaintiff is again using uncommon analysis of information outside her personal knowledge to form conclusions of the length of logins.

13. DKT #105, pg. 4: Discussion of SonoSite declarations come from undisclosed witnesses and is expert and hearsay testimony.

14. DKT #105, pg. 5-6: Exhibits from anti-harassment hearing that associate an IP Address to the defendants comprises expert analysis that should be excluded.

15. DKT #105, pg. 7-8; Plaintiffs own spreadsheet and handwritten notes analyzing login records and IP Addresses certainly requires expert discussion and should be stricken.

16. DKT #105, pg. 9, lines 1-7: Plaintiffs own analysis of login times and email times is not evidence and is instead expert testimony.

17. DKT #106 – Declaration of Christie Bowers. This entire declaration attempts to make expert analysis of raw data not personally known to Ms. Bowers. Ms. Bowers is not an expert and her conclusions are not admissible.

## CONCLUSION

The Plaintiff filed several hundred pages of motion, response, and supporting documentation on August 16, 2010 to support her Response to Defendant's Summary Judgment Motion. Plaintiff included expert analysis by herself and her attorney, declarations from undisclosed witnesses, declarations that make expert conclusions of fact, previously undisclosed discovery, unverified damages claims, and a host of other objectionable items.

1 These items show a continued pattern of Plaintiff's disregard for the Federal Rules of Civil Procedure, the orders of this Court, and apparent bad faith in prosecuting her case. There has been no justification for the untimely disclosures two weeks after the close of an already multiply extended discovery deadline. The sheer volume and lateness of this objectionable information is certainly harmful to the Defendants.

The Defendants ask this Court to strike the referenced items as violations of the Federal Rules of Evidence and Federal Rules of Civil Procedure. Defendants also ask the Court to sanction the Plaintiff and her attorney per FRCP 36(b)(2), FRCP 36(c)(1), FRCP 56(g) and with the Court's inherent powers.

Dated this __9th___ Day of September, 2010 at Woodinville, WA

_____
Robin Cohen     Robin Kletke

16820 226th Ave NE
Woodinville, WA 98077
206-718-1237
robinkletke@hotmail.com

DEFENDANTS MOTION TO STRIKE AND FOR SANCTIONS - 10
DefendantsMotionToStrikeAndForSanctions.doc

CERTIFICATE OF SERVICE

We, Robin Kletke and Robin Cohen, herby certify that on September 9th, 2010, we filed with the Clerk of the Court via CM/ECF the foregoing DEFENDANTS MOTION TO STRIKE AND FOR SANCTIONS. Said CM/ECF filing will send notifications of this filing to the following:

Gregory Cavagnaro
Law Offices of Gregory Cavagnaro
1400 112th Avenue SE #100
Bellevue, WA 98004
Lead Attorney for Plaintiff

Mark Walters
1411 Fourth Avenue, Suite 75
Seattle, WA 98101
Attorney for Plaintiff

We certify under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

Dated this _9th____ Day of September, 2010 at Woodinville, WA

_____
Robin Cohen     Robin Kletke

DEFENDANTS MOTION TO STRIKE AND FOR SANCTIONS - 11
DefendantsMotionToStrikeAndForSanctions.doc