|||
|---|---|
| CHRISTIE BOWERS, an individual,<br><br>                    Plaintiff,<br><br>       v.<br><br>ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof,<br><br>                    Defendants. | CASE NO. C08-1768 RSM<br><br>ORDER ON MOTION FOR MONETARY SANCTIONS |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on Defendants' motion for monetary sanctions against Plaintiff's former counsel, Gregory P. Cavagnaro (Dkt. #65). As has been explained in prior orders of this Court, Mr. Cavagnaro failed to be responsive to opposing counsel in conducting discovery. He was often unable to be reached to discuss discovery issues, he failed to comply with two Court orders compelling discovery be produced, failed to timely produce an expert report, and generally failed to prosecute the case in a manner that would allow discovery deadlines to be met by both parties. Plaintiff previously moved to dismiss this case on two occasions. The Court declined to dismiss the case both times because less drastic sanctions were

1  available. (Dkt. #s 38, 59). In its most recent order declining to dismiss the case, the Court

2  explained that Mr. Cavagnaro's conduct caused Defendants to suffer increased legal costs and

3  that monetary sanctions against Mr. Cavagnaro were appropriate. (Dkt. #59 at 7). It requested

4  briefing from Defendants and Mr. Cavagnaro regarding the extent of these increased costs.

5  Defendants now seek sanctions against Mr. Cavagnaro in the amount of $58,654.00. Mr.

6  Cavagnaro contends that a more reasonable sanction is in the range of $3,000 to $4,000.

7  　　　　The Court has considered Defendants' motion (Dkt. #65), Mr. Cavagnaro's memorandum

8  in opposition (Dkt. #74), Defendants' reply (Dkt. #78), as well as the attached exhibits and

9  declarations and the other pleadings in the case. Defendants attached two exhibits, A and B, to

10 their motion. Exhibit B (Dkt. #66 at 7) is a fee schedule detailing hours billed by Defendants'

11 counsel pertaining to the matter and a brief description of the work performed. Although there is

12 no declaration from Defendants' counsel, the Court finds this exhibit to be properly authenticated

13 as a business record received by Defendants from their attorney. Defendants paid the fees

14 claimed on the schedule.

15 　　　　In contrast, the Court treats Exhibit A (Dkt. #66 at 7) as a demonstrative exhibit, not

16 admissible evidence. Exhibit A is a spreadsheet compiled by Defendants based on Exhibit B.

17 The descriptions added by Defendants are not based on personal knowledge and are therefore

18 treated as argument.

19 　　　　Mr. Cavagnaro submitted his own spreadsheet complete with his own commentary on

20 various billing entries. (Dkt. #75-2 at 2). The Court treats portions of this exhibit as

21 demonstrative only and other portions as admissible evidence. Those portions based on Mr.

22 Cavagnaro's personal knowledge – for example where he claims that certain phone calls to

23

24

ORDER ON MOTION FOR MONETARY SANCTIONS - 2

which he was a party were shorter than claimed on the billing ledger – are treated as admissible evidence. Everything else is demonstrative.

As explained in the Court's prior Order, Defendants are entitled to sanctions in the amount of the "unnecessary expenses they incurred as a result of Mr. Cavagnaro's conduct." (Dkt. #59 at 7). In order for an expense to be awarded it must have been a necessary result of Mr. Cavagnaro's failings in the case. Importantly, this requires that the expenses be (1) necessarily incurred, and (2) caused by Mr. Cavagnaro. Third, though not explicitly stated in the Court's prior order, the expenses must be reasonable. Guided by these principles, the Court rules as follows:

1. <u>Motion for Extension of Time to Answer</u>

Fees expended in connection with submitting Plaintiff's motion to extend time to file an answer are unrelated to Mr. Cavagnaro's failings in this case. Plaintiff was not required to stipulate to an extension of time. Accordingly these fees are not awarded.

2. <u>Failure to Deliver Sonosite Subpoena Documents</u>

Defendants argue that they were forced to acquire subpoena documents from Sonosite because Mr. Cavagnaro did not agree to provide copies of the documents, which were in his client's possession. On the record before the Court, the Court cannot find that these expenses are attributable to any misconduct by Mr. Cavagnaro. Mr. Cavagnaro's affidavit and Defendants' counsel's billing records indicate that Defendants sought the documents from Sonosite only one day after requesting them from Plaintiff. No fees are awarded as to this matter.

3. <u>Defendants' First Motion to Compel (Dkt. #16)</u>

When Plaintiff failed to respond to interrogatories and requests for production, Defendants were forced to file a motion to compel. Ordinarily, fees are awarded to the

1  prevailing party on a motion to compel where the losing party's position is unreasonable.  Fed.

2  R. Civ. Proc. 37(a)(5).  The Court did not award fees previously because Defendants did not

3  request them.  The Court will now award reasonable fees because the motion to compel was

4  necessitated by Mr. Cavagnaro's failure to participate in discovery.

