UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBIN KLETKE and ROBIN COHEN, husband and wife and the marital community composed thereof,<br><br>        Defendants. | CASE NO. C08-1768 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on Motion for Summary Judgment (Dkt #98) brought by Defendants Kletke and Cohen ("Defendants") and on Cross-motion for Summary Judgment brought by Plaintiff Bowers ("Plaintiff"). (Dkt #105). Plaintiff contends that Defendants have violated the Washington Privacy Act - RCW 9.73.030 ("WPA") by recording Plaintiff's private transmitted communication without consent in the course of accessing her e-mail account. Dkt #105. Plaintiff seeks damages under the statute and a permanent injunction restraining Defendants from accessing her account. (Dkt #1). Defendants seek summary

1  judgment on Plaintiff's claim under the WPA, arguing that Plaintiff has not identified any

2  evidence to support her claim that Defendants recorded her private communications. (Dkt#

3  111). On cross-motion, Plaintiff seeks summary judgment regarding Defendants' liability for

4  their alleged violation of the WPA. (Dkt #105). The Court GRANTS Defendants' Motion for

5  Summary Judgment as to Plaintiff's sole remaining claim under the WPA because Plaintiff has

6  produced no evidence showing that Defendants recorded private communication in violation of

7  the WPA.

## II.   BACKGROUND

9  Plaintiff filed her complaint on December 5, 2008 alleging three claims: (1) Violation of

10  Electronic Communications Privacy Act ("ECPA") – 18 U.S.C. Chapter 119 under the Federal

11  Wiretap Act; (2) Washington Communications Interception Violation – RCW 9.73.030 under

12  the WPA; and (3) violation of the right to privacy. (Dkt. #1). The complaint alleges that

13  Plaintiff maintained a private web-based e-mail account with Juno.com, and Defendant Kletke

14  secretly obtained access to and/or intercepted Plaintiff's personal e-mails by hacking or

15  otherwise accessing her e-mail account without authorization. The complaint also alleges that

16  Defendants disclosed sensitive contents of Plaintiff's private e-mails to others.

17  Although discovery commenced in March 2009, by December 2009, Plaintiff had

18  conducted almost no discovery and had not responded to Defendants' discovery requests.

19  Despite these serious discovery failings, the Court declined to dismiss the case in December

20  2009 because less drastic sanctions were available. (Dkt. #38).

21  At the beginning of 2010, Plaintiff failed to timely provide her expert disclosures, and

22  the Court consequently excluded Plaintiff's expert witnesses. (Dkt. #42). Defendants filed a

23  new motion to dismiss the case as a sanction for discovery abuse, citing new discovery failings

24

by Plaintiff. By that time, Plaintiff had retained new counsel. The Court, finding that Plaintiff's previous discovery failings were the fault of her former counsel and reasoning that the case could proceed smoothly with new counsel, again held that lesser sanctions were appropriate and declined to dismiss the case. (Dkt. #59 at 5-6). As a result of the delays, the Court moved the trial date to November 8, 2010, seven months after it was originally scheduled.

Subsequently, Plaintiff moved to amend her complaint. (Dkt. #87). The proposed amendment did not add any additional facts. Rather, the proposed First Amended Complaint sought to include the allegation that Defendants' access to private e-mail violated Title II, in addition to Title I of the Electronic Communications Privacy Act. Title II of the ECPA created the Stored Communications Act ("SCA"), which prohibits the unauthorized access of a facility through which an "electronic communication service" is provided. 18 U.S.C. §2701; *Theofel v. Farey-Jones*, 359 F.3d 1066, 1072. This Court denied Plaintiff leave to amend, holding that "to add an additional claim would unduly prejudice Defendants and [that] Plaintiff's delay in bringing the claim is unexcused." (Dkt #97).

Plaintiff has now voluntarily dismissed two of her three claims, including claim (1) under the ECPA – 18 U.S.C. Chapter 119 and claim (3) for violation of the right to privacy. (Dkt. #105). Thus the only claim remaining for the Court to consider in this motion for summary judgment is claim (2) under the WPA – RCW 9.73.030.

### III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences

1  in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th

2  Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). In ruling on summary judgment, a

3  court does not weigh evidence to determine the truth of the matter, but "only determine[s]

4  whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir.

5  1994) (*citing O'Melveny & Meyers*, 969 F.2d at 747). Material facts are those which might

6  affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

### IV.  DISCUSSION

**A. Pending Motions: Defendants' Motion to Strike and Plaintiff's Motion Requesting the Court to Apply the Doctrine of Issue Preclusion.**

**i.  Motion to Strike**

Under Local Rule CR 7(g), a motion to strike must be included in a responsive pleading and shall not be presented in a separate motion to strike. (Dkt #112). Defendants filed a separate motion to strike, rather than including it in their responsive pleading. Therefore, the Court will not consider the motion to strike, as it was improperly filed.

**ii.  Motion Requesting the Court to Apply the Doctrine of Issue Preclusion.**

Plaintiff requests that this Court give preclusive effect to the findings of the Pierce County District Court in issuing a six-month restraining order prohibiting any contact between Plaintiff and Defendants. *Id*. The six-month restraining order was granted under the Washington Anti-Harassment Statute - 10.14.080. *Id*. The restraining order did not address liability under the Washington Privacy Act - RCW 9.73.030. Even if there were a specific finding that the Defendants accessed Plaintiff's electronically stored communication that could be given preclusive effect, access alone is not a requisite element under the Washington

Privacy Act and thus any earlier finding regarding access is not material to this summary judgment motion.