5  However, the fee amount requested by Defendants is unreasonable.  The billing records

6  show Defendants' counsel spent somewhere between 18 and 20 hours on the first motion to

7  compel.  The text of the motion was less than two pages long, the subject of the motion was not

8  complicated, it involved no legal research, and it was unopposed.  Eighteen hours is excessive,

9  especially for an attorney billing at Defendants' counsel's rate of $330 per hour.  The Court

10 instead awards a reasonable fee of $2,000 which corresponds to approximately six hours of work

11 at that rate.

12      4.   Defendants' Second Motion to Compel (Dkt. #22)

13 The Court already awarded reasonable fees associated with the second motion to compel.

14 No additional fees are awarded.[1]

15      5.   Defendants' First Motion to Dismiss (Dkt. #30).

16 The Court already awarded reasonable fees associated with the filing of Defendants' first

17 motion to dismiss.  No additional fees are awarded.  (*See* Order, Dkt. #38 (noting that motion

18 was granted only in part)).

19      6.   First Motion to Stay (Dkt. #36)

---

[1] In awarding fees previously, the Court explained that the time Defendants' counsel spent on the second motion to compel was also excessive.  (Dkt. #38).

ORDER ON MOTION FOR MONETARY SANCTIONS - 4

Mr. Cavagnaro states in his affidavit that Plaintiff agreed to stay discovery, but Defendants' counsel filed a motion to stay anyway. Defendants submitted no evidence in rebuttal. No fees are awarded for this motion.

7. <u>Preparation for Telephone Conference Regarding Expert Witness Disclosures</u>

When the expert deadline approached, Mr. Cavagnaro informed Defendants' that he would be meeting with an expert on the eve of the disclosure deadline. Defendants' counsel wrote a letter to the Court requesting relief from its own expert deadline due to the delay. The Court held a telephone conference to resolve any issues regarding deadlines, and Defendants seek reimbursement for fees associated with preparing for that conference.

Plaintiff was not required to produce an expert report until the disclosure deadline. Therefore, the telephone conference was not necessitated by Mr. Cavagnaro's conduct. Rather, it was held at Defendants' request to ensure the case stayed on track. Additionally, because Plaintiff did not turn over an expert report by the deadline set by the Court at the telephone conference, Plaintiff's expert was stricken. No additional sanctions are awarded.

8. <u>Second Motion to Dismiss (Dkt. #43)</u>

Defendants spent over $15,000 preparing a second motion to dismiss. Mr. Cavagnaro's failings between the Court's order on the first motion to dismiss and the filing of the second motion to dismiss included failing to provide two requested tax returns (or Plaintiff's signature in order to obtain those forms from the IRS) and failing to cooperate in scheduling depositions.[2] These do not necessitate bringing a motion to dismiss. Rather, Defendants made a strategic

---

[2] Plaintiff's "failure" to file an expert report is not discovery misconduct. It simply means Plaintiff cannot have an expert. Additionally, while Defendants argued in their second motion to dismiss that Plaintiff failed to admit certain facts, the Court cannot find on the record that those denials were improper.

1 | choice to attempt to have the case dismissed without reaching the merits.  That may not have

2 | been an unwise tactical decision, but it being unsuccessful, Defendants are not entitled to recover

3 | those expenses from Mr. Cavagnaro.

4 |       Said another way, had Defendants patiently endured the delays caused by Mr. Cavagnaro,

5 | their increased legal costs would have been minimal.  The bulk of the fees incurred resulted from

6 | aggressively trying to dismiss the case based on the delays. (*See* Dkt. #66 at 6 (reporting over

7 | $37,000 spent on motions to dismiss, corresponding motions to stay discovery, and declarations

8 | regarding the same)).

9 |       9.   Second Motion to Stay (Dkt. #56)

10 |       The Court does not award fees for Defendants' second motion to stay for the same reason

11 | it does not award fees for the second motion to dismiss.

12 |       10. Miscellaneous Expenses

13 |       Mr. Cavagnaro's discovery failures did cause Defendants to incur increased costs in

14 | attempting to communicate with Mr. Cavagnaro and in various housekeeping matters such as

15 | filing stipulations to extend dates.  The record reveals numerous unanswered e-mails and letters

16 | from Defendants' counsel to Mr. Cavagnaro that were necessitated discovery failings.  Based on

17 | the billing records and the communications themselves, the Court finds that Defendants

18 | expended approximately $6,000 in attorney and paralegal time on these endeavors. This

19 | corresponds to slightly over 15 hours of Defendants' counsel's time and over five hours of

20 | paralegal time.

21 |       In sum, the Court, pursuant to its inherent authority and the Federal Rule of Civil

22 | Procedure, orders Mr. Cavagnaro to pay monetary sanctions to Defendants in the amount of

23

24

1   $8,000.[3]  This sum is necessary to compensate Defendants for increased costs incurred due to

2   Mr. Cavagnaro's failure to participate in discovery.  The sum is also sufficient to discourage

3   such attorney misconduct in future cases.  The sum shall be paid within ninety (90) days of this

4   Order.

5         The Clerk is directed to forward a copy of this Order to all counsel of record and to Mr.

6   Cavagnaro.

7         Dated September 22, 2010.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[3] This is in addition to monetary sanctions previously awarded.

ORDER ON MOTION FOR MONETARY SANCTIONS - 7