### B.  The Washington Privacy Act

This motion for summary judgment is concerned with whether there is a genuine issue as to a material fact regarding the allegation that Defendants violated the Washington Privacy Act - RCW 9.73.030 by *recording* a private communication.  The elements of a violation under the Washington Privacy Act, RCW 9.73.030 differ from that established by the Federal Wiretap Act, 18 U.S.C. Chapter 119 in that they afford greater protection to potential Plaintiffs.

The language of the Federal Wiretap Act requires that Defendants' access constitute the unlawful *interception* of Plaintiff's electronic communication.  18 U.S.C. Chapter 119 §2511. Though Plaintiff has produced evidence of unlawful access of electronic communication while it was in electronic storage and thus previously sought to amend her complaint to include §2701, Plaintiff has produced no evidence that satisfies §2511, which requires that electronic communications be intercepted by Defendants.  Indeed, Plaintiff no longer contends that her communications were intercepted under the FWA.

However, under the language of the Washington Privacy Act, a party is in violation upon either intercepting or *recording* a private communication.  RCW 9.73.030.  It is this additional protection afforded by the statute that is critical to Plaintiff's claim.  Because Defendants have not intercepted any communications within the meaning of the Washington Privacy Act, Defendants can only be liable if they have recorded the communication by use of a device "designed to record and or transmit" the communication. RCW 9.73.030.  Therefore, in order to survive Defendants' motion for summary judgment, Plaintiff must present evidence that a communication has been recorded by Defendants.

1   The Washington Supreme Court has announced "four prongs in analyzing alleged

2 violations of the [Washington] [P]rivacy [A]ct. There must have been (1) a private

3 communication transmitted by a device, which was (2) intercepted [or recorded] by use of (3) a

4 device designed to record and/or transmit, (4) without the consent of all parties to the private

5 communication." *State v. Christensen,* 102 P.3d 789 (2004); RCW 9.73.030. Of concern in this

6 action is whether there is an issue of material fact regarding Defendants' alleged recording of

7 Plaintiff's communications under element (2).

8   **C. "Recorded" within the Meaning of the Washington Privacy Act**

9   Plaintiff argues that her communications were recorded on Defendants' computer within

10 the meaning of the Washington Privacy Act. (Dkt #105, at 15). However, Plaintiff relies on

11 evidence that is relevant to the issue of whether Defendants *accessed* her communications while

12 they were in electronic storage. (Dkt #101, #102). This evidence displays any internet protocol

13 address ("IP address") that has accessed Plaintiff's e-mail account and reveals that IP addresses

14 associated with the Defendants did access Plaintiff's account.

15   While the evidence presented by Plaintiff may support the allegation that Defendants

16 accessed her electronically stored communications, establishing such a fact does not necessarily

17 lead to the conclusion that Plaintiff's communications were recorded as required to incur liability

18 under the Washington Privacy Act. Plaintiff cites *State v. Townsend* for the proposition that

19 mere access to Plaintiff's stored electronic communications inherently leads to the recording of

20 communications when the device used to access such communications is a computer. (Dkt.

21 #105, at 17) (citing *State v. Townsend*, 20 P.3d 1027, 1031(2002)). However, there are important

22 distinctions between the *Townsend* case and the case at hand that must be examined.

23

24

1        In *Townsend*, a criminal defendant challenged his conviction for the attempted rape of a
2   fictitious thirteen-year-old girl created by a detective with whom the defendant had been
3   corresponding via e-mail. *Id*. at 1029-1030. The *Townsend* defendant argued that the detective
4   violated the Washington Privacy Act in recording his electronic communications. *Id.* at 1030.
5   The State unsuccessfully argued that a computer cannot be a recording device as envisioned by
6   the Washington Privacy Act. *Id.* at 1031. Though the court ultimately upheld the conviction, it
7   found that the communications were in fact "recorded" on the detective's computer within the
8   meaning of the statute. *Id.* However in *Townsend*, the court made this conclusion based upon
9   the State conceding that only by recording the communications could the detective read them or
10  print them out for purposes of prosecuting the defendant. *Id.* Ostensibly, it was these very
11  communications that were recorded and preserved as evidence as part of the criminal prosecution
12  for the purpose of convicting the defendant. Thus, in *Townsend*, there was clear evidence that
13  the communications were recorded. In short, *Townsend* does not stand for the proposition that
14  electronic communication accessed by means of a computer is automatically recorded by the
15  computer.
16       In the case at hand, Plaintiff has been unable to present evidence that Defendants did
17  anything aside from access Plaintiff's *stored* electronic communication. Plaintiff continuously
18  points to evidence that confirms that IP addresses associated with Defendants accessed her e-
19  mail account, but Plaintiff puts forth no proof that that Defendants read, saved, printed, kept, or
20  *recorded* in any manner her electronic communications. In order to survive summary judgment,
21  Plaintiff must present some evidence that her communication was recorded. In the absence of
22  any such evidence, the Court cannot presume that accessing an e-mail account, by the sheer fact
23
24

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT - 7

that access was by means of a computer, is synonymous with recording the communications therein contained.

## V. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion for Summary Judgment (Dkt. # 98) is GRANTED.

(2) Plaintiff's Cross-motion for Summary Judgment (Dkt. #105) is DENIED.

(3) All other pending motions are stricken as MOOT. (Dkt. #80, 99, 112).

(4) This action is DISMISSED. The Clerk is directed to close this case.

(5) The Clerk is directed to forward a copy of this Order to Defendants (*pro se*) and to all counsel of record.

Dated September 29, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